**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| KAY SIEVERDING, *et al.,* : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 1:05CV02122 |
| v. : | Judge Ricardo M. Urbina |
| : | |
| AMERICAN BAR ASSOCATION, *et al*., : | |
| : | |
| Defendants. : | |

**CO-DEFENDANT O'BRIEN, BUTLER, McCONIHE & SCHAEFERS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW the Co-Defendant O'Brien, Butler, McConihe & Schaefer (hereinafter "OBMS"), by and through its undersigned counsel, and moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiffs Complaint on the grounds that the Complaint fails to state a claim as against OBMS upon which relief can be granted. OBMS respectfully incorporates in this Motion its Memorandum of Points and Authorities filed simultaneously herewith.

Date: November 21, 2005         Respectfully submitted,

                                                                    O'Brien, Butler, McConihe & Schaefer

                                                                    _____
                                                                    Jerome C. Schaefer
                                                                    D.C. Bar No. 224931
                                                                    O'BRIEN, BUTLER, McCONIHE &
                                                                    SCHAEFER
                                                                    888 17th St., N.W., Suite 1200
                                                                    Washington, D.C.  20006
                                                                    (202) 298-6161
                                                                    jschaefer@obmslaw.com

                                                                     *Attorney for Defendant
                                                                     O'Brien, Butler, McConihe & Schaefer*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing CO-DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with a proposed Order was mailed, first class postage prepaid, this ___ day of November, 2005, to Kay Sieverding at Clear Creek County Jail, PO Box 518, 405 Argentine Street, Georgetown, CO 80444, and David Sieverding at 601 Basswood Avenue, Verona, WI 53593.

I hereby certify that a true copy of the forgoing CO-DEFEMDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with a proposed Order was mailed first class to the following addresses on November ___, 2005:

WHITE and CASE, LLP
C/O Matthew Ahn
701 13th Street, N.W.
Washington, D.C. 20005

AMERICAN BAR ASSOCIATION
740 15th Street, N.W.
Washington, D.C. 20005

                                                          _____
                                                          Jerome C. Schaefer

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| KAY SIEVERDING, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Case No. 1:05CV02122 |
| v. : | Judge Ricardo M. Urbina |
| : | |
| AMERICAN BAR ASSOCATION, *et al.*, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CO-DEFENDANT O'BRIEN, BUTLER, McCONIHE & SCHAEFERS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW Co-Defendant, O'Brien, Butler, McConihe & Schaefer (hereinafter "OBMS"), who respectfully moves this court for an order dismissing Plaintiffs action on the ground that Plaintiffs Complaint fails to state a claim for relief. Fed. R. Civ. P. 12(b)(6). In support of this motion, OBMS makes the following showing:

**INTRODUCTION**

On or about October 31, 2005, the Plaintiffs *pro se* filed their Complaint. The Plaintiffs Complaint purports to state claims for, *inter alia*, conspiracy to deprive their property rights, wrongful imprisonment, and obstruction of justice in violation of 42 U.S.C.S. §§ 1982, 1983 and 1985 allegedly caused by OBMS ratifying and participating in a decision by Judge Edward W. Nottingham of the United States District Court for the District of Colorado finding the Plaintiffs in contempt of the Court's March 19, 2004 "Order Accepting Magistrate Judge's Recommendation"—an Order which enjoined Plaintiffs against further *pro se* pleadings.

The Complaint should be dismissed as against OBMS because it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Plaintiffs claims for recovery as against OBMS for violating their civil rights are all based upon an underlying assumption that OBMS was acting under color of state law and are all fatally defective due to the absence of one or more elements essential to recovery as a matter of law.

## FACTUAL BACKGROUND

On or about July 18, 2005, OBMS entered its appearance before the United States District Court for the District of Columbia for defendants named in Plaintiffs ninth *pro se* action in Case No. Case No. 1:05CV01283. Soon thereafter, on August 22, 2005, Plaintiffs *pro se* filed their tenth action (their second in the District of Columbia) in Case No. 1:05CV1672, wherein OBMS entered its appearance on behalf of named defendants. The Plaintiffs therein state claims for, *inter alia*, fraud and conspiracy, economic advantage, and defamation surrounding Plaintiffs dispute with their neighbors and the related proceedings. Both cases remain pending before Judge Ricardo M. Urbina.

Plaintiffs Complaint stems from a series of related court actions filed by the Plaintiffs *pro se* involving a dispute with their neighbors in the early nineties in Steamboat Springs, Colorado. In October 2002, Plaintiffs *pro se* filed the first of their complaints in the United States District Court of Colorado against their neighbors and various other individuals. As a result of Plaintiffs failed attempts to comply with the Rules of Civil Procedure, the United States Magistrate Judge O. Edward Schlatter issued a Recommendation, in pertinent part, enjoining Plaintiffs from filing further lawsuits based on the series of transactions underlying their complaint, unless represented by counsel in any such lawsuit. This Recommendation was accepted by Judge Edward W.

Nottingham of the United States District Court for the District of Colorado in an "Order Accepting Magistrate Judge's Recommendation" dated March 19, 2004.

