IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> AMERICAN BAR ASSOCIATION, et al. <br><br> *Defendants.* | Case No. 1:05CV02122 <br> (RMU) |

## THE AMERICAN BAR ASSOCIATION AND WHITE & CASE LLP'S
## MOTION TO DISMISS THE COMPLAINT

Defendants American Bar Association ("ABA") and White & Case LLP ("White & Case") respectfully move to dismiss this action as against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

### PRELIMINARY STATEMENT

Plaintiffs' action in this Court is the most recent iteration in a series of court actions that they have filed based on alleged events stemming from a property dispute with their neighbors, the Bennett family, which occurred in Colorado beginning in 1991. As predicted by the Magistrate Judge who heard Plaintiffs' claims in the U.S. District Court for the District of Colorado, Plaintiffs have not been satisfied with any judgment not in their favor:

> Their grievance grew and grew, to include anyone and everyone who were perceived by plaintiffs to be in agreement with the Bennetts – or, in plaintiffs' minds, "in conspiracy" with the Bennetts. The list of defendants grew to include the lawyers who represented the Bennetts, the public officials who failed or refused to act against the Bennetts, the judge who ruled in favor of the Bennetts, and so forth. The list has grown to where it now includes the lawyers who represent the people, lawyers or entities against whom plaintiffs commenced their legal actions, and the defendants' insurance company. Plaintiffs have tendered amended pleadings, which I disallowed, in which they

> attempted to add more parties. If not stopped, plaintiffs may soon be attempting to sue the lawyers who represent the lawyers who represent the lawyers, with no end in sight.

*Sieverding v. Colorado Bar Assoc.*, No. Civ. A. 02-M-1950, 2003 WL 22400218, *15 (D. Col. Oct. 14, 2003) (Magistrate Judge Schlatter's recommendation of dismissal and enjoining further pro se filings was adopted by the District Court on March 19, 2004), *aff'd* 126 Fed. Appx. 457 (10th Cir. 2005).[1]

This is precisely the situation before this Court. White & Case, the lawyers representing the ABA, have been sued for nothing more than representing the ABA. The ABA itself was sued because – in the Plaintiffs' words – "[a]fter studying the Supreme Court database on-line for several months and considering the legal significance of the Rules of Professional Conduct, in August 2002, Sieverding had a flash of inspiration to add the American Bar Association and the Colorado Bar Association as co-defendants." Plaintiffs' complaint in case 05CV01283 at 4.

### A.   Previous Litigation

Plaintiffs Kay and David Sieverding have already litigated their claims in a number of different fora. The events forming the basis of the District of Colorado action ("Colorado Action") discussed above have also provided the basis for suits that Plaintiffs have filed in, among others, the Northern District of Illinois, the Western District of Wisconsin, and the District of Minnesota. These events are amply discussed in Magistrate Judge Schlatter's October 14, 2003 opinion and need not be repeated here at length. *See* Ex. 1 at *1–6.

In the complaint filed in the Colorado Action ("Colorado Complaint"), Plaintiffs sued, among others, their neighbors, the city and county, city and county officials, attorneys representing the defendants, and the Colorado and American Bar Associations. Plaintiffs' claims

---

[1] Copies of the Magistrate Judge's recommendation, the District Court's order adopting the recommendation, and the Tenth Circuit's order affirming the District Court's opinion are attached, respectively, as Exhibits 1 – 3.

2

against the ABA essentially alleged that (i) the Sieverdings could not obtain counsel to represent them in the state and federal actions they filed, (ii) the ABA owed Plaintiffs a duty to assist them in finding representation, and (iii) the ABA discouraged attorneys from assisting litigants with actions against other attorneys, downplayed attorney misconduct, and pretended that tort actions against attorneys were impossible. *Id.* at *5, * 20.

The Magistrate Judge assigned to the case recommended that these claims, and the Colorado Complaint as a whole, be dismissed with prejudice and that the Plaintiffs be enjoined from filing further actions related to the events in their complaint unless represented by counsel. *Id.* at *8, *34. The court specifically held that the ABA did not "owe[] any legal duty whatsoever to plaintiffs" and the claims against the ABA were "downright absurd" and "foolish and frivolous." *Id.* at *18–19, *20. Magistrate Judge Schlatter's recommendations were adopted in full by the District Court and judgment was entered accordingly. *See* Ex. 2. The Tenth Circuit affirmed on appeal. *See* Ex. 3.

White & Case was not involved at all in the Colorado Action, as it was retained to represent the ABA only in the subsequent cases that are before this Court.

B.   **The Instant Complaint**

Plaintiffs disregarded the Colorado District Court's injunction and filed pro se actions related to the events and issues in the Colorado Action, naming the ABA as a defendant in the Northern District of Illinois[2] and in this Court in two separate actions.[3] The action in the Northern District of Illinois was dismissed sua sponte by the District Court on July 22, 2005. *See* Statement dismissing action, attached as Exhibit 4. Plaintiffs' complaint in 05CV01283

---

[2] Plaintiffs also filed actions in which the ABA was not named as a defendant but that concerned the same events in the U.S. District Court for the Western District of Wisconsin, the U.S. District Court for the District of Minnesota, and in a Colorado state court.
[3] The actions in this Court are numbered 05CV01283 and 05CV01672.

failed to allege any claims against the ABA and limited itself to criticizing the Colorado District Court judgment. Plaintiffs' complaint in 05CV01672 realleged verbatim the allegations in the Colorado Complaint.

Because Plaintiffs continued to disregard the Colorado District Court's judgment enjoining further pro se filings based on the same events and issues, certain defendants in the Colorado Action filed motions for Plaintiffs to show cause why they should not be held in contempt for violating the judgment. Neither the ABA nor White & Case filed any such motion, joined in any such motion, or participated in any manner in such motion. During a hearing on those motions on September 2, 2005, Plaintiff Kay Sieverding refused to withdraw any of the aforementioned lawsuits. The Colorado District Court determined that Plaintiff Kay Sieverding was in civil contempt of court and remanded her to custody.[4] At that same hearing, Plaintiff David Sieverding agreed to withdraw from cases 05CV01283 and 05CV01672 and did so on September 8, 2005.

On August 25, 2005, White & Case entered an appearance in 05CV01283 on behalf of the ABA, and submitted a motion for an enlargement of time in which to respond to Plaintiffs' complaint. In that request, the ABA referred to the Colorado District Court's judgment enjoining the Sieverdings from filing pro se any additional complaints related to the Colorado Action. Like the other defendants in that action, the ABA noted that it expected the Sieverdings to comply with the Colorado District Court's judgment and withdraw their cases, or otherwise be held in contempt. On September 7, 2005, the ABA filed a motion to dismiss the complaint in 05CV01283, in which it informed the Court that Plaintiff Kay Sieverding had in fact declined to withdraw the cases in violation of the Colorado District Court's judgment, and that she consequently had been held in contempt and jailed.

---

[4] *See* Courtroom Minutes of September 2, 2005 hearing, attached as Exhibit 5.

4

These facts form the basis of Plaintiffs' claims in this case against the ABA and White & Case of "conspiracy" and wrongdoing. In brief, Plaintiffs' Complaint, a copy of which is attached as Exhibit 6, alleges that the ABA, White & Case, and the law firm representing most of the other 05CV01283 defendants have "conspired with Colorado Federal Court Judge Edward Nottingham to obstruct justice" under the federal civil rights statutes. Complaint at 2. The alleged conspiracy included forcing "David Sieverding to withdraw in further violation of 42 U.S.C. § 1985" and "jailing Kay Sieverding," which "interfered with the proficiency of her efforts to participate in court proceedings" and "is preventing her from attending future hearings, trials and the like[.]" Complaint at 2. Plaintiffs then list various motions White & Case filed on behalf of the ABA in 05CV01283 and 05CV01672 as evidence of the conspiracy. Complaint at 3, 12, ¶ 62, 16, ¶ 86.

## ARGUMENT

### I. PLAINTIFFS' COMPLAINT AS AGAINST THE ABA AND WHITE & CASE SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### A. Standard of Review

The Complaint here should be dismissed with prejudice for failure to state a claim against the ABA and White & Case upon which relief can be granted. Although Plaintiffs' allegations are assumed to be true for the purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In this regard, "'legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Wiggins v. Hitchens*, 853 F. Supp. 505, 508 n.1 (D.D.C. 1994) (quoting 2A James Wm. Moore et al., Moore's Federal Practice, ¶ 12.07, at 63 (2d ed. 1986)) (footnote omitted); *see also Haynesworth v. Miller*, 820 F.2d 1245, 1254

5

(D.C. Cir. 1987) ("A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of [a 12(b)(6)] motion"); *Franklin Asaph Ltd. v. FDIC*, 794 F. Supp. 402, 404 (D.D.C. 1992).

Certainly, the ABA and White & Case recognize that "pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers." *Magee v. Hatch*, 26 F. Supp. 2d 153, 155 (D.D.C. 1998). However, even claims that are brought pro se may be deemed frivolous if wholly unsupported by law or facts. *See Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) (in discussing the dismissal of a pro se prisoner's claim, the court noted that a "court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind"); *Deutsch v. U.S. Dep't of Justice*, 881 F. Supp. 49, 54 (D.D.C. 1995).

Moreover, this Court also has employed "injunctive remedies when needed to protect the integrity of the courts and the orderly and expeditious administration of justice." *Mikkilineni v. Penn Nat'l Mut. Ins. Co.*, 271 F. Supp. 2d 142 (D.D.C. 2003) (citing *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). In *Mikkilineni*, the pro se plaintiff's behavior bore more than a passing resemblance to the Plaintiffs' in the present case:

> Having reviewed many of the plaintiff's cases and numerous orders sanctioning the plaintiff and dismissing his actions, the court determines that the plaintiff re-files complaints and motions—regardless of laws and court orders prohibiting such behavior, even when the orders threaten fines or imprisonment—whenever he is not satisfied with court orders, thereby harassing the defendants and abusing the judicial system....Similarly, the court finds that the plaintiff has demonstrated complete and blatant disregard for court orders…The court also finds that not only do the plaintiff's attempts to circumvent court orders and sanctions show contempt for the justice system, but they also harass the defendants by forcing the defendants to spend resources litigating previously-resolved claims.

6

*Id.*, at 148–49.  The Court in *Mikkilineni* then barred the plaintiff from filing additional complaints without leave of the court.  *Id.*

Under these standards, the Complaint must be dismissed because Plaintiffs' claims against the ABA and White & Case are unsupported by law or facts, are entirely conclusory, and can not be construed in a manner consistent with the Plaintiffs' allegations.  In particular, the analysis in *Mikkilineni,* which directs a court to "look to both the number and content of the filings to determine whether they are frivolous or harassing," supports the ABA and White & Case's contention that the present claims are frivolous and that the Colorado District Court's injunction against further pro se filings should be respected.  *Mikkilineni,* 271 F. Supp. 2d at 148.  Plaintiffs themselves admit that they have "filed several related actions pro se" in a number of other district courts, each time appealing the dismissals of their cases.  Complaint at 7, ¶ 11.

This is the third case filed by Plaintiffs in this Court alone.  Given the prolific nature of Plaintiffs' writing and the multitude of complaints they have filed in various courts, the Plaintiffs' Complaint falls squarely within the parameters of a frivolous and harassing filing as defined by this Court.

> A. **Plaintiffs Have Failed to Plead with Particularity the Existence of a Conspiracy**

Under well-established principles of law, "the plaintiff must plead with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997) (citation omitted).  "A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an *agreement* between the parties to inflict a wrong against or injury upon another, and an overt act that results in that damage." *Brady v. Livingood,* 360 F. Supp. 2d 94, 104 (D.D.C.

7

2004) (emphasis in original; citation and quotation marks omitted). Here, Plaintiffs have failed to allege – nor can they allege – any contact between U.S. District Court Judge Nottingham and the ABA and White & Case, much less an agreement to harm Plaintiffs, in connection with the motions to show why Plaintiffs should not be held in contempt for violating the Colorado District Court's judgment enjoining further pro se filings.

Such unsupported allegations can not survive a motion to dismiss. "A plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss." *Id.*; *see also Graves v. U.S.*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence or establishment of an agreement"); *Estate of Phillips v. Dist. of Columbia*, 257 F. Supp. 2d 69, 83 (D.D.C. 2003) (dismissing claim where plaintiffs failed to specify how the defendants "acted in concert"); *Davey v. Tomlinson*, 627 F. Supp. 1458, 1462 (E.D. Mich. 1986) (dismissing claim where plaintiff made no allegations of specific acts or the means by which defendants were alleged to have conspired, other than arguing "in conclusory fashion that defendants conspired to deprive him of his constitutional rights").

Here, Plaintiffs have engaged in bald speculation and made nothing more than conclusory statements alleging conspiracy. Even when construed with the relaxed pleading standard afforded to pro se plaintiffs, the Complaint fails to list any actions by the ABA or White & Case that could qualify as conspiratorial in nature. The allegedly conspiratorial activities include: (1) White & Case's statement in filings on behalf of the ABA in cases nos. 05CV01283 and 05CV01672 that the judgment from the Colorado Action had been affirmed by the Tenth Circuit (Complaint at 9, ¶ 38); (2) White & Case's statements in filings on behalf of the ABA in cases

nos. 05CV01283 and 05CV01672 that Plaintiffs' complaints in those actions were incoherent (Complaint at 10, ¶ 45); (3) White & Case's filing of a motion for an enlargement of time on behalf of the ABA in case no. 05CV01283 (Complaint at 12, ¶ 62); and (4) White & Case's making of "obvious fraudulent statements that a withdrawal from a civil suit can be 'voluntary' if it is motivated by a jailing threat" (Complaint at 16, ¶ 86), a statement that does not appear in any of White & Case's filings.

In fact, most of the supposed facts Plaintiffs recite do not revolve around any affirmative actions taken by the ABA or White & Case, but rather the absence of action. Indeed, many of the allegations concern states of mind which Plaintiffs allege the ABA or White & Case had following the conclusion of the Colorado Action: (1) "it was impossible for the lawyers defending 05CV01283 not to know that the [Colorado Action] litigation was conducted fraudulently" (Complaint at 18, ¶ 108); (2) "White and Case and . . . the ABA have an obligation . . . to protest the jailing of Kay Sieverding and to seek for release" (Complaint at 19, ¶ 109); (3) "White and Case and . . . the ABA have done nothing to seek the release of Kay Sieverding" (Complaint at 19, ¶ 110); (4) "White and Case and . . . the ABA knew [about the contempt hearing] because they received copes of all the motions" (Complaint at 20-21, ¶ 120); (5) "The sanctions requested by the [Colorado Action] defense counsel, and ratified by the ABA [and] White and Case . . . were criminally solicited and were not legal under Colorado law" (Complaint at 22, ¶ 127).

The activities Plaintiffs describe in their Complaint are essentially limited to (i) the ABA's legitimate defenses to Plaintiffs' claims against it, (ii) White & Case's legitimate actions taken in the course of representing the ABA in cases nos. 05CV01283 and 05CV01672, and (iii) Plaintiffs' conclusory allegations about the ABA and White & Case's failure to protest Plaintiff

9

Kay Sieverding's jailing and seek her release from jail. Complaint at 19, ¶ 109 –110. None of these actions is in any sense improper or conspiratorial in nature. As noted, neither the ABA nor White & Case had any involvement in the contempt motions and hearing that resulted in Plaintiff Kay Sieverding being taken into custody. Indeed, White & Case had no connection to the Colorado Action, and undertook representation of the ABA only in the subsequent lawsuits now before this Court.

Accordingly, Plaintiffs have failed to state a claim against the ABA or White & Case.

B.   **Plaintiffs' Claims Fail to Demonstrate State Action or that Plaintiffs Belong to a Protected Class**

Plaintiffs have raised claims under 42 U.S.C. § 1983. Complaint at 2, 4, 22. In order to establish a party's liability for an alleged violation of a civil right under § 1983, Plaintiffs are required to prove either that the party is a state actor, or that the conduct of the party is "fairly attributable to the State." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). In this regard, a judge has absolute immunity for enforcing orders of the court. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) ("[J]udicial officers ... (are) not liable to a civil action for any judicial act done by them within their jurisdiction") (ellipses and parenthetical in original, citation omitted). The court's absolute immunity is vitiated only if it acts ultra vires. *See Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980).

Recognizing the Colorado District Court judge's absolute immunity, Plaintiffs suggest that the ABA and White & Case somehow "conspired with Colorado Federal Court Judge Edward Nottingham" to imprison Plaintiff Kay Sieverding. Complaint at 2-5. These allegations regarding Judge Nottingham and the ABA and White & Case are entirely fabricated, are asserted in a conclusory manner, and are unsupported by any facts. The only instance Plaintiffs discuss in which there was any "contact" between the ABA and Judge Nottingham was in a letter from the

10

ABA to Judge Nottingham, copied to all parties, requesting that the court stay consideration of Plaintiffs' motion for partial summary judgment until after it had considered the Magistrate Judge's Recommendation. This letter allegedly constituted ex-parte collusion because the ABA asked that it be contacted by the court's clerk in the event the court had any questions concerning the request. Complaint at 17, ¶ 101. The ABA has already discussed this issue and the lack of merit in Plaintiffs' argument in its Reply in Support of its Motion to Dismiss in case 05CV01283, which is hereby incorporated by reference, and attached as Exhibit 7.

Because Plaintiffs have otherwise not alleged any connection or communication between the Colorado judge and the ABA and White & Case, much less contact in furtherance of a conspiracy against the Plaintiffs, or conduct by Judge Nottingham that would vitiate his absolute immunity, it is clear that Plaintiffs have absolutely no basis for their claims. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28.

Plaintiffs' remaining claims under 42 U.S.C. §§ 1981, 1982, and 1985 are unavailing for the same reasons discussed above. These remaining claims are unavailing for the additional reason that Plaintiffs have failed to allege or demonstrate that they are part of a protected class as contemplated by those statutes. *See Bhagwanani v. Howard University*, 355 F. Supp. 2d 294, 301 (D.D.C. 2005) (holding that 42 U.S.C. §§ 1981, 1982, and 1985 "require evidence of racial or other class-based invidious discrimination behind the defendants' actions") (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)); *see also United Bhd. Of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 835 (1983) (holding that § 1985(3) requires allegation of some class-based, invidiously discriminatory animus behind conspirators' actions); *Graves*, 961 F. Supp. at 322 (same).

## CONCLUSION

For the foregoing reasons, the ABA and White & Case's motion should be granted and the Court should enter an order dismissing the Plaintiffs' Complaint as against the ABA and White & Case with prejudice.

Dated:  Washington, D.C.
        November 23, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _/s/ Carolyn B. Lamm_
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendants*
*American Bar Association*
*White & Case LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2005 I electronically filed the foregoing Defendants' Motion to Dismiss and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIEN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendant O'Brien, Butler, McConihe & Schaefer, PLLC


I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

David Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Matthew Ahn