Case 1:05-cv-02122-RMU   Document 5-5   Filed 11/23/2005   Page 1 of 2
Case 1:02-cv-01950-EWN-OES   Document 593   Filed 09/02/2005   Page 1 of 2
Case 1:05-cv-03766   Document 4   Filed 07/22/2005   Page 1 of 2

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 3766 | **DATE** | July 22, 2005 |
| **CASE TITLE** | *Sieverding v. ABA* | | |

**DOCKET ENTRY TEXT:**

The Sieverdings' complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as the Sieverdings have been barred from filing a complaint based on the allegations asserted in the complaint without the assistance of an attorney and, in any event, the complaint fails for lack of jurisdiction and/or is barred by res judicata. The clerk is directed to enter a Rule 58 judgment and to terminate this case.

■ [ For further details see text below.]

## STATEMENT

Pro se plaintiffs Kay and David Sieverding have filed a pro se complaint and have paid the filing fee. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because the Sieverdings are proceeding pro se, the court will construe their filings liberally.

The Sieverdings' 91-page complaint is extremely verbose and difficult to follow, but the general thrust of the complaint is clear: the Sieverdings are distressed about a dispute with their neighbors in Colorado and the resulting state court and federal litigation. The Sieverdings have filed numerous federal lawsuits in various courts across the country in an attempt to relitigate this matter.

The Sieverdings are subject to a filing bar entered by Judge Edward Nottingham of the U.S. District Court for the District of Colorado, which was recently affirmed by the Tenth Circuit. *See Sieverding v. Colorado Bar Association*, No. 02-N-1950 (D. Col. Mar. 19, 2004) (unpublished order); *Sieverding v. Colorado Bar Association*, No. 04-1108 (10th Cir. Apr. 22, 2005 ) (unpublished order). The filing bar "enjoin[s] and prohibit[s] the Sieverdings from commencing litigation in [the District of

(continued)

| | Courtroom Deputy Initials: | RTS/c |
|---|---|---|


Court Exhibit ONE
02-cv-01950-EWN

Case 1:05-cv-02122-RMU    Document 5-5    Filed 11/23/2005    Page 2 of 2
Case 1:02-cv-01950-EWN-OES    Document 593    Filed 09/02/2005    Page 2 of 2
Case 1:05-cv-01366    Document 4    Filed 07/22/2005    Page 2 of 2

### STATEMENT

Colorado] or any other court based on the series of transactions described in [the District of Colorado case] unless they are represented by counsel."

The allegations in the Sieverdings' pro se complaint filed with this court are clearly within the ambit of the Colorado district court's filing bar. The bar order is consistent with the Seventh Circuit's opinion in *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir.1995), and its progeny as it does not cover criminal cases in which the Sieverdings, either individually or jointly, are defendants, or any applications for writs of habeas corpus that the Sieverdings might file.

In any event, regardless of the bar, the court would dismiss this case under § 1915(e) as the allegations supporting diversity jurisdiction are insufficient since the complaint does not contain specific jurisdictional information for each and every party and instead merely states that the defendants are citizens of a different state than the plaintiffs. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir. 2002) ("how can the plaintiffs know that the company's principal place of business is not in Louisiana if they don't know where its principal place of business is? We doubt that the plaintiffs conducted a census of all businesses whose principal place of business is in Louisiana and discovered that [the defendant] is not one of them").

And even if jurisdiction was secure, the complaint is barred by res judicata (since it is an attempt to relitigate a prior suit involving the same parties and issues) as well as the *Rooker-Feldman* doctrine (which prohibits federal district courts from exercising jurisdiction in an appellate capacity over the state court judicial process and thus prevents this court from relitigating any of the matters which were determined in a state court in Colorado). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Accordingly, the Sieverdings' complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as the Sieverdings have been barred from filing a complaint based on the allegations asserted in the complaint without the assistance of an attorney and, in any event, the complaint fails for lack of jurisdiction and/or is barred by res judicata.