Upon entering appearance on behalf of its clients, the defendants in Case No. 1:05CV01283, OBMS filed a Motion for an Extension of Time In Which To Respond To Plaintiffs' Complaint, which was granted by Judge Ricardo M. Urbina on August 19, 2005. OBMS filed the Motion based on the well reasoned belief that the District of Colorado's contempt hearing, scheduled for September 2, 2005, concerning the Plaintiffs violation of an order enjoining them from further *pro se* litigation, would directly impact the cases pending before the United States District Court of the District of Columbia.

## OPERATIVE STATUTES

42 U.S.C.S. § 1982 provides, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

42 U.S.C.S. § 1983, in pertinent part, provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …."

42 U.S.C.S. § 1985, in pertinent part, provides:

> "(2) Obstructing justice; intimidating party, witness, or juror
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court … or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

## ARGUMENT

In a Fed. R. Civ. P. 12(b)(6) motion, the Plaintiffs allegations are assumed to be true and dismissal is proper only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). And while it is true that *pro se* pleadings are less stringently construed, *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), *pro se* pleadings must still comport with the fundamental rules of procedure. *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077 (Va. 1997); *Walton v. Shanelec*, 19 F. Supp. 2d 1209 (Kan. 1998).

In *Walton*, the court dismissed plaintiff's *pro se* action against defendant judge upon finding that the complaint failed to allege facts sufficient to overcome judicial immunity. *Id.* at 1211. In dismissing plaintiff's *pro se* claims, the court provided that irrespective of whether a claim is brought *pro se*, "a complaint that it nothing more than an ambiguous, rambling, narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state claims asserted, and fails to give the dates and places of the alleged events of which plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)." *Id.* (quoting *Betts v.*

*Allied Cementing Co., Inc.*, 1989 U.S. Dist. LEXIS 11747, 1989 WL 118509 (D. Kan. 1989).

Applying the standard set forth above, the Plaintiffs Complaint must be dismissed as against OBMS because the Plaintiffs civil rights allegations, which are in part based on a theory of conspiracy and which are all based on color of state law doctrine are vague and conclusory and fail to allege any facts consistent with Plaintiffs allegations. *Marts v. Burfield*, 961 F.2d 216 (2nd Cir. 1992) (holding that "vague and conclusory allegations are not sufficient to support a claim for civil rights violation based on conspiracy" and that a pro se litigant will not be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint can be cured).

I.      **The Complaint Should Be Dismissed As Against OBMS Under The Color Of State Law Doctrine**

Under the color of state law doctrine, a defendant is required to have "exercised power possessed by virtue of state law" and an action is "made possible only because the wrongdoer is clothed with the authority of state law." *Williams v. United States, 396 F.3d 412*, 414 (D.C.C. 2005). In *Williams*, the Court of Appeals affirmed dismissal of plaintiffs § 1983 claim upon finding that the defendant, a special officer employed by the US Government Printing Office, was not empowered to act pursuant to D.C. law. 396 F.3d at 413. Rather, it was determined that the defendant's authority to make arrests for violations of D.C. law stemmed from the federal government and thus could not properly be called D.C. action. *Id.* (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295 (2001)).

The holding in *Williams* applies in the instant case. In order for an attorney to appear before the United States District Court for the District of Columbia, he or she must be admitted in accordance with the procedures set forth in U.S. Dist. Ct., D.C., R. 83.8(b)(6)(v), which was enacted pursuant to 28 U.S.C.S. §§ 1654 and 2071 and the Fed. R. Civ. P. 83, permitting the Federal District Courts to regulate admission of attorneys who practice before it. *See* 28 U.S.C.S. § 1654 (citing *Brown v McGarr*, 774 F2d 777 (1985) in interpretative notes). Thus, as in *Williams*, the authority of OBMS to practice before the United States District Court for the District of Columbia stems from federal law and not from state law. As such, the alleged misconduct of OBMS as attorneys acting in a representative capacity before the United States District Court for the District of Columbia is governed not by state law but by federal law. Consequently, the Complaint should be dismissed since OBMS could not have acted under the color of state law as alleged by Plaintiffs. *See* Plaintiffs Complaint (OBMS Exhibit A) ¶¶ 128 and 129.

**II.     Plaintiffs 42 U.S.C.S. §§ 1983 And 1985 Claims Should Be Dismissed Since It Fails To State A Claim Upon Which Relief Can Be Granted**

The Complaint should be dismissed because a cause of action against a private attorney arising from his actions in a representative capacity cannot properly be sustained under §§ 1983 and 1985.

It is well established that an attorney, "whether retained or appointed in any proceeding, owes her only duty to her client and not to the public or the state." *Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex. 1986) (citing *Polk County v. Dodson,* 454 U.S. 312. 318.70 L.Ed.2d 509, 102 S.Ct. 445 (1981), *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir 1976), *Farese v. Cohen*, 342 F.3d 1223 (11th Cir. 2003)). Thus, an attorney, by merely representing a client in a civil case is not acting

under color of state law. *Id.* In holding such, courts have based their reasoning on the fact that "[n]otwithstanding that the attorney is an 'officer of the court,' an attorney serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the 'undivided interests of his client.'" Id. (quoting *Polk County v. Dodson*, 454 U.S. at 318-319).

The crux of Plaintiffs Complaint as against OBMS stems from the actions taken while zealously advocating their client's interests in a civil action under the caption *David Sieverding, et al. v. American Bar Association, et al*. *See* Plaintiffs Complaint (OBMS Exhibit B) at ¶¶ 14 and 59. The Plaintiffs assert that the decision by OBMS to seek an extension of time in the Motion dated August 15, 2005 and further by representing therein that OBMS "hoped that on 9-02-05 the Sieverdings would be required to 'voluntraily withdraw'" amounted to prohibited conduct. *See* Plaintiffs Complaint (OBMS Exhibit B) at ¶ 57 and 58. The Plaintiffs further state that OBMS, with knowledge of its falsity, represented to Judge Ricardo M. Urbina that the 10th Circuit affirmed the adoption of the injunction order by Judge Edward W. Nottingham. *See* Plaintiffs Complaint (OBMS Exhibit 1) at ¶ 38.

Taking the Plaintiffs allegations as against OBMS as true for the purposes of a Fed. R. Civ. P. 12(b)(6) motion, the Complaint fails to state a claim upon which relief can be granted. Plaintiffs Complaint fails to state any facts as against OBMS that can even remotely be construed as conduct outside the scope of representation. As such, Plaintiffs have no cause of action against OBMS, who merely represented defendants in a civil proceeding. At the most, conduct alleged by Plaintiffs as against OBMS are subject to "disciplinary structures currently in place to address any wrongful conduct by an

attorney" including "abuses in litigation [which] are punishable by sanctions administered by the courts in which the litigation occurs." *Farese*, 342 F.3d at 1231.

### III.     Plaintiffs 42 U.S.C.S. § 1982 Claim Should Be Dismissed Since It Fails The Pleading Requirement

Lastly, Plaintiffs claim under § 1982 fails since it requires the plaintiff to "plead that he has been deprived of rights enjoyed by white citizens." *Ehrlich v. Federal Deposit Ins. Corp.*, 357 F. Supp. 196, 198 (N.D. Ill. 1973) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S. Ct. 2186, 20 L. Ed. 2d 1189 (1962)). In other words, where the "plaintiff has failed to allege that any right of his was deprived because of his race" or where it does not "appear from the pleadings that the plaintiff could make such an allegation" the plaintiffs claim fails. Id.(citing *Lefcourt v. Legal Aid Society*, 445 F.2d 1150 (2nd Cir. 1971); *Ehrlich v. Van Epps.*, 428 F.2d 363 (7th Cir. 1970)).

The Plaintiffs Complaint fails the pleading requirement of § 1982 as against OBMS because the Complaint is void of any allegations of fact that may even remotely be construed as implying that the conduct of OBMS was racially motivated. It is well settled that while § 1982 prohibits all racially motivated discrimination "[i]ts applicability … is limited to cases of racial discrimination." *Lee v. Minnock*, 417 F. Supp. 436, 439 (W.D. Pa. 1976) (citing *Jones v. Mayer Co.*, 392 U.S. 409, 88 S. Ct. 2186, 20 L. Ed. 2d 1189 (1968); *Haythe v. Decker Realty Co.*, 468 F.2d 336, 338 (7th Cir. 1972)). Consequently, this Court should dismiss this claim as against OBMS since Plaintiffs allegations fall short of what is required under 42 U.S.C.S. §1982.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and should enter an order dismissing the Plaintiffs Complaint as against OBMS with prejudice.

Date: November 21, 2005                    Respectfully submitted,

                                           O'Brien, Butler, McConihe & Schaefer


                                           _____
                                           Jerome C. Schaefer
                                           D.C. Bar No. 224931
                                           O'BRIEN, BUTLER, McCONIHE &
                                           SCHAEFER
                                           888 17th St., N.W.
                                           Suite 1000
                                           Washington, D.C.  20006
                                           (202) 298-6161
                                           jschaefer@obmslaw.com

                                           *Attorney for Defendant*
                                           *O'Brien, Butler, McConihe & Schaefer*

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with a proposed Order was mailed, first class postage prepaid, this ___ day of November, 2005, to Kay Sieverding at Clear Creek County Jail, PO Box 518, 405 Argentine Street, Georgetown, CO 80444, and David Sieverding at 601 Basswood Avenue, Verona, WI 53593.

       I hereby certify that a true copy of the forgoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, along with the Memorandum of Points and Authorities and a proposed Order was sent to the following addresses on November ___, 2005:

WHITE and CASE, LLP
C/O Matthew Ahn
701 13th Street, N.W.
Washington, D.C. 20005

AMERICAN BAR ASSOCIATION
740 15th Street, N.W.
Washington, D.C. 20005

                                                           _____
                                                           Jerome C. Schaefer