United States Court District of Columbia

Sieverding                          05-CV-02122
    v                                    RMU

A.B.A.

Exhibit supporting Defendants'
criminal conspiracy under U.S.C.
Title 18 Section 241.

Please see attached West Law
citations of criminal cases
supporting defendants' criminal
liability under U.S.C. Title 18
Section 241. No overt act is
required under 241.

                        Kay Sieverding

Service by ECF          Clear Creek Jail
                        POB 518, 405 Argentine St
                        Georgetown Co 80444

**18 § 1512**                                    **CRIMES**        Part 1

## CROSS REFERENCES

Temporary restraining or protective orders prohibiting harassment of victim witness, see 18 USCA § 1514.

### FEDERAL SENTENCING GUIDELINES

See Federal Sentencing Guidelines §§ 2J1.2, 3C1.1, 18 USCA.

## LIBRARY REFERENCES

**American Digest System**
Obstructing Justice ⊕4, 21.
Key Number System Topic No. 282.

**Encyclopedias**
Obstructing Justice or Governmental Administration, see C.J.S. §§ 9, 16, 17,
Obstructing Justice, 58 Am Jur 2d §§ 48, 51, 58, 59, 61, 68.

**Law Review and Journal Commentaries**
Back to basics for victims: Striking Son of Sam laws in favor of an amended restitutionary scheme. Michelle G. Lewis Liebeskind, 1994 Ann.Surv.Am.L. 29 (1994).
Obstruction of justice. Tracey B. Fitzpatrick and Stacey L. Parker, 31 Am.Crim. L.Rev. 747 (1994).
Recent developments in the United States and internationally regarding plea punishment—An appraisal. Ved P. Nanda, 67 St.John's L.Rev. 523 (1993).
Sentencing criminals: The constitutionality of victim impact statements. Mo.L.Rev. 731 (1995).
Victim participation in plea bargains. Sarah N. Welling, 65 Wash.U.L.Q. (1987).

**Federal Rules Decisions Commentaries**
A new role for the victim?—The Federal Victim Protection Act of 1982. Abraham S. Goldstein, 100 FRD 94 (1984).
The Victim and Witness Protection Act of 1982. William D. Graves, 100 FRD (1984).
The victim in the States in the Tenth Circuit. Katherine Tambly, 100 FRD

**Texts and Treatises**
Business and Commercial Litigation in Federal Courts §§ 12.10, 52.6 (Robert Haig ed.) (West Group & ABA 1998).
Witnesses, 33A Fed Proc L Ed §§ 80:30, 333:340, 343, 344, 346.

## WESTLAW ELECTRONIC RESEARCH

See WESTLAW guide following the Explanation pages of this volume.

## Notes of Decisions

| | |
|---|---|
| Admissibility of evidence 34–36 | Conspiracy, weight and sufficiency of evidence 39 |
| Generally 34 | Constitutionality 1, 2 |
| Other acts 35 | Generally 1 |
| Privileged communications 36 | Defenses 2 |
| Another person 9 | Defenses 43 |
| Arguments of counsel 33 | Contempt of court 48 |
| Assertion of privilege, offenses within section 19 | Court of United States 5 |
| | Defenses 46 |
| Bail revocation 49 | Venue 30 |
| Bribery, offenses within section 21 | Verdict 46 |
| Conspiracy 27 | Weight and sufficiency of evidence 38 |
| | Elements of offense, constitutionality 2 |
| | Generally 11 |

308

---

Ch. 73        OBSTRUCTION OF JUSTICE        18 § 1512
                                            Note 1

| | |
|---|---|
| Elements of offense—Cont'd | Weight and sufficiency of evidence —Cont'd |
| Intent or motive 12 | Conspiracy 39 |
| Knowledge 13 | Influencing testimony 40 |
| Physical force 14 | Intimidation 41 |
| Proceeding 16 | Murder 42 |
| Successes 17 | Threats 43 |
| Evaluability 4 | Withholding testimony, offenses within |
| Examination of witnesses 37 | section 26 |
| Guilt, offenses within section 20 | Witnesses, elements of offense 17 |
| Harassment, offenses within section 31 | Witnesses within section 6, 7 |
| Influencing testimony, offenses within section 22 | Generally 6 |
| Influencing testimony, weight and sufficiency of evidence 40 | Pending proceedings 7 |
| Intent or motive, elements of offense 12 | |
| Intimidation 45 | |
| Intimidation, weight and sufficiency of evidence 41 | |
| Knowledge, elements of offense 13 | |
| Limitations 29 | |
| Murder, offenses within section 23 | |
| Murder, weight and sufficiency of evidence 42 | |
| Offenses within section 18–26 | |
| Generally 18 | |
| Assertion of privilege 19 | |
| Bribery 21 | |
| Harassment 20 | |
| Influencing testimony 22 | |
| Murder 23 | |
| Perjury 24 | |
| Prevention of communication to investigators 25 | |
| Withholding testimony 26 | |
| Other acts, admissibility of evidence 35 | |
| Pending proceedings, witnesses within section 7 | |
| Physical force, elements of offense 14 | |
| Plain error 50 | |
| Prevention of communication to investigators, offenses within section 25 | |
| Privileged communications, admissibility of evidence 36 | |
| Proceeding, elements of offense 15 | |
| Purpose 3 | |
| Questions of fact 44 | |
| Selection of jurors 32 | |
| Sentence and punishment 47 | |
| Success, elements of offense 16 | |
| Threats, weight and sufficiency of evidence 43 | |

### 1. Constitutionality—Generally

Term "corruptly persuade" as used in statute making it a crime to knowingly use intimidation or physical force, threaten, or corruptly persuade another person, or attempt to do so with intent to hinder, delay or prevent communication to law enforcement officials or judge of information relating to the commission or possible commission of federal offense is neither unconstitutionally overbroad nor vague; "corruptly" prevented statute from applying to all kinds of persuasion and ended adequate scienter requirement that conduct possessed notice of prescribed conduct. U.S. v. Shotts, C.A.11 1998, 145 F.3d 1289, rehearing and suggestion for rehearing en banc denied 161 F.3d 23, certiorari denied 119 S.Ct. 1111, 525 U.S. 1177, 143 L.Ed.2d 108.

Statute proscribing conduct toward another person with intent to influence, delay, or prevent testimony of another in official proceeding was not void for vagueness despite alleged lack of clarity as to wording issue of whether defendant has to believe that proceeding was federal; government need not prove that defendant knew or believed that proceeding was federal, but must prove that proceeding actually was or would be federal in nature. U.S. v. Porter, M.D.Pa. 1997, 977 F.Supp. 679.

Witness tampering statute was not unconstitutionally vague as applied to corporate defendant, who failed to alter instructed corporate employee to fixing conspiracy after individual defendant and remove individual defendant's manager's husband and fired, as there was adequate evidence of means rea on part of manager instructing corporate employee respecting documents.

309

## 18 § 1512
### Note 1

U.S. v. Conneaut Industries, Inc., D.R.I.
1994, 852 F.Supp. 116.

This section is not unconstitutional on
theory that it is overbroad and infringes
on freedom of speech. U.S. v. Wilson,
S.D.N.Y.1983, 565 F.Supp. 1416.

Former section 241a of this title which
provided that "whoever 'corruptly' en-
deavored to influence, intimidate or im-
peded any witness in proceeding, etc.,
was not unconstitutional for failure to set
up an ascertainable standard of guilt con-
trary to U.S.C.A.Const. Amends. 5 and 6.
U. S. v. Brumfield, W.D.La.1949, 85
F.Supp. 696.

## 2.    Defenses constitutionally

**Statutory affirmative defense to witness
tampering did not shift burden of proof to
defendant and, therefore, did not violate
due process, even though elements of
crime and affirmative defense over-
lapped.** U.S. v. Johnson, C.A.2 (N.Y.)
1992, 968 F.2d 208, certiorari denied 113
S.Ct. 436, 506 U.S. 964, 121 L.Ed.2d 355.

Statute, providing that defendant
charged with tampering with witness has
burden of proving affirmative defense
that his actions toward witness consisted
solely of lawful conduct and that his sole
intention was to encourage, induce, or
cause witness to testify truthfully, did not
violate due process by impermissibly
shifting burden of proof to defendant.
U.S. v. Clemons, W.D.Pa.1987, 658
F.Supp. 1116, affirmed 843 F.2d 741,
certiorari denied 109 S.Ct. 97, 488 U.S.
835, 102 L.Ed.2d 73.

## 3.    Purpose

Congress, by enacting this section, did
not thereby intend to remove witness
tampering from section 1503 of this title
and to consolidate all such offenses in
new witness tampering section; rather,
Congress enacted this section to prohibit
specific conduct comprising various
forms of coercion of witnesses, leaving

310

omnibus provision of section 1503 of this
title to handle more imaginative forms of
criminal behavior, including forms of wit-
ness tampering that defied enumeration.
U.S. v. Lester, C.A.9 (Cal.) 1984, 749 F.2d
1288.

"By enacting the 1982 amendments to
this chapter, Congress intended that in-
timidation and harassment of witnesses
should thereafter be prosecuted under
this section specifically covering witness
intimidation, and no longer 'fall within'
section 1503 of this title, proscribing ob-
struction of justice by influencing wit-
nesses or jurors. By influencing, intimi-
dating an officer, juror, or witness...
which all references to witnesses have
been deleted." U.S. v. Hernandez
(N.Y.) 1994, 730 F.2d 895.

Former provisions of section 1503
this title were designed to protect wit-
nesses in federal courts and to prevent a
miscarriage of justice by corrupt
methods. U.S. v. Anderson
1983, C.A.Ky.1954, 215 F.2d 84, certi-
orari denied 75 S.Ct. 208, 348 U.S. 888,
99 L.Ed. 698, rehearing denied 75 S.Ct. 270,
348 U.S. 922, 99 L.Ed. 723; Broaddus
Samples v. U.S., C.A.Ala.1941, 121
F.2d 263, certiorari denied 62 S.Ct. 112,
314 U.S. 662, 86 L.Ed. 530; Odom
313 U.S. 544, 85 L.Ed. 1511; U.S. v.
Cohen, D.C.Conn.1962, 202 F.Supp. 587.

## 4.    Exclusivity

Government could prosecute defen-
dant attempting to influence witness' antic-
ipated testimony before grand jury under
obstruction of justice statute, even after
1982 and 1988 prohibiting witness
tampering. U.S. v. Tackett, C.A.6 (Ky.)
1997, 113 F.3d 603, rehearing and sug-
gestion for rehearing en banc denied,
1089, 139 L.Ed.2d 868, appeal after new
sentencing hearing 193 F.3d 880.

Statute generally proscribing influenc-
ing or endeavoring to influence justice,
permits conviction for witness tampering
despite removal of specific reference to
witnesses from statute and concomitant
addition of new statute specifically deal-
ing with tampering with witnesses. U.S.
Moody, C.A.11 (Ga.) 1992, 977 F.2d
1420, certiorari denied 113 S.Ct. 1348
507 U.S. 944, 122 L.Ed.2d 730.

## CRIMES    Part I
## Ch. 73    OBSTRUCTION OF JUSTICE

### Court of United States

Military court-martial was not Article
III court of the "United States," its pro-
ceedings were an "official proceedings,"
and therefore, defendant, charged with
attempting to and using intimidation,
corruptly to influence testimony, could not
be held liable under federal witness tamper-
ing statute. U.S. v. Ford, D.S.C.1986,
641 F.Supp. 704.

## 5.    Witnesses within section—Generally

Witness retained his witness status, for
purposes of statute proscribing intentional
harassment of witnesses, despite his
prior protection of a person who has been
able to testify at trial continues U.S. v.
Wilson, C.A.9 (W.Va.) 1988, 851 F.2d 55,
on remand 640 F.Supp. 1424, certiorari
denied 107 S.Ct. 896, 479 U.S. 1039, 93
L.Ed. 844.

Party who had been called as witness
before grand jury, who supposedly pos-
sessed information material to grand jury
proceeding, continued to be "witness," for
purpose of statute prohibiting any party
from tampering with witness to obstruct
justice [18 U.S.C.A. § 1503] evidence and
was dismissed from stand, as he could
have been recalled as witness at any time.
U.S. v. Risken, C.A.8 (Iowa) 1986, 788
F.2d 1361, certiorari denied 107 S.Ct.
429, 479 U.S. 923, 93 L.Ed.2d 302.

Asserted fact that individual which de-
fendants were indicted for influencing to
render false and misleading their testimony to
grand jury was not a "witness" within
meaning of former provisions of section
1503 of this title was irrelevant where
defendants were charged and convicted
under portion of this section which did
not include any reference to a "witness"
and individual was unquestionably pro-
spective witness in the minds of defen-
dants when they asked her to testify false-
ly. Friedland, C.A.3 (N.J.) 1981,
660 F.2d 919, certiorari denied 102 S.Ct.
2268, 456 U.S. 989, 73 L.Ed.2d 1283.

Within meaning of former provisions of
section 1503 of this title having made it
an offense to threaten witness, a "wit-
ness" was one whose material facts and was
posed to know, material facts and was sup-
posed to testify to them or to have
been called as witness to so testify. U.S.
v. Griffin, C.A.10 (Kan.) 1972, 463 F.2d

## 18 § 1512
### Note 6

177, certiorari denied 93 S.Ct. 344, 409
U.S. 988, 34 L.Ed.2d 254. See, also, U.
S. v. Berardi, C.A.7 (Ill.) 1982, 675 F.2d
894.

One whom defendant knew was proba-
ble witness before Senate Committee and
who intended to testify was "witness"
though not under subpoena when defen-
dant gave him false story to tell when and
if he testified, for purposes of prosecu-
tions for subornation of perjury and cor-
ruptly influencing witness to give false
and perjurious information to Senate
Committee investigators. Stein v. U.S.,
C.A.9 (Cal.) 1964, 337 F.2d 14, certiorari
denied 85 S.Ct. 899, 380 U.S. 907, 13
L.Ed.2d 795.

The connotation of a "witness" within
meaning of former provisions of section
1503 of this title includes one who is ex-
pected to testify or intended a "witness"
to influence with a view to substance,
determined to know the mate-
rather than form, and hence any one who
knew or was supposed to know the mate-
rial facts, and was expected to testify to
them, was "witness." United States v.
wald, C.A.2 (N.Y.) 1956, 233 F.2d 556,
certiorari granted 77 S.Ct. 91, 352 U.S.
866, 1 L.Ed.2d 74, reversed on other
grounds 77 S.Ct. 963, 353 U.S. 391, 1
L.Ed.2d 931.

If prosecution for corruptly endeavor-
ing to influence witness before grand
jury, wherein government's evidence
showed that defendant's endeavors to in-
fluence party to destroy his records per-
taining to certain transactions were made
in February, but party testified that it was
one month later before he met revenue
agents investigating the transactions and
that he had no desire, intent or purpose
of testifying before grand jury, ac-
tion of testifying before grand jury, al-
though he did so testify another month
later, evidence was insufficient that
party was "witness" within meaning
of former provisions of section 1503 of
this title under which defendant was be-
ing prosecuted. Barra, U.S., C.A.8
(Mo.) 1955, 221 F.2d 590, certiorari
granted 76 S.Ct. 190, 350 U.S. 910, 100
L.Ed. 798, rehearing denied 76 S.Ct. 297,
350 U.S. 943, 100 L.Ed. 831, 100 L.Ed. 1013,
S.Ct. 683, 351 U.S. 131, 100 L.Ed. 1013.

One who knew or was supposed to
know material facts and was expected to
testify to them in federal court or be
called on to testify was "witness" with-
in former section 241 of this title, though

311

## 18 § 1512
**Note 6**

he was under formal federal subpoena. Odom v. U.S., C.C.A.5 (Tex.) 1941, 116 F.2d 996, reversed on other grounds 61 S.Ct. 957. 313 U.S. 544, 85 L.Ed. 1511.

The terms of former section 241 of this title, the evil it was enacted to prevent, and the protection it was intended to provide, left no doubt that those who were prompted to come, and of those who were selected and accepted, the call to come to testify in any case in any court of the United States, fell within the class described by the terms "any witness, in any court of the United States." Smith v. U.S., C.C.A.8 (Ark.) 1921, 274 F. 351.

A witness before a federal grand jury was within section 241 of this title. Weston v. U.S., C.C.A.1 (Tex.) 1913, 208 F. 237, 125 C.C.A. 437, certiorari denied 34 S.Ct. 320, 231 U.S. 747, 58 L.Ed. 464.

**Potential witness was "witness"** within statute prohibiting use of intimidation with intent to cause or induce "any person" to withhold testimony from official proceedings, even if that potential witness did not satisfy requirement as "one who under statute's requirement as 'one who knew or was expected to know material facts and was expected to testify to them, where witness was explicitly charged before giving judicial proceeding" or a witness; person was no longer from "any witness" to "any person." U.S. v. DiSalvo, E.D.Pa.1986, 631 F.Supp. 1398, affirmed 824 F.2d 1031.

Former provisions of section 1503 of this title covered any activity which influenced or intimidated any witness who might have been called to testify and was not limited to witness who had been called to testify with defendant's knowledge. U.S. v. Batten, D.C.D.C.1964, 226 F.Supp. 492, certiorari denied 85 S.Ct. 898, 380 U.S. 912, 13 L.Ed.2d 799, rehearing denied 85 S.Ct. 1557, 381 U.S. 930, 14 L.Ed.2d 688.

The issuing of a subpoena for a person, or the placing his name on a complaint, made him a witness within R.S. § 5399. U. S. v. Bittinger, D.C.Mo.1876, Fed. Case.No. 14,598.

312

## CRIMES

### 7. —— Pending proceedings, witness within section

Individual that defendant threatened had committed an actual violation of former provision of section 1503 of this title that was about to be subpoenaed even though she had testified and concluded her testimony, so that for new trial at which she had testified and concluded was still pending. U.S. v. Patton, C.A.6 (Tenn.) 1983, 721 F.2d 159.

For purposes of prosecution for corruptly endeavoring to influence, obstruct, and impede the administration of justice concerning the individual who had testified before grand jury and was about to testify in pending case concerning material facts was "witness." U. S. v. Tedesco, C.A.3 (Mass.) 1980, 635 F.2d 902, certiorari denied 101 S.Ct. 3112, 452 U.S. 962, 69 L.Ed.2d 974.

Individual who was chief prosecution witness at trial retained his status as "witness" while case was pending or the next appeal. U.S. v. Chandler, C.A.5 (Ga.) 1979, 604 F.2d 972, rehearing denied, S.Ct. 1074, 444 U.S. 1104, L.Ed.2d 317.

Within meaning of former provisions of section 1503 of this title having made the crime to corruptly or by threats or force endeavor to intimidate or impede a witness in a federal judicial proceeding, one was a "witness" when he knew or was supposed to know material facts and was expected to be called to testify to them; just as clearly he was not a witness when, despite his testimonial potential, there was no present prospect nor expectation that he would be called to testify in a pending proceeding, witness. U.S. v. Jackson, C.A.D.C.1975, 513 F.2d 456, 168 U.S.App.D.C. 198.

Informer who had given his information to the government and was expected to testify within former provisions of section 1503 of this title which made it a crime to obstruct or impede due administration of justice through influencing or injuring witnesses, notwithstanding fact that conspiracy to obtain by coercion a statement from informer was brought to before convening of grand jury. Hunt v. Hamilton, C.A.5 (Tex.) 1968, 400 F.2d 306, certiorari denied 89 S.Ct. 629, 393 U.S. 1021, 21 L.Ed.2d 566.

To warrant conviction of corruptly endeavoring to influence witness in federal

## Ch. 73   OBSTRUCTION OF JUSTICE

count the government need not prove that defendant had been subpoenaed as such; she being a witness in such case pending intended to testify at time of such endeavor. Walker v. U.S., C.C.A.8 (Mo.) 1938, 93 F.2d 792.

### 8. —— Informants

To warrant conviction for obstructing justice by tampering with informant, it is irrelevant whether person became defendant's actual endeavoring to influence witness in such a case pending as in such court at time of such endeavor. U.S. v. Diaz, C.A.2 (Conn.) 120 S.Ct. 181, 145 L.Ed.2d 153, certiorari denied 120 S.Ct. 181, 145 L.Ed.2d 153, certiorari denied 120 S.Ct. 313, 145 L.Ed.2d 386, 145 L.Ed.2d 301.

**Another person** as used in statute that prohibits misleading conduct toward another person with intent to hinder or delay communication to law enforcement officers gave false state-ments, even though title of statute referred to tampering with a witness, victim, or an informant term "witness," include persons investigators to persons whom police officers gave false state-ments and were not limited to persons having relevant information regarding the commission of a federal offense could include state law enforcement officer or investigators to persons state such false state-ments. U.S.v.Veal, C.A.11 (Fla.) 119 S.Ct. 2024 153, certiorari denied 119 S.Ct. 2024 520 U.S. 1147, 143 L.Ed.2d 1055.

### 9. —— Proceedings within section

Grand jury proceeding and investigation by Inspector General of the Agency for International Development and Agency of the comprising "proceedings," for purposes of influence another person in "official proceedings." U.S. v. Kelley, C.A.D.C.1994, 36 F.3d 1118, 308 U.S.App.D.C. 314.

Drug Enforcement Agency (DEA) investigation involving informant proceeding for defendant expected individual tampering statute to testify at particular proceeding of action brought was an "official proceeding" for defendant was a witness tampering stat-ute's venue provision. U.S. v. Gonzalez, C.A.2 (N.Y.) 1992, 922 F.2d 1044, certiorari denied 112 S.Ct. 660, 502 U.S. 1014, 116 L.Ed.2d 751.

Former provisions of section 1503 of this title served to protect witness before a

313

## 18 § 1512
**Note 10**

grand jury from conduct injuring him in his person and property by forcing him out of business. U.S. v. Campanale, C.A.9 (Cal.) 1975, 518 F.2d 352, certiorari denied 96 S.Ct. 777, 423 U.S. 1050, 46 L.Ed.2d 638, rehearing denied 96 S.Ct. 1422, 404 U.S. 950, 47 L.Ed.2d 356.

A person who prevents or endeavors to prevent a witness under subpoena from testifying before a federal grand jury de-terring endeavors to obstruct the due administration of justice in violation of this section. U.S. v. Marcoreaux, C.A.5 (La.) 1975, 514 F.2d 1244.

**Fact** that neither official proceedings nor any investigation had not begun at time that corporate defendant's employee removed documents respecting price-fix-ing conspiracy did not preclude corpo-rate defendant's liability for witness tam-pering, where instructions that office manager gave to employee respecting documents were strong circumstantial ev-idence that manager intended to affect testimony and give instructions because she realized that a federal proceeding could be commenced in future. U.S. v. Gabriel Industries, Inc., D.R.I.1994, 852 F.Supp. 116.

Proceeding before Illinois Department of Human Rights was not "official pro-ceeding" within meaning of prohibitions against tampering with or retaliating against witness, victim, or informant. McKinney v. State of Ill., N.D.Ill.1989, 720 F.Supp. 706.

Unaccepted offer of $50,000 bribe to employee of New York real estate part-nership did not violate witness tampering § 1512, proscribing "racketeer-influenced and did not constitute "racketeer-ing activity" Organizations Act, 18 U.S.C.A. § 1961(1), in that only proceed-ings in existence at time of alleged at-tempt to influence such parties state proceeding in state courts or both Asso-ciates v. Fischbein, S.D.N.Y.1986, 626 F.Supp. 1108, affirmed 800 F.2d 1128.

Even if government did not prove that defendant expected individual, defendant was entitled to judgment of ac-quittal on obstruction of justice charge where government established that defen-dant expected individual to testify at pending grand jury proceeding. U.S. v. Vesich, E.D.La.1983, 558 F.Supp. 1192,

CRIMES    Part

## 1. Constitutionality

Provision of Victim and Witness Protection Act of 1982 prohibiting threats of retaliation against government informants [18 U.S.C.A. § 1513] did not violate First Amendment, inasmuch as statute punished only making of threat to do bodily harm or to destroy tangible property of informant and did not involve "threats" relating to ideas or advocacy, "his informing." U.S. v. Velasquez, C.A.7 (Ill.) 1985, 772 F.2d 1348, certiorari denied 106 S.Ct. 1211, 475 U.S. 1021, 89 L.Ed.2d 323.

## 2. Purpose

Purpose of former provisions of section 1503 of this title which made it a felony for any person to injure federal witness in any manner on account of his having testified in federal court or on account of content of his testimony was not only to protect public interest in proper administration of justice but to protect witnesses from reprisals resulting from their having testified in federal court. Miller v. Hulsey, E.D.Ark.1972, 347 F.Supp. 192.

## 3. Construction with other laws

Conviction under federal statute criminalizing retaliation against witness, victims and informants, and District of Columbia statute criminalizing assault with intent to kill will not merge, since intent to kill will not merge with intent to kill; retaliation provision required intent to retaliate, not Double Jeopardy Clause; retaliation provision required proof of intent to kill and that offender was armed, not required for retaliation conviction, and there was no implication that Congress intended both provisions to apply. U.S. v. McLaughlin, D.C.,Cir.1998, 164 F.3d 1, 334 U.S.App.D.C. 1, certiorari denied 119 S.Ct. 1485, 143 L.Ed.2d 567.

## 4. Proceedings within section

Military hearing to determine if charges against accused warranted charges of general court-martial was "official proceeding," under statute prohibiting retaliation "under" witness at official proceeding, so that former navy commander who resigned his commission and was given less than honorable discharge in lieu of court-martial after military hearing could be convicted of conspiracy to retaliate and retaliation against navy enlisted man who gave testimony at

hearing for vandalizing enlisted man's motorcycle. U.S. v. Cliff, C.A.7 Wis.

## 5. Offenses within section

Defendant who assaulted and intimidated federal witness was proper target for investigators with informant-lending to the arrest of his associate proceeding under former provisions of section 1503 of this title which charged informant with intimate or former informant's retaliatory infliction of injury after they had given information from the absence of statute.

**Jurisdiction**

Indictment which charged defendant with willfully and knowingly spitting in face of assistant United States attorney at official proceeding was sufficient to charge prosecution of Indians for wife assault and threatening attorney with ... and testimony at trial defendant and ... separate prosecution of a conspiracy ble offense under statute prohibiting ... in contemplation of statute because ... was a federal prosecutor; fact that ... ness happened to be a federal prosecution was irrelevant. U.S. v. Ferguson, E.D.N.Y.1985, 604 F.Supp. 668, affirmed 779 F.2d 36.

## 6. Intent or motive

In case of alleged retaliation against witness, Government need not adduce direct evidence of defendant's knowledge of witness' informant status in order for defendant's intent to retaliate, federal jurisdiction depended on proof that United States intimidated person in order that accused with intent to retaliate, Brown, C.A.2 (N.Y.) 1991, 937 F.2d certiorari denied 112 S.Ct. 525, 502 U.S. 917, 116 L.Ed.2d 264.

To prove unlawful retaliation against witness, government need not establish intent to carry out threat, only intent to retaliate. U.S. v. Maggitt, C.A.5 (Miss.) 1986, 784 F.2d 590.

CH.73    OBSTRUCTION OF JUSTICE

... is punishable for there to be killing with ... 1985, post-conviction relief denied.

... for purposes of statute ... killing in retaliation for per- ... or providing information to ... or testifying at official ... officials, that also his ... meaning of retaliation ... of mailing," which also pro- ... within meaning of statute pro- ... filing retaliatory criminalizes ... in which intent to retaliate ... motivating factor. ... Houlihan, D.Mass.1996, 937

**Jurisdiction**

Federal district court had jurisdiction over prosecution of Indians for wife assault despite defendant and others from interfering with conduct of trial, federal jurisdiction over defendant and others from intimidating witness against Indian crimes, where over victim federal jurisdiction over ... crimes committed within Indian country ... against not within Indian country. U.S. v. Markiewicz, C.A.2 (N.Y.) 1992, 978 F.2d 786, certiorari denied 113 S.Ct. 1065, 506 U.S. 1086, 122 L.Ed.2d 413.

... In prosecution for conspiring to injure ... indictment because he had testified in a fed- ... trial that stemmed from his seeking to intimi- ... impeded him from testifying as a wit- ... in testifying, federal jur- ... by beating him, federal ... jurisdiction, that ... a proceeding in court of the United ... States, that intimidated person in order to ... from testifying in past ... him for past ... to retaliate him for past ... testimony or to prevent him from testify- ... in the future. Odom v. U.S., C.C.A.5 (Miss.) 1941, 116 F.2d 996, reversed on ... other grounds 61 S.Ct. 957, 313 U.S. 544, 85 L.Ed.1511.

**Venue**

Place of underlying judicial proceeding is proper venue for trial of defendant charged with aiding and abetting retaliation against witness. U.S. v. Cofield, C.A.4 (Va.) 1993, 11 F.3d 413, as amended ... against witness, U.S. v. Cofield, C.A.4 (Va.) 1991, 114 S.Ct. 1125, 510 ... certiorari denied 114 S.Ct. 1125, 510 ... 984, 127 L.Ed.2d 433.

## 9. Joinder of defendants and offenses

Denial of severance motion made by defendant charged with retaliation against witness was not an abuse of discretion; trial was short, evidence was not complex, and chronological nature of evidence made it relatively simple for jury to follow evidence. U.S. v. Cofield, C.A.4 (Va.) 1993, 11 F.3d 413, as amended, certiorari denied 114 S.Ct. 1125, 510 U.S. 1140, 127 L.Ed.2d 433.

Codefendants were not entitled to severance of their trial charging them on ground that joinder would be prejudicial because charges from third defendant included charges against which defendant included an attempt of which young woman was shot and fatally injured on charges involving drug and weapons had as a result, retaliation directly linked to drug and weapons offense, retaliation directly linked to drug and weapons offense, and evidence provided sufficient factual particulars to linked to all defendants were offered, and charges against each defendant might well be adequately informed defendants. U.S. v. Maggitt, C.A.5 (Miss.) 1986, 784 F.2d 590.

## 10. Indictment

Failure of indictment charging retaliation against witness to specify that law enforcement officers to whom witness had given information were federal officials did not render indictment insufficient, where indictment otherwise included all elements of charged offense. U.S. v. Cofield, C.A.4 (Va.) 1993, 11 F.3d 413, as amended, certiorari denied 114 S.Ct. 1125, 510 U.S. 1140, 127 L.Ed.2d 433.

## 11. Dismissal

Defendant's motion to dismiss indictment charging him with threatening bodily harm to assistant United States attorney, in retaliation for attorney's acts and testimony at trial of defendant in separate prosecution, would be denied, notwithstanding defendant's claim that indictment did not satisfy constitutional requirement for criminalizing threats, since statutory requirements were satisfied when Government adduced jury at trial. U.S. v. Ferrugia, E.D.N.Y. 1985, 604 F.Supp. 668, affirmed 779 F.2d 36.

## CHAPTER 13—CIVIL RIGHTS

Sec.
241. Conspiracy against rights.
242. Deprivation of rights under color of law.
243. Exclusion of jurors on account of race or color.
244. Discrimination against person wearing uniform of armed forces.
245. Federally protected activities.
246. Deprivation of relief benefits.
247. Damage to religious property; obstruction of persons in the free exercise of religious beliefs.
248. Freedom of access to clinic entrances.

### HISTORICAL AND STATUTORY NOTES

**Amendments**

**1994 Amendments.** Pub.L. 103-322, Sept. 13, 1994, 108 Stat. 2150, substituted "federal" for citizens "after "rights".

Title XXXIII, § 330023(a)(1), Sept. 13, 1994, 108 Stat. 2150, substituted "federally protected activities" for "Blocking access to clinic entrances" in item 245.

1976 Amendments Pub.L. 94-453, § 4(b), Oct. 2, 1976, 90 Stat. 1517, added item 246.

1988 Amendments. Pub.L. 100-690, title I, § 102, Apr. 11, 1988, 82 Stat. 75; added item 245.

102 Stat. 4396, in item 241 struck out "or enjoyment of any right or privilege so secured—

### LIBRARY REFERENCES

**American Digest System**
Statutes ⊶54(1).

**Encyclopedias**
Statutes, see C.J.S. § 92 et seq.

### WESTLAW COMPUTER ASSISTED LEGAL RESEARCH

WESTLAW supplements your legal research in many ways. WESTLAW allows you to
• update your research with the most current information
• expand your library with additional resources
• retrieve current, comprehensive history citing references to a case with KeyCite.

For more information on using WESTLAW to supplement your research, see the WESTLAW Electronic Research Guide, which follows the Explanation.

718

---

**ch. 13    CIVIL RIGHTS    18 § 241**

session, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90-284, Title I, § 103(a), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100-690, Title VII, § 7018(a), 102 Stat. 4396; Sept. 13, 1994, Pub.L. 103-322, Title XXXII, § 60006(a), Title XXXIII, § 320101(a), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, Pub.L. 104-294, Title VI, §§ 604(b)(14)(A), 607(a), 110 Stat. 3507, 3511.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1948 Acts. Based on 18 U.S.C., 1940 ed., § 51 (Mar. 4, 1909, c. 321, § 19, 35 Stat. 1092 [Derived from R.S. § 5508]).

Clause making conspirator ineligible to hold office was omitted as incongruous because it attaches ineligibility to such offence if a person who may be a private citizen and who was convicted of conspiracy to violate a specific statute, seems to be no reason for imposing such a penalty in the case of one individual crime, in view of such a severe consequence. Such crimes do not experience of the Department of Justice is that this unusual penalty has been an obstacle to successful prosecutions for violations of the act.

Mandatory punishment provision was rephrased in the alternative.

Minor changes in phraseology were made. 80th Congress House Report No. 304.

1968 Acts. Senate Report No. 721, see 1968 U.S. Code Cong. and Adm. News, p. 1837.

1988 Acts. For Related Reports, see 1988 U.S. Code Cong. and Adm. News, p. 5937.

**Amendments**

**1994 Acts.** House Report Nos. 103-324 and 103-489, and House Conference Report No. 103-711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**1996 Acts.** House Report No. 104-788, see 1996 U.S. Code Cong. and Adm. News, p. 4021.

**1996 Amendments.** Pub.L. 104-294, § 604(b)(14) repealed duplicative amendments by section 320103(a)(1) of Pub.L. 103-322, which required no change in text. See Repeals and Effective Date notes under this section.

Pub.L. 104-294, § 607(a), substituted "any State, Territory, Possession, or District", in the first paragraph, for "any State, Territory, or District" in the first undesignated paragraph.

**1994 Amendments.** Pub.L. 103-322, §§ 60006(a), 320101(a), substituted "person for "inhabitant" in the first paragraph.

Pub.L. 103-322, § 320106(a), completely revised the third paragraph. Prior to revision the third paragraph read as follows: "They shall be fined not more than $10,000 or imprisoned not more than ten years, or both; and if death results they shall be both; and if death results for any term of subject to imprisonment for any term of

719

§ 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Pos-

## 18 § 241

Questions for jury 58
Repeal 6
Reversal 65
Review 64
Rights or privileges protected
  Generally 11
  Contractual rights 12
  Generally 13
  Electoral and voting 14
  Enforcement of decrees 15
  Informers 16
  Involuntary servitude 17
  Labor relations 18
  Life and liberty 19
  Personal violence 20
  Public accommodations 21
  Public lands 22
  Travel 23
  Trial 24
  Witnesses 25
Sentence 49
Severance 25
State action, Indictment or information
Statements and argument of counsel 59
Territorial application of section 8
Travel, rights of privileges protected 23
Trial, rights or privileges protected 24
Verdict 61
Voir dire 47
Weight and sufficiency of evidence 56
Witnesses, rights or privileges protected 25

### 1. Constitutionality

This section pertaining to conspiracy against rights of citizens due process and equal protection clauses of U.S.Const. Amend. 14 and is not unconstitutionally vague. U.S. v. Guest, U.S.Ga.1966, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Congress had power to punish a conspiracy by election officers to stuff a ballot box or otherwise corrupt an election at which a member of Congress was to be elected. U.S. v. Saylor, U.S.Ky.1944, 64 S.Ct. 1101, 322 U.S. 385, 88 L.Ed. 1341, rehearing denied 65 S.Ct. 27, 323 U.S. 809, 89 L.Ed. 645, rehearing denied 65 S.Ct. 28, 323 U.S. 809, 89 L.Ed. 645.

Former § 51 of this title [now this section] was constitutional and valid. Motes v. U.S., U.S.Ala.1900, 20 S.Ct. 993, 178 U.S. 458, 44 L.Ed. 1150. See, also, Logan v. U.S., Tex.1892, 12 S.Ct. 617, 144 U.S. 263, 36 L.Ed. 429; Baldwin v. Franks, Cal.1887, 7 S.Ct. 656, 120 U.S. 678, 30 L.Ed. 766; U.S. v. Waddell, Ark.

---

## CRIMES Part 1

1884, 5 S.Ct. 35, 112 U.S. 76, 28 L.Ed. 673; The Ku-Klux Cases, Ga.1884, 4 S.Ct. 152, 110 U.S. 651, 28 L.Ed. 274; U.S. v. Moore, C.C.Ala.1904, 129 F. 630; U.S. v. Morris, D.C.Ark.1903, 125 F. 322; U.S. v. Lackey, D.C.Ky.1900, 99 F. 952, reversed on other grounds 107 F. 114, L.R.A. 660, certiorari denied 21 S.Ct. 925, 181 U.S. 621, 45 L.Ed. 1032.

Congress has the power to protect the citizen in the exercise of rights conferred by the Constitution. Ex parte Yarborough, Ga.1884, 4 S.Ct. 152, 110 U.S. 651, 28 L.Ed. 274; U.S. v. Waddell, Ark.1884, 5 S.Ct. 35, 112 U.S. 76, 28 L.Ed. 673; U.S. v. Lackey, D.C.Ky.1900, 99 F. 952, reversed on other grounds 107 F. 114, 53 L.R.A. 660, certiorari denied 21 S.Ct. 925, 181 U.S. 621, 45 L.Ed. 1032.

A citizen has no rights within the protective power of Congress, except such as are expressly or by necessary implication granted and secured to him by the Constitution of the United States and the power to protect all rights not so granted and secured rests exclusively with the states. U.S. v. Cruikshank, U.S.La.1875, 92 U.S. 542, 2 Otto 542, 23 L.Ed. 588.

Criminal statutes which prohibited conspiring to violate civil rights and willfully depriving persons of federally protected rights were not unconstitutionally vague on grounds that they did not give notice that it was illegal to burn cross or overhead cross on grounds that they included protected expression; statutes did not make it illegal to burn cross, but to conspire to threaten or intimidate others in exercise of federal rights, and statutes regulated conduct, not expression. U.S. v. McDermott, C.A.8 (Iowa) 1994, 29 F.3d 404.

Statutes prohibiting all threats and the intimidation concerning exercise of civil rights were not impermissibly vague as applied to juveniles who burned crosses in yard of African-American family, despite failure of statutes to specifically prohibit cross-burning, and despite possibility of reaction of victims as part of totality of evidence. U.S. v. J.H.H., C.A.8 (Minn.) 1994, 22 F.3d 821.

Conviction for civil rights conspiracy arising out of cross burning violated First Amendment; jury was instructed that charged with cross burning violated African-Americans to pro-

U.S.C.A.Const. Amend. 14, § 5 authorizes Congress to adopt such legislation as is necessary to control and counteract abridgement of constitutional rights and privileges of citizens. U.S. v. Sang-

Former § 51 of this title [now this section] was passed in the exercise of the powers given by U.S.C.A.Const. Amends. 14 and 15. U.S. v. Lackey, D.C.Ky.1900, 99 F. 952, reversed on other grounds 107 F. 114, 53 L.R.A. 189, certiorari denied 21 S.Ct. 925, 181 U.S. 621, 45 L.Ed. 1032.

---

## Ch. 13 CIVIL RIGHTS

'date' did not require threat of physical force or intimidation of physical fear, not overly broad or impermissibly vague, in light of facial language of statutes, and, thus, conviction related to expression. U.S. v. Lee, C.A.8 (Minn.) 1993, 6 F.3d 1297, certiorari denied 114 S.Ct. 1550, 511 U.S. 1035, 128 L.Ed.2d 199.

Amendments to criminal statutes proscribing conspiracies to deprive another person of his civil rights and prescribing actual deprivation of civil rights of another person, to set punishments in instances in which "death results," did not have effect of creating new "death penalty" crimes having similar elements, intended to impose harsher punishment, but simply aggravating circumstance, which gave district court authority to impose harsher punishment. Catala Fonfrias v. U.S., C.A.1 (Puerto Rico) 1991, 951 F.2d 423, certiorari denied 113 S.Ct. 105, 506 U.S. 834, 121 L.Ed.2d

Federal statute criminalizing conspiracies to injure or intimidate any citizen in free exercise of any statutory or constitutional right or privilege did not violate First Amendment as applied to a defendant who burned a cross adjacent to a racially mixed apartment complex; furthermore, statute was neither overbroad nor unconstitutionally vague. U.S. v. J. H. H., C.A.8 (Minn.) 1991, 955 F.2d 952, rehearing granted, vacated in part, rehearing in part 6 F.3d 1297, certiorari denied 114 S.Ct. 1550, 511 U.S. 1046, 128 L.Ed.2d 199.

Federal statute criminalizing conspiracies against rights of citizens and making a conspiracy against the rights of citizens a crime, equivalent to the word "willfully," and thus this section failing to state an indeterminable standard of guilt, nor is this section vague for charging that persons did conspire for "unconstitutionally vague" and "indeterminable standard of guilt," does not allege an intent to commit an offense. U.S. v. Bailes, S.D.W.Va.1954, 120 F.Supp. 614.

Former § 51 of this title [now this section] was not so uncertain that those accused thereunder would not know that the charges constituted an offense. U.S. v. Wilson, W.D.Mo.1947, 72 F.Supp. 812, affirmed 176 F.2d 184, certiorari denied 70 S.Ct. 145, 338 U.S. 870, 94 L.Ed. 533, rehearing denied 70 S.Ct. 343, 338 U.S. 939, 94 L.Ed. 579.

Congress has power by appropriate direct legislation to guard against the invasion of and protect a citizen's fundamental rights, whether those rights be guaranteed expressly by unfriendly or threatened or ignored by state judicial construction, or by state judicial construction, or by state executive inaction. U.S. v. Hall, C.C.S.D.Ala. 1871, 26 F.Cas. 79, 3 Chi.LegN. 260, No. 15282.

### Note 1

## 18 § 241

The word "willfully" is necessary to constitutional validity of this section pertaining to conspiracy against civil rights of citizens, only where defendant charged with deprivation of right, such as right under U.S.C.A.Const. Amend. 14, as to which there is no ascertainable right under U.S.C.A.Const. Amend. 14, as that act was done "willfully," this section would be penal regardless of nature and cause of accusations against them, accused persons to be informed of nature and cause of accusations against them, pose the violation of a specific right secured by statute, such as National Labor Relations Act, § 157 of Title 29. U.S. v. Bailes, S.D.W.Va.1954, 120 F.Supp. 614.

The word "conspire," as found in this section, making a conspiracy against the rights of citizens a crime, equivalent to the word "willfully," and thus this section

**18 § 241**
Note 2

**2. Historical**

The origin of former § 51 of this title [now this section] was in the Act of May 31, 1870, 16 Stat. 141, which was reenacted as § 5508 of the Revised Statutes. Foss v. U.S., C.C.A.9 (Mont.) 1920, 266 F. 881.

**3. — Construction**

Former § 51 of this title [now this section] was highly penal, the punishments prescribed by it were severe and doubtful words in it were not to be extended beyond their natural meaning in the connection in which they were used but even such former section, though it was to be construed strictly, could not be so construed as to defeat the legislative will. U. S. v. Stone, D.C.Md.1911, 188 F. 836.

**4. Other laws**

Statutory prohibition against involuntary servitude does not create individual right or privilege within meaning of statute prohibiting conspiracy to interfere with right or privilege secured by Constitution or laws of United States. U.S. v. Kozminski, U.S.Mich.1988, 108 S.Ct. 2751, 487 U.S. 931, 101 L.Ed.2d 788, on remand 852 F.2d 1288.

Fair Housing Act was implicated in prosecution of defendant for violation of federal statute criminalizing conspiracies to injure or intimidate any citizen in free exercise of any statutory or constitutional right or privilege based on defendant's conduct in constructing and burning a cross adjacent to a racially ... C.A.8 (Minn.) 1991, 935 F.2d 1052, rehearing granted, ... vacated on ... F.2d 1297 ... 1550, 511 U.S. 1035, 128 L.Ed.2d 199, certiorari denied 114 S.Ct. 1576, 511 U.S. 1046, 128 L.Ed.2d 219.

This section providing penalty for conspiracy against rights of citizens and section 242 of this title [providing penalties for deprivation of rights under color of law] were designed to prevent violations of all rights guaranteed under U.S.C.A. Amend. 14, including both due process and equal protection. C.A.3 (Pa.) 1980, 644 F.2d Philadelphia, C.A.3 (Pa.) 1980, 644 F.2d 187.

---

tion] was not amended by the Act of ... C.A.9 (Cal.) 1980, 616 F.2d 1089.

This section was not amended by implication by section 245 of this title which makes it unlawful to interfere with specifically listed federally protected activities, serving as juror, applying federal financial assistance and receiving federal financial assistance and which includes benefits committed by a single person. U. S. v. Pacelli, C.A.2 (N.Y.) 1974, 491 F.2d 1108, certiorari denied 95 S.Ct. 419, U.S. 825, 42 L.Ed.2d 49.

This section proscribing conspiracies against rights of citizens and section 242 of this title [proscribing deprivation of rights under color of law] are concerned only with deprivations of rights guaranteed by federal law or the Constitution. U.S. v. O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

This section and § 242 of this title proscribing conspiracy against the rights of citizens and deprivation of rights under color of law provide no basis for civil action for money damages ... ed by § 1981 et seq., of Title 42, by state convicts against witnesses who had testified for them in theft prosecution against them ... Smith v. Jennings, D.C.Mich.1957, 148 F.Supp. 641.

The word "conspire" has some common tation of criminality, but in this section providing that if two or more persons conspire to injure any citizen in the free exercise of any right secured to him by the Constitution or laws of the United States they shall suffer certain punishment, "conspire" does not have the force or effect of "willfully" as used in § 242 of this title denouncing the deprivation of rights. Williams v. U.S., C.A.5 1950, 179 F.2d 644, certiorari granted 70 S.Ct. 77, 340 U.S. 849, 95 L.Ed. affirmed 71 S.Ct. 581, 341 U.S. 70, 95 L.Ed. 758.

**5. Purpose**

Former § 88 of this title [now § 371 of this title] had no connection with such an offense as former § 51—this section] related to. U. S. v. Patrick, C.C.M.D.Tenn.1893, 54 F. 338.

Former § 121 of this title [now §§ 223 to 2233 of this title] did not deal with the case of conspiracy and the injury of a mission of personal or bodily injury was entirely consistent with former § 51 [now this section]. U.S. v. Patrick, C.C.M.D.Tenn.1893, 54 F. 338.

---

tion 1983 of Title 42, Aldabe v. Aldabe, C.A.9 (Cal.) 1980, 616 F.2d 1089. ...

Sections 241 to 244 of this title, which provide only for punishment by fine or imprisonment for deprivation of certain federal rights, privileges or immunities therein referred to, have no application to civil action for money damages ... Myers v. Conchran, D.C.Pa.1970, 317 F.Supp. ...

Sections 241 to 244 of this title, which provide only for punishment by fine or imprisonment for deprivation of certain federal rights, privileges or immunities therein referred to, have no application to civil action for money damages ... Jennings, E.D.Pa.1970, 317 F.Supp. ...

The right given by the National Labor Relations Act, § 157 of Title 29, to refrain from joining a labor organization does not arise by reason of relation of the individual to the Federal Government, nor is the right wholly dependent upon the act of Congress, as in fact it is, like the right to organize, a fundamental right which existed prior to the act and adoption of the Constitution, and that this section making conspiracy against the rights of citizens a crime is inapplicable to deprivations of such rights. U. S. v. Bailes, S.D.W.Va.1954, 120 F.Supp. 614.

Former §§ 51, 52 of this title [now this section and § 242 of this title] making it a crime for one person to deprive another of civil rights had to be construed in pari materia with provision of Civil Rights Act, former § 43 of Title 8 [now § 1983 of Title 42], authorizing civil action for damages against deprivation of rights. Gordon v. Garson, E.D.Ill.1948, 77 F.Supp. 477.

---

**18 § 241**
Note 6

section providing penalty for conspiracy against rights of citizens and section 242 of this title providing penalty for deprivation of rights under color of law. U.S. v. City of Philadelphia, C.A.3 (Pa.) 1980, 644 F.2d 187.

Purpose of this section calling for imposition of penalties for conspiracy to hinder constitutional rights is to procure criminal remedies or imposition of penalties. Sinchak v. Parente, W.D.Pa.1966, 262 F.Supp. 79.

Former § 51 of this title [now this section] was designed to punish offenses against rights secured by U.S.C.A.Const. Amends. 14 and 15. U.S. v. Berke Cake Co., E.D.N.Y.1943, 50 F.Supp. 311, appeal dismissed 64 S.Ct. 368, 320 U.S. 807, 88 L.Ed. 487.

Sections 241 to 244 of this title do not confer any further rights, privileges or immunities on the individual but are designed to safeguard those rights by making violation of them a criminal offense. State v. Alexander, N.J.1951, 83 A.2d 441, 1 N.J. 585, certiorari denied 72 S.Ct. 638, 343 U.S. 908, 96 L.Ed. 1326.

**6. Repeal**

Act Feb. 8, 1894, 28 Stat. 36, repealing all sections of Rev.St. tit. 70, c. 7, which related to offenses against elective franchise, did not repeal former § 51 of this title [now this section]. U. S. v. Bathgate, U.S.Ohio 1918, 38 S.Ct. 269, 246 U.S. 220, 62 L.Ed. 676.

Repeal by Act Feb. 8, 1894, of all sections of R.S. tit. 70, c. 7, relating to offenses against elective franchise, did not withdraw offenses of election officers from operation of R.S. § 5508 (embodied herein). Guinn v. U.S., Okla.1915, 35 S.Ct. 926, 238 U.S. 347, 59 L.Ed. 1340. See also U.S. v. Mosley, Okl. 1915, 35 S.Ct. 904, 238 U.S. 383, 59 L.Ed. 1355.

Former § 51 of this title [now this section] was not repealed in 1909, and stood good for § ... it properly covered. U.S.(Ala.) 1940, 109 F.2d 447, certiorari denied 60 S.Ct. 717, 309 U.S. 679, 84 L.Ed. 1023.

## 18 § 241
### Note 7

**7. Conspiracy generally**

Single conspiracy may have several purposes, but if one of them, whether primary or secondary, be violation of federal law, conspiracy is unlawful either way. U.S.v.Wa.1974, 94 S.Ct. 2253, 417 U.S. 211, 41 L.Ed.2d 20.

United States is no part of class for whose special benefit was enacted this section providing penalty for conspiracy against rights of citizens or for depriving them of rights under color of law, and neither this title nor section 242 of this title creates federal right in favor of government, nor is there statutory authority to the exercise of specific federal right under this section. U.S. v. City of Philadelphia, C.A.3 (Pa.) 1980, 644 F.2d 187.

As between a conspiracy to achieve a goal violative of state law and a conspiracy seeking to affect persons in the exercise of specific federal right, only the latter conspiracy is [Note indistinct] under this section. U.S., O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

A conspiracy is the gist of the offense of conspiring to injure citizens in exercise of right secured by federal constitution or laws. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 412.   See also, Walker v. U.S., C.C.A.Mo.1938, 93 F.2d 383, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 755, 756, 303 U.S. 668, 82 L.Ed. 1124; Snedle v. U.S., C.C.A.1936, 85 F.2d 867, 107 A.L.R. 1333.

When a conspiracy is directed against a citizen in the exercise of a federal right or privilege with the intent to prevent the exercise of such right or privilege, there is an interference with national authority, and the criminal acts done [indistinct] this title [now this section], and come within the legitimate cognizance of the federal courts.   U.S. v. Patrick, C.C.MD.Tenn. 1893, 54 F. 338.

To warrant conviction under this section relating to conspiracy against rights of citizens, the acts which violated federal rights must have been committed for the purpose of conspiracy rather than for an incidental purpose.   U.S. v. Ehrlichman, D.C.D.C.1974, 376 F.Supp. 29, on subsequent appeal 546 F.2d 910, 178 U.S.App.D.C. 144, certiorari denied 97 S.Ct. 1155, 429 U.S. 1120, 51 L.Ed.2d 570.

---

**CRIMES   Part I**

Any conspiracy to deprive a person of any of his constitutional rights is reprehensible.   Martyzan v. Darcy, 1974, 333 F.Supp. 1236.

---

**8. Territorial application of section**

Criminal civil rights statutes on conspiracy against rights of citizens and deprivation of rights under color of law applied [indistinct] Puerto Rico.   U.S. v. Lopez, C.A.1 (Puerto Rico) 1987, 831 F.2d 1164, certiorari denied 108 S.Ct. 2018, 486 U.S. 1034, 100 L.Ed.2d 605.

---

**9.  Persons protected**

The word "citizen" as used in former § 51 of this title [now this section], was not used thing as indicate the same thing as a resident, inhabitant, or person, but in the political sense to designate one who had the rights and privileges of a citizen of a state or of the United States at some point within the territory of the United States, and was not come within the purview of the Emprior of China did not come within the protection of such former § 51.   Baldwin v. Franks, U.S.Cal.1887, 7 S.Ct. 656, 120 U.S. 678, 32 L.Ed. 766.

Government failed to demonstrate that Jordanian citizen on a nonimmigrant visa at time of his murder was an Air under citizen for conviction under statute prohibiting conspiracy to deprive United States citizen's civil rights.   U.S. v. Gasci, C.A.2 (N.Y.) 1997, 811 F.2d 47, certiorari denied 107 S.Ct. 3214, 482 U.S. 907, 96 L.Ed.2d 701, certiorari denied 107 S.Ct. 3233, 483 U.S. 1007, 97 L.Ed.2d 739.

Jail inmate was "citizen" within meaning of provision of this section making it a penal crime to conspire to interfere with citizens in free exercise of enjoyment of any constitutional or federal right despite fact that victim was a convicted felon.   U.S. v. King, C.A.5 (Ga.) 1979, 587 F.2d 209, rehearing denied 589 F.2d 1114, certiorari denied 99 S.Ct. 1536, 440 U.S. 972, 59 L.Ed.2d 789.

In prosecution for conspiracy to violate civil rights of potential witness in government prosecution, testimony of law enforcement member, of which defendant had also capable of corroborating victim's testimony in alleging federal crimes, was federal to show that victim was intended witness and accordingly potential federal witness who gave information and who had objective with respect to conspiracy to hinder, oppress, and injure against the official in his representative to testify at federal trial, protected by this [section].   U.C.W.D.Tenn.1900, 103 F. 457.

---

**Ch. 13   CIVIL RIGHTS**

section.   U. S. v. Harvey, C.A.2 (Vt.) 1975, 526 F.2d 529, certiorari denied 96 S.Ct. 1432, 424 U.S. 956, 47 L.Ed.2d 362.

The word "citizen" in former § 51 of this title [now this section] and not a person of the United States and not a person generally as v. Powe v. U.S., C.C.8 (Ala.) 1940, 109 F.2d 147, certiorari denied 60 S.Ct. 717, 309 U.S. 679, 84 L.Ed. 1023.

Agreement to change votes already cast, for the purpose to insure success of candidates against state legislature on recount and acts for state legislature did not constitute federal offense or violation of former § 51 of this title [now this section], since either conspiracy nor any act was directed at any individual citizen.   Steedle v. U.S., C.C.A.3 (Pa.) 1936, 85 F.2d 867.

A witness is protected in giving testimony before the land office in a contest which involves the rights of entrymen under the land laws of the United States in the power which is delegated to the land office, and the public lands includes the power to hear and determine contests to dispose of the public lands, and the power to compel witnesses to testify in such contests, doing, and in all such acts a witness while contests.   United States v. Bitty, C.C.A.9 (Mont.) 1920, 266 F. 33.

Former § 51 of this title [now this section] was intended for the sole protection of civil rights guaranteed by the federal Constitution and laws passed in accordance therewith, but protected all citizens in the civil rights guaranteed and secured to them by the Constitution and laws of the United States.   Felix v. U.S., C.C.A.5 (La.) 1911, 186 F. 685.

Conspiracy to deprive the marshal and his posse of the constitutional right to be regarded as directed solely arrest on legal process was an offense under former § 51 of this title [now this section].   Davis, C.C.W.D.Tenn.1900, 103 F. 457.

An office is a public employment, and any citizen in the performance of its functions of the officer selected to represent the sovereignty in the exercise of both a private right of both a public duty and a conspiracy to hinder, oppress, and injure against the official in his representative character, but must be considered as also against the citizen exercising or enjoying the right or privilege of accepting employment and engaging in the administration of it.   U.S. v. Patrick, C.C.M.D.Tenn.1893, 54 F. 338.

Plaintiff, seeking damages from various public officials, including Commissioner of Department of Consumer Sales, Weights and Measures and a state's attorney, failed as private repairman for alleged fraud and conspiracy in regard to legal fees on plaintiff's automobile, had no standing to sue under this section.   Weiland v. Byrne, N.D.Ill.1975, 392 F.Supp. 21.

Under former § 51 of this title [now this section] making it an offense for two or more persons to conspire to injure any citizen in the exercise of civil rights, color or previous condition of does include both negro and white.   U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

Former § 51 of this title [now this section] was violated by conspiracy to destroy and change balance contention that such former section would not apply on injury any "specific" person, and to intent to injure any "specific" person.   U.S. v. Clark, W.D.Mo.1937, 19 F.Supp. 981.

It is not necessary to find that the conspiracy charged was formed against a particular individual, but it is sufficient if it is one of any right or privilege secured to him by Constitution or by laws of United States defense that such colored persons charged by defendants or others with illegal acts or crimes.   U.S., U.S. v. Blackburn, W.D.Mo.1874, 24 F.Cas. 1158, 8 Chi. Leg.N. 26, No. 14603.

---

**18 § 241**
**Note 10**

**10.  Persons liable**

This section prohibiting conspiracy to injure, oppress, threaten or intimidate any citizen in free exercise or enjoyment of any right or privilege secured to him by Constitution or laws of United States extends to conspiracies to deprive rights and privileges protected by Fourteenth Amendment and extends to conspiracies in scope of this section protected, otherwise in scope of this section, participated in by officials alone or otherwise.

---

in collaboration with private persons. U.
S. v. Price, U.S.Miss.1966, 86 S.Ct. 1152,
383 U.S. 787, 16 L.Ed.2d 267.

Where alleged conspiracy to stuff ballot boxes would not have been carried out by one person because it required access to the clerk's office, removal of stolen ballots so that their theft could not be detected, and the forgery of approximately 44 different signatures on 254 ballots, deposited in the ballot boxes of 11 precincts, acquittal of one defendant did not require setting aside conviction of another defendant, on ground that one person may be guilty of a conspiracy. U.S. v. C.A.6 (Ky.) 1950, F.2d 1176, affirmed 70 S.Ct. 1023, 339 U.S. 974, 94 L.Ed. 1380.

The mere existence or silence or failure of an officer to perform a duty does not make the participant in a conspiracy, unless the acts or failure to act with knowledge of purpose of conspiracy or with knowledge of or agreeing in same. ... U.S. ... C.C.A.5 (Tex.) 1957, 93 F.2d 395, rehearing denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

The fact that members of a conspiracy to offer violence to prisoners under arrest are in charge of them as deputy marshals or guard does not lessen their guilt. ... v. Logan, C.C.N.D.Tex.1891, 45 F. 872, reversed 12 S.Ct. 617, 144 U.S. 263, 36 L.Ed. 429.

In prosecution under this section providing that "if two or more persons" conspire to perform certain acts, "they" could not be the basis of a suit for declaratory judgment against a group of private persons whose only acts complained of them to vote and was complained the county official receipt of a document entitling not being made a party. Munoz v. American D.S.1964, 230 F.Supp. 991, appeal dismissed 340 F.2d 590.

The provision of former § 51 of this title (how this section) covering offense of conspiracy to injury citizens in exercise of

civil rights was applicable to instances of private denial of voting rights under vision of former § 52 of this title (now § 242 of this title) providing civil rights under deprived of civil rights under color of law ... state officials who were acting under color of law ... U.S. v. Williams, U.S.1951, 71 S.Ct. 581, 341 U.S. 70, 95 L.Ed. 758.

**11. Rights or privileges protected—Generally**

This section pertaining to conspiracy against rights of citizens to interfere with right secured by Constitution or laws of United States creates to subshere authority ... but prohibits interference with rights established by Constitution or laws and by decisions interpreting them. U.S. v. Kozminski, U.S.Mich.1988, 108 S.Ct. 2751, 487 U.S. 931, 101 L.Ed.2d 788, on remand 852 F.2d 1288.

This section pertaining to conspiracy against rights of citizens protects only rights secured by other federal laws or by Constitution itself. U.S. Guest, U.S.Ga.1966, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

This section pertaining to conspiracy against rights of citizens incorporates no more than equal protection clause of U.S.C.A.Const. Amend. 14 itself, this section does not purport to give ... law, but to remedial ... as opposed to remedial, that clause, ... by rights ... U.S. Guest, U.S.Ga.1966, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

This section prohibiting conspiracy to injure, oppress, threaten or intimidate any person in free exercise or enjoyment of any right or privilege secured to him by Constitution or laws of United States ... Constitution, that clause, embraces all of rights and privileges secured to citizens by all of Constitution and all of laws of United States and was not intended to be confined to rights for which federal government as distinguished from state government ... secured or conferred by ... flow from federal Constitution. U.S. v. O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

This section only covers conduct which interferes with rights arising from the substantive powers of the federal government and officers with rights under the clause of U.S.C.A.Const. Amend. 14.

from abridgment by the state. U.S. v. Williams, U.S.Fla.1951, 71 S.Ct. 581, 341 U.S. 70, 95 L.Ed. 758.

It must appear that the right, the enjoyment of which the conspirators intended to hinder or prevent was one granted or secured by the constitution or law of the United States. U.S. v. Cruikshank, U.S.La.1875, 92 U.S. 542, 2 Otto 542, 23 L.Ed. 588.

Arrestees or detainees enjoyed constitutional right to be protected against assaults perpetrated by arresting or detaining officers that was sufficiently under color of law so as to support civil rights prosecution of those officers or other rules of ... authority. U.S. v. Reese, C.A.5 (Tex.) 1993, 2 F.3d 870, certiorari denied 114 S.Ct. 928, 510 U.S. 1094, 127 L.Ed.2d 220.

Statute prohibiting conspiracy to interfere with rights secured by Constitution or laws of United States protects inhabitant of a state in his free exercise or enjoyment of right or privilege secured to him by Constitution or laws of United States applied to alleged Fourteenth Amendment violations by city transit police officers. U.S. v. McDermott, C.A.2 (N.Y.) 1990, 918 F.2d 319, certiorari denied 111 S.Ct. 1681, 500 U.S. 909, 114 L.Ed.2d 76.

Sweep of this section is not confined to rights expressly defined in the Constitution, but includes those rights judicially determined to be fundamental. U.S. v. Stewart, C.A.4 (W.Va.) 1973, 481 F.2d 685, certiorari denied 94 S.Ct. 720, 414 U.S. 1091, 38 L.Ed.2d 548, affirmed 94 S.Ct. 2253, 417 U.S. 211, 41 L.Ed.2d 20.

A willful effort to deprive a citizen accused of crime of his constitutional right to a trial, or to intimidate him in its exercise, if mounted under color of state law, violates section 242 of this title; conspiracy to effect such ends, whether directed against citizens or more inhabitants of the United States, is likewise punishable under this section. U.S. v. O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

This section penalizing a conspiracy against any citizen in the free exercise or enjoyment of any right secured to him by the Constitution or laws of the United States does not apply to interference with any right under the due process clause of U.S.C.A.Const. Amend 14

cured to everyone. Williams v. U.S., C.A.5 (Fla.) 1950, 179 F.2d 644, certiorari granted ... S.Ct. 77, 340 U.S. 849, 95 L.Ed. 622, affirmed 71 S.Ct. 581, 341 U.S. 70, 95 L.Ed. 758.

The words "rights and privileges secured" in former § 51 of this title (now this section) mean rights and privileges specially and validly secured by Constitution or laws of United States. Powe v. U.S., C.C.A.5 (Ala.) 1940, 109 F.2d 147, certiorari denied 60 S.Ct. 717, 309 U.S. 679, 84 L.Ed. 1023.

Former § 51 of this title (now this section) had the same meaning as when it was enacted as § 6, Act May 31, 1870 and as then enacted it was intended to protect the political rights of all citizens of the United States in the state of their residence, in some very high cases ... and not their civil rights. U.S. v. Wheeler, C.C.A.8 (Ala.) 1918, 254 F. 611, affirmed 41 S.Ct. 133, 254 U.S. 281, 65 L.Ed. 270. See, also, U.S. v. Patrick, C.C.M.D.Tenn.1893, 54 F. 338. See, also, U.S. v. Moore, C.C.A.-1904, 129 F. 630.

The words "rights" and "privileges" are used in former § 51 of this title (now this section) included that which one had secured by the constitution and laws of the United States ... or privilege involved must be a legal claim to do, and mean "legal power," "authority," "immunity granted by authority," "the investure with special or peculiar rights. U.S. v. Patrick, C.C.M.D.Tenn.1893, 54 F. 338.

Under statute prohibiting conspiracy against civil rights, there must be proof of unlawful agreement to deprive certain federal rights, whether flowing from Constitution or created by Act of Congress. U.S. v. Johnson, N.D.Ga.1967, 269 F.Supp. 706, probable jurisdiction noted 88 S.Ct.

**18 § 241**
**Note 14**

**CRIMES Part I**

**Ch. 13  CIVIL RIGHTS**

**18 § 241**
**Note 19**

dor, S.D.Tex.1964, 230 F.Supp. 591, appeal dismissed 340 F.2d 590.

This section penalizing a conspiracy to injure, threaten or intimidate a citizen in the free exercise of the privilege secured to him by the Constitution or laws of the United States embraces the right of the voters in a congressional election, to have their votes honestly counted, and is violated by conspiracy of election officials to interfere with the free exercise of their right to vote for legally qualified persons for the office of United States senator and United States representative. U. S. v. Skurla, W.D.Pa. 1954, 126 F.Supp. 713.

The "right to vote" included the right to be permitted to comply with state requirements for voting, and any citizen who attempted to fulfill state requirements to register for general election in which members of Congress were to be elected. U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

The protection of the right to vote under the former § 51 of this title [now this section] included protection of the right of members of Congress to have been so selected. U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

The personal civil right of individual voter is right protected by this section proscribing conspiracy against rights of citizens. U. S. v. Chandler, S.D.W.Va. 1957, 157 F.Supp. 753.

The right to vote was protected under former § 51 of this title [now this section]. U. S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

Former § 51 of this title [now this section] was violated by conspiracy to destroy and change ballots, though ballots were not tampered with before polls closed. U. S. v. Clark, W.D.Mo.1937, 19 F.Supp. 981.

Conspiracy to count votes cast for one candidate in congressional election for his opponent was conspiracy to injure voters in free exercise or enjoyment of their rights or privileges under U.S.C.A.Const. Art. 1 and Amend. 15 within meaning of former § 51 of this title [now this section]. U.S. v. Bathgate 93 F.2d 383, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 758, 303 U.S. 668, 82 L.Ed. 1124.

**15. —— Enforcement of decrees, rights or privileges protected**

Where a person had procured a decree of former United States circuit court quieting his title in land, and enjoining certain persons from interfering with his possession and had instituted contempt proceedings against them for violating such injunction, a conspiracy among them to intimidate or injure him on account of such proceedings was indictable and punishable in the federal courts under former § 51 of this title [now this section]. U.S. v. Lancaster, C.C.S.D.Ga. 1891, 44 F. 896.

It is the right of a party to apply for proceeding in the court to enforce respect and obedience to a final decree of a court upon which his interest depended and a conspiracy formed, and a homicide in pursuance thereof having been committed in conspiracy to prevent the exercise of this right—were clearly within former § 51 of this title [now this section]. U.S. v. Lancaster, C.C.S.D.Ga.1890, 44 F. 885.

**16. —— Informers, rights or privileges protected**

The right and privilege of one in return for information enjoyed under the institution and laws of the United States, to aid in the execution of the laws, by giving information to the proper officers of violations of these laws, and to report conspiracy to injure one were given the protection of former § 51 [now this section] against one who conspired to injure one who gave information about informer. U. S. v. Thomas, W.D.Ala.1900, 44 L.Ed. 1150. See also, 20 S.Ct. 458, 44 L.Ed. 1150. See also, 178 Charries, Ga.1895, 15 S.Ct. 959, 158 U.S. 532, 39 L.Ed. 1080.

**17. —— Involuntary servitude, rights or privileges protected**

Statute right secured by Constitution to enforce involuntary servitude prohibited. U.S.Mich.1988, 108 S.Ct. 2751, 487 U.S. 931, 101 L.Ed.2d 788, on remand 852 F.2d 1281.

The right to freedom from slavery or involuntary servitude, except as a punishment for crime, is one secured to every person within the jurisdiction of the United States by U.S.C.A.Const. Amend. 13, and a conspiracy to deprive any citizen of this right was indictable under former § 51 of this title [now this section]. Smith v. U.S., C.C.A.8 (Mo.) 1907, 157 F. 721, 85 C.C.A. 353, certiorari denied 28 S.Ct. 569, 208 U.S. 618, 52 L.Ed. 647.

**18. —— Labor relations, rights or privileges protected**

Right to be free from involuntary servitude was sufficiently definite to be supported by prosecution without violation of defendants due process right to notice of criminality were-examining act as to render possible specific intent that conspiracy statute. U.S. v. Lewis, W.D.Mich.1986, 649 F.Supp. 1109.

the procedure set forth in the National Labor Relations Act, section 151 et seq. of Title 29, and may not serve as the basis for a prosecution under this section. U.S. v. DeLaurentis, C.A.2 (N.Y.) 1974, 491 F.2d 208.

The right of a citizen to organize miners, artisans, laborers or persons in any pursuit, as well as the right of individuals in such callings to unite for their own improvement or advancement, or for any other lawful purpose, is a governmental right of a citizen in all free governments, but it was not a right, privilege or immunity granted or secured to citizens of the United States, by the Constitution or laws, within the right to the protection of and was U.S. v. Moore, C.C.N.D.Ala.1904, 129 F. 630.

The National Labor Relations Act, as amended § 141 et seq. of Title 29, merely tions Act, § 141 et seq. of Title 29, merely creates against encroachment by coercive acts of employees, labor unions or agents, right against interference by all other persons, and it does not safeguard the preexisting right of persons to refrain from joining a labor union against encroachment by coercive employer or labor union agents subject to right by a private person, other than said sections, is not covered by this section, pertaining to conspiracy against rights of citizens secured by the Constitution or laws of the United States. U. S. v. Ellis, S.D.W.Va.1954, 120 F.Supp. 614.

A conspiracy to prevent employees from enforcing their rights under Fair Labor Standards Act, § 201 et seq. of Title 29, was not punishable under former § 51 of this title [now this section] since this was not a conspiracy to injure citizens in exercise or enjoyment of right or privilege secured to them by Constitution or laws of United States. U.S. v. Becke Cake Co., E.D.N.Y.1943, 50 F.Supp. 311, appeal dismissed 64 S.Ct. 320, 320 U.S. 807, 88 L.Ed. 487.

**19. —— Life and liberty, rights or privileges protected**

Punishment may be invoked under this section prohibiting conspiracy against rights of citizens if there is conspiracy causing arrest of Negroes by means of false reports that such Negroes committed criminal acts. City of Greenwood,

734

735

10

Miss. v. Peacock, U.S.Miss.1966, 86 S.Ct. 1800, 384 U.S. 808, 16 L.Ed.2d 944.

If two or more persons conspired to falsely accuse another of crime and carried him before a magistrate on charge that he could be convicted and put to hard labor, having at the time the purpose or design to hire such person or to enable some other person to hire him, they were guilty under former § 51 of this title [now this section], if such accused person was a citizen of the United States, or a citizen by the Constitution of the United States, no matter by what agency secured, or by what authority of the United States, or by privilege secured by the Constitution or laws of the United States. Peonage Cases, M.D.Ala. 1903, 123 F. 671. See, also, Smith v. U.S., Mo.1907, 157 F. 721, 85 C.C.A. 353, certiorari denied 28 S.Ct. 569, 208 U.S. 618, 52 L.Ed. 647.

**20. ——— Personal violence, rights or privileges protected**

Private individuals who take a prisoner from the custody of state officers and murder him to prevent his trial do not thereby deprive him of any right secured by the constitution and laws in violation of U.S.C.A.Const. Amend. 14, and they are not indictable for conspiracy to injure the prisoner. U. S. v. Powell, U.S.Ala. 1909, 29 S.Ct. 690, 212 U.S. 564, 53 L.Ed. 653.

The right of a citizen of the United States, in the custody of a United States marshal under a lawful commitment, to answer for an offense against the United States, to be protected against lawless violence, was a right "secured to him by the constitution or laws of the United States," within the meaning of former § 51 of this title [now this section]. Logan v. U.S., U.S.Tex.1892, 12 S.Ct. 617, 144 U.S. 263, 36 L.Ed. 429.

**21. ——— Public accommodations rights or privileges protected**

Conspiracies by outsiders to assault Negroes for exercising their right to equality in public accommodations under the Civil Rights Act, § 2000a et seq., of Title 42, were not subject only to a civil suit for injunctive relief, but such outsiders were subject to criminal prosecution under this section providing that imprisonment for a conspiracy to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the constitution or laws of the United States, or to op-

736

---

cause of having so exercised the same. U. S. v. Johnson, U.S.Ga.1968, 88 S.Ct. 1231, 390 U.S. 563, 20 L.Ed.2d 132.

**22. ——— Public lands, rights or privileges protected**

A conspiracy to deprive or hinder a citizen of the United States in his right to establish his claim to certain lands under the homestead laws, and to prevent his compliance with those laws was an offense under former § 51 of this title [now this section]. U.S. v. Waddell, U.S.Utah 1884, 5 S.Ct. 35, 112 U.S. 76, 28 L.Ed. 673.

The right of an entryman on public lands under the homestead laws to protection in the free exercise of the rights and privileges secured to him by the constitution and laws was guaranteed by former § 51 of this title [now this section], and whenever the acts complained of were designed to prevent such homestead from exercising such rights in the way of their exercise, or to throw obstructions and privileges, or to injure him in person or oppress a person because he had exercised it, such acts were within such former § 51 and the constitutional power of Congress to make such section. Nixon v. U.S., C.C.A.9 (Idaho) 1923, 289 F. 177, certiorari denied 44 S.Ct. 33, 263 U.S. 703, 68 L.Ed. 515.

**23. ——— Travel, rights or privileges protected**

If predominant purpose of conspiracy is to impede or prevent exercise of right of interstate travel, or to oppress person because of his exercise of that right, then whether or not motivated by racial discrimination conspiracy becomes proper object of this section, pertaining to conspiracy against rights of citizens. U. S. v. Guest, U.S.Ga.1966, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

When a citizen of the United States is committed to the custody of the United States marshal or to a state jail by process issuing from one of the courts of the United States, to be held, in default of bail, to await his trial, on a criminal charge, within the exclusive jurisdiction right, under the constitution and laws of the United States, to be speedy and public trial, and persons who conspired to deprive citizens of such rights were of

---

fers under R.S. § 5508 and if in the commission of such offense murder was committed by them, were liable to the courts for such murder under former R.S. § 5509. U. S. v. Logan, C.C.Tex. 1891, 45 F. 872, reversed on other grounds 12 S.Ct. 617, 144 U.S. 263, 36 L.Ed. 429.

**25. ——— Witnesses, rights or privileges protected**

Homicide victim possessed civil right to be witness in federal prosecution, permitting against rights of victim, where required to support claim that a voluntary scheme to export stolen automobiles, which scheme concerned federal crime. U.S. v. DiNome, C.A.2 (N.Y.) 1992, 954 F.2d 839, certiorari denied 113 S.Ct. 94, 506 U.S. 830, 121 L.Ed.2d 56, certiorari denied 113 S.Ct. 95, 506 U.S. 830, 121 L.Ed.2d 56, habeas corpus dismissed, post-conviction relief denied, habeas corpus denied.

Defendant, who attempted to kill a witness who was to testify before grand jury, could be deemed to have conspired to intimidate the grand jury witness in the "free exercise" or enjoyment of a right of witness agreed to testify only after being held in civil contempt. U.S. v. Walker, C.A.5 (Tex.) 1980, 710 F.2d 1062, certiorari denied 104 S.Ct. 995, 465 U.S. 1005.

Right of a person to be a witness in a federal court or other federal proceeding is within broad protection of this section prescribing conspiracy to violate civil rights. U. S. v. Smith, C.A.9 (Cal.) 1980, 623 F.2d 627.

The right to be a witness in a federal trial is a "civil right" secured by the Constitution and protected from infringement, and deprivation by this section prohibiting conspiracy to deprive a person of right to interfere with federal rights in question is satisfied. U. S. v. Guillotte, C.A.2 (La.) 1981, 652 F.2d 763, certiorari denied 98 S.Ct. 132, 434 U.S. 839, 54 L.Ed.2d 102.

Right to be a witness at a federal criminal trial is right secured by the Federal Constitution and is thus a right protected by this section which prohibits conspiracy to injure any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or

---

laws of the United States. U. S. v. Pacel, II, C.A.1 (N.Y.) 1974, 491 F.2d 1108, certiorari denied 95 S.Ct. 43, 419 U.S. 826, 42 L.Ed.2d 49.

The right of a citizen to appear and testify as a witness before a grand jury in a contest involving a matter under the laws of the United States is a right secured to him by the Constitution or laws of the United States, within former § 51 of this title [now this section]. Foss v. U.S., C.C.A.9 (Mont.) 1920, 266 F. 881.

Right to testify before a federal grand jury without interference from private individuals was one conferred upon the citizen by Constitution and within the meaning of R.S. § 5508. U.S. v. Sanges, C.C.N.D.Ga.1891, 48 F. 78, error dismissed 12 S.Ct. 609, 144 U.S. 310, 36 L.Ed. 445. See, also, U.S. v. Waddell, Ark.1884, 5 S.Ct. 35, 112 U.S. 76, 28 L.Ed. 673; Same v. Lancaster, C.C.Ga.1891, 44 F. 885, 10 L.R.A. 333.

**26. Intent**

Under this section making it unlawful to conspire to injure, etc., citizen in free exercise or enjoyment of right or privilege secured to him by Constitution or laws of United States, specific intent required in prosecution for conspiracy to cast false votes is not attempt to change outcome of federal election, but to have false voters in particular election to exercise their choice of candidate and to have expressions of choice given full value and effect, without being diluted or distorted by casting fraudulent ballots. Anderson v. U. S., U.S.W.Va.1974, 94 S.Ct. 2253, 417 U.S. 211, 41 L.Ed.2d 20.

Since gravamen of offense under this section asserting conspiracy against rights of citizens is conspiracy, requirement that offender must act with specific intent to interfere with federal rights in question is satisfied.

The offenses provided for by former § 51 of this title [now this section] did not consist in the mere banding or conspiring of two or more persons together, but in their banding or conspiring with the intent or for any of the purposes specified. U.S. v. Cruikshank, U.S.La. 1875, 92 U.S. 542, 2 Otto 542, 23 L.Ed. 588.

737

## 18 § 241
### Note 26

**CRIMES** Part I

Requisite specific intent to support criminal conviction on federal civil rights violation. When defendants charged with intentionally use unreasonable force with specific intent to use more force than is necessary under circumstances, jury is required to find that defendants intended to use unreasonable force. U.S. v. Reese, C.A.9 (Cal.) 1993, 2 F.3d 870, certiorari denied 114 S.Ct. 928, 510 U.S. 1094, 127 L.Ed.2d 220.

Government must prove specific intent to deprive a citizen of constitutional rights to sustain a conviction under this section imposing criminal sanctions for conspiracy against right of citizens. U.S. v. Purvis, C.A.5 (Ala.) 1978, 580 F.2d 853, rehearing denied 585 F.2d 520, certiorari denied 99 S.Ct. 1229, 440 U.S. 914, 59 L.Ed.2d 463.

Conviction under this section requires proof that offender acted with a specific intent to interfere with federal rights in question; such requirement does not mean that defendant must have acted with subjective awareness that his action was unlawful; it is enough that the intervention of constitutional rights falls within prohibitions of this section, but offender must have, under these circumstances of case, would have been clearly in violation of federal law, absent any other defense. C.A.D.C.1976, 546 F.2d 910, 178 U.S.App.D.C.1.

Not every conspiracy affecting citizens' constitutional rights falls within prohibition of this section, but offender must have acted clearly in violation of federal law, absent any other defense. C.A.D.C.1976, 546 F.2d 910, 178 U.S.App.D.C.1, 429 U.S. 1120, 51 L.Ed.2d 570.

This section proscribing conspiracy to threaten or intimidate any citizen in the free exercise of his constitutional rights could be applied to illegal breaking of psychiatrist's office allegedly participated in by an officer and employee of the United States, despite contention that under this section the victim must be aware, at the time it occurred, of the injury, threat or intimidation, and contention that, where indictment alleged right under U.S.C.A. Const. Amend. 4 was violated, that victim had to be aware, at the time it occurred, of the Government's particulation in the illegal search. C.A.D.C.1976, 542 F.2d 76, 177 U.S.App.D.C.1.

To prove violation of this section, prosecutor must show that defendant acted with specific intent to interfere with protected federal right. U. S. v. Bradberry, C.A.7 (Ill.) 1975, 517 F.2d 498.

**Proof that defendant actually knew that it was constitutional right that he was violating or was conspiring against is not essential to conviction of violation of this section and section 242 of this title.** U. v. O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

In civil rights conspiracy indictment, not only must specific intent to interfere with federal right be alleged but it must be proven by evidence beyond reasonable doubt. Wilkins v. U. S., C.A.5 (Ala.) 1967, 376 F.2d 552, certiorari denied 88 S.Ct. 342, 389 U.S. 964, 19 L.Ed.2d 359.

Where defendants went upon land held under unperfected homestead entry under laws of the United States, and in good faith believed they owned the land and removed buildings and improvements, there was a question, whether a close one as to most of them, whether their intent was to interfere by the exercise of the Scotts' helpers' right and the character of the acts done, and the rights being violated, whether the land, building and improvements in good faith. Devoe v. U. S., C.C.A.8 (Mo.) 1939, 103 F.2d 584, certiorari denied 60 S.Ct. 84, 308 U.S. 571, 84 L.Ed. 479.

The offense of interfering with an en-tryman is made up of a criminal intention to interfere with exercise of the rights and of acts or acts done in execution of that intention, and whether the acts are com-mitted on or away from the homestead is immaterial, provided there is the requi-site criminal intention to so interfere. James v. U. S., C.C.A.8 (Colo.) 1925, 7 F.2d 545.

The right to graze sheep on public do-main not being peculiar to a homestead entryman, but being open to all, the en-tryman, who had his sheep not being mad- were miles from his settlement on cattle range, had regardless of settlement as cattle range, and attack, with evident motive of preventing sheep from grazing on cattle range, was no evidence of the criminal intent necessary for the offense of inter-

**Ch. 13   CIVIL RIGHTS**

fering with an entryman. James v. U. S., C.C.A.8 (Colo.) 1925, 6 F.2d 545.

**27. Good faith**

Specific intent required to violate this section is purpose of conspirators to commit acts which deprive citizen of his access in fact protected by clearly de-fined constitutional rights; if that pur-pose is present, there is no "good faith" defense because of lack of awareness of conspirators at time they commit pro-scribed acts that they are violating consti-tutional rights. U. S. v. Ehrlichman, C.A.D.C.1976, 546 F.2d 910, 178 U.S.App.D.C.1, 429 U.S. 1120, 51 L.Ed.2d 570.

**28. Coercion**

Government cannot prove conspiracy to violate rights secured by Thirteenth Amendment without proving that con-spiracy involved use or threatened use of physical or legal coercion. U.S. v. Kozminski, U.S.Mich.1988, 108 S.Ct. 2751, 487 U.S. 931, 101 L.Ed.2d 788, on re-mand 852 F.2d 1288.

**29. Overt acts**

Proof of overt act was unnecessary to convict defendant for conspiring to intim-idate family, on account of race, in free exercise and enjoyment of their right to hold and occupy dwelling; conviction re-quires merely that defendant form or join conspiracy, and that he have requisite intent. U.S. v. Skillman, C.A.9 (Cal.) 1990, 922 F.2d 1370, certiorari dismissed 112 S.Ct. 353, 502 U.S. 922, 116 L.Ed.2d 275.

This section prohibiting conspira-cy to deprive person of rights secured to him by the federal Constitution or laws, is complete once the conspiracy is formed, and no overt act is necessary. U.S. v. Williams, C.A.5 (Fla.) 1950, 179 F.2d 644, certiorari granted 71 S.Ct. 77, 340 U.S. 849, 95 L.Ed. 622, affirmed 71 S.Ct. 581, 341 U.S. 70, 95 L.Ed. 758.

Where defendants conspired to threat-en voter to use violence to cause, loss of trade, direct threat to by one of them to effect, and trade was not an overt act under former § 51 of this title [now this section]. U.S. v. Wilcox, D.C.R.I.1917, 243 F. 993.

In order to violate statute which pro-hibits conspiracy to injure, oppress, threaten or intimidate citizen in free exer-cise of right or privilege secured by Con-stitution, there must be showing of agree-ment with specific intent to interfere with exercise of federal right, and at least one overt act taken to accomplish intent of conspiracy. U.S. v. Callahan, E.D.Pa. 1987, 659 F.Supp. 80, affirmed 826 F.2d 1057.

**Under former § 51 of this title [now this section] making it an offense to con-spire to injure citizen in exercise of civil rights, proof need only show that two or more persons conspired or agreed togeth-er to injure, intimidate, threat or op-press a citizen or citizens of the United States in the enjoyment of their rights and privileges under the Constitution or

## 18 § 242
### Note 29

738

739

12

laws of United States, and it is unnecessary to prove additional facts in the nature of overt acts." U.S. v. Ellis, W.D.S.C. 1942, 43 F.Supp. 321.

**30. Double jeopardy**

An acquittal of murder after a regular trial in a state court having full jurisdiction in the premises was a bar to so much of an indictment for conspiring criminally in violation of R.S. § 5508 (embodied herein), and § 5509 (repealed), as sought, by charging defendants with the commission of such murder, to enforce the provision of the latter section, and the offenses committed in carrying out the conspiracy. U.S. v. Mason, U.S.Colo.1909, 29 S.Ct. 480, 213 U.S. 115, 53 L.Ed. 725.

Even though defendant was acquitted on substantive counts of intimidating a witness by force and violence and using a dynamite bomb to commit a felony, double jeopardy and collateral estoppel did not bar his trial and conviction for conspiracy to violate the victim's civil rights by planting a bomb which resulted in the victim's death. U. S. v. Guillette, C.A.2 (Conn.) 1976, 547 F.2d 743, certiorari denied 98 S.Ct. 132, 434 U.S. 839, 54 L.Ed.2d 102.

If the government improperly separated one conspiracy into two to increase its chances of successful prosecution, defendant would have been placed in double jeopardy by prosecution of second conspiracy following acquittal in prosecution based on first conspiracy. U. S. v. O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

The conviction of a defendant under an indictment charging conspiracy to injure voters "in Fifteenth Precinct of Twelfth Ward" in designated city in exercise of their right to vote did not constitute a prior conviction barring prosecution of same defendants on indictment charging conspiracy to injure voters in the "Fifth Precinct of the Twelfth Ward" of the same city in the exercise of their right to vote, notwithstanding that evidence in prior prosecutions tended to show that defendant was party to conspiracy to injure and oppress citizens of entire "Twelfth Ward." Since indictments on their face charged different offenses by charging conspiracy to injure different citizens. U.S. v. Srimsdon, W.D.Mo. 1938, 23 F.Supp. 510.

**31. De minimis doctrine**

Prosecution for conspiracy against citizen's rights in violation of this section was not subject to dismissal on ground of the de minimis doctrine ... (Va.) 1978, 229 F.2d 544, certiorari denied 76 S.Ct. 468, 350 U.S. 982, 100 L.Ed. 850.

**32. Mistake**

Mistake of law will not generally excuse commission of offense; thus, defendant's error as to his authority to engage in particular activity, if based upon mistaken view of legal requirements or ignorance thereof, is mistake of law which ... that he relied upon ... another source, he will still be deemed to have acted with culpable state of mind. U.S. v. Barker, C.A.D.C.1976, 546 F.2d 940, 178 U.S.App.D.C.174.

**33. Private right of action**

Ex-wife could not bring civil action for damages against guardian ad litem, conservator of assets and family accounts in connection with proceedings under federal criminal civil rights statutes. Cok v. Cosentino, C.A.1 (R.I.) 1989, 876 F.2d 1.

This section and § 242 of this title create no private right of action for damages against violation of rights under color of law in no respect provided ... mative relief of nature requested by state prisoner seeking vacation of sentence. Bradley v. U.S., C.A.9 (Wash.) 1968, 394 F.2d 175, certiorari denied 89 S.Ct. 648, 393 U.S. 1033, 21 L.Ed.2d 577, rehearing denied 89 S.Ct. 1279, 394 U.S. 955, 22 L.Ed.2d 493.

Federal criminal statute governing conspiracies against civil rights did not provide for private right of action on behalf of bankruptcy debtors injured as a result of alleged conspiracy between their bankruptcy attorney and bankruptcy trustee to obtain debtors' signatures on blank papers later filed without their knowledge in bankruptcy court. Lorch v. Boyer, N.D.Ind.1996, 929 F.Supp. 319.

Statutes defining certain acts such as bribery and assault as criminal offenses did not create private cause of action which federal investigators failed to arrest defendant for those offenses or for premise. Lamont v. Haig, D.C.S.D.1982, 539 F.Supp. 552.

This chapter does not provide for a private right of action. Saulk v. Bristol-Myers Co., S.D.N.Y.1978, 462 F.Supp. 387.

This section and §§ 242 to 244 of this title relating to punishment by fine or

Statutes making it a crime to conspire to violate constitutional or statutory rights, to willfully deprive persons of constitutional or statutory rights while acting under color of law, to falsify or conceal material fact or to use fraudulent or false statement within jurisdiction of any department or agency of United States or to make false, or public officer to deliver certificate or, or public-officer writing containing statements known to be false did not create private right of action. Moussseaux v. U.S. Com'r of Indian Affairs, D.S.D.1992, 806 F.Supp. 1433, affirmed in part, remanded in part 28 F.3d 786.

Federal statutes governing conspiracies against civil rights and deprivation of rights under color of law do not provide for private right of action. Powers v. Karen, E.D.N.Y.1991, 768 F.Supp. 46, affirmed 963 F.2d 1522.

There is no private right of action under federal statutes providing for criminal liability of persons who conspire to "injure, oppress, threaten or intimidate" any citizen in the free exercise of any right secured by the Constitution. Larson v. Larsen, 871 F.Supp. 718, S.D.Iowa 1987, 671 F.Supp. 718, affirmed 870 F.2d 1095, certiorari denied 110 S.Ct. 135, 493 U.S. 844, 107 L.Ed.2d ...

Statute proscribing conspiracy against rights of citizens (18 U.S.C.A. § 241) does not create any civil rights and does not create private cause of action. Lundy v. Hochberg, N.D.Iowa 1985, 627 F.Supp. 373.

No private right of action inheres under this section concerning rights violated by defendants where no federal law enforcement activity allegedly engaged by defendants which alleged violations of this section, did not state cause of action since this section did not provide a private cause of action. Lamont v. Haig, D.C.S.D.1982, 539 F.Supp. 552.

Portion of complaint brought by residents of Wounded Knee, South Dakota, claiming that military kept from their homes or forcibly confined due to federal...

---

imprisonment for deprivation of civil rights, privileges or immunities, find no application to action for money damages for alleged violation of constitutional rights. Horn v. Peck, W.D.Mich.1955, 130 F.Supp. 536.

**34. Civil liability and actions**

That railroad was endeavoring to avoid compliance with judgment and principles of Labor Board as to manner of electing representatives of its employees, and seeking to control its employees by agreement free from influence of trade union, and had threatened discharge of employees to secure their consent to such wage agreement, was not in excess of its strict legal rights, and insufficient to ... a conspiracy, under common law ... the relief ... subject to injunctive relief. Pennsylvania R. System Federation ... and Allied Lines Federation, No. 90, Pennsylvania R. Co., U.S.Pa.1925, 45 S.Ct. 307, 267 U.S. 203, 69 L.Ed. 574.

This section making it criminal offense to engage in conspiracy to injure, oppress, threaten or intimidate any citizen in free exercise and enjoyment of any right or privilege secured to him by federal Constitution did not give rise to right of action for damages because defendant stated that public document shown by plaintiff in postoffice building was a "lie." Sarelas v. Anagnost, C.A.7 (Ill.) 1964, 333 F.2d 111.

This chapter, insofar as it is constitutional, creates no cause of action against privately owned restaurant assertedly refusing to serve Negroes. Williams v. Howard Johnson's Restaurant, C.A.4 (Va.) 1959, 268 F.2d 845.

Censorship by prison authorities of prisoner's mail and punishment inflicted upon prisoner for violation of prison censorship rules were not violative either of U.S.C.A.Const. Amend. 6, when charged with alleged crime against postal laws of United States, and hence did not give rise to civil action for deprivation of rights. Adams v. Ellis, C.A.5 (Tex.) 1952, 197 F.2d 483.

## 18 § 241
## Note 34

Complaint, alleging that on or about a certain date three persons entered into conspiracy to violate former §§ 51 and 126 of this title [now this section and § 541 of this title, with intent to injure plaintiff in discharge of his duty, by preventing United States Attorney from carrying through request for investigation of malicious practice against plaintiff, and that two of the three persons made statement in writing to the chief of Puget Sound Naval Yard, at which plaintiff worked, which was charged to plaintiff placed the three persons for a cause of action sustained as result of violation of said sections by such persons. Patten v. Dennis, C.C.A.9 (Wash.) 1943, 134 F.2d 137.

Criminal conspiracy statutes, making it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States or to deprive another of such rights, under color of law, on account of alienage, color, or race, provided no basis for civil liability. Moore v. Kamikawa, D.Hawai'i 1995, 940 F.Supp. 260, affirmed 82 F.3d 423.

Federal statute providing for criminal penalties for conspiracies to injure, oppress, threaten, or intimidate any inhabitant of any state, territory or district in free exercise or enjoyment of any right or privilege secured to him by Constitution or laws of United States does not authorize civil suit for damages. Willing v. Lake Orion Community Schools Bd. of Trustees, E.D.Mich.1996, 924 F.Supp. 815.

Statute making it a crime for two or more persons to conspire to deprive another of any constitutional right provided no basis for civil cause of action against tian Baptist Tea Party of Arkansas v. Secretary of State of Ark. E.D.Ark. 1986, 650 F.Supp. 1205.

Attorney General's implied authority to maintain lawsuit which sought to bring about fundamental changes in administration of Philadelphia police force based on police department's allegedly uncon-

## CRIMES Part 1

stitutional practices and policies, and which, if successful, would affect every phase of police work. U. S. v. City of Philadelphia, E.D.Pa.1979, 482 F.Supp. 1248, affirmed 644 F.2d 187.

Violations of this section and sections 242, 371 and 1001 of this title governing conspiracy against rights of citizens, deprivation of rights under color or to the conspiracy to commit offense or to defraud United States, and the making of fraudulent statements did not give rise to civil cause of action. Fiorino v. Turner, D.C.Mass.1979, 476 F.Supp. 962.

This section and section 242 of this title allow for denial of civil rights do not allow for denial of every. U. S. ex rel. Stago v. Arnold, E.D.Pa.1975, 403 F.Supp. 172.

This section proscribing conspiracy against rights of citizens and section 242 of this title depriving rights of persons under color of law do not give rise to civil remedy. Brown v. Peterson, E.D.Pa.1966, 256 F.Supp. 415, certiorari denied 88 S.Ct. 175, 389 U.S. 877, 19 L.Ed.2d 165.

This section prescribing conspiracy against rights of citizens and section 231 of this title giving district courts original jurisdiction to enforce against laws of United States give rise to criminal jurisdiction only, do not provide any civil remedy and have no application to federal Civil Rights Act, section 1981 et seq. of Title 42. Conklin v. Barfield, W.D.Mo. 1971, 334 F.Supp. 475.

This section and section 242 of this title providing for criminal penalties because of conspiracy against right of citizens and deprivation of rights under color of law do not allow a civil recovery. Brown v. Duggan, W.D.Pa.1971, 329 F.Supp. 207.

Confinement in maximum security gave no right of action against warden under this section or section 1983 of Title 42 governing conspiracy against rights of citizens. U. S. ex rel. Verde v. Case, E.D.Pa.1971, 326 F.Supp. 701.

This section and § 242 of this title, providing criminal penalties for conspiring to hinder person from enjoying his constitutional rights or for depriving person under-color-of-law-of-rights-protection under Constitution did not give a private right of action for damages. Sinclair v. Parente, W.D.Pa.1968, 262 F.Supp. 79, 306.

## ch. 13  CIVIL RIGHTS

to deprive any person of his federal civil rights does not provide any civil liability of center agency and civil jurisdiction. Carey v. Piphus, W.D.Mo.1966, 256 F.Supp. 547.

Prisoner claimed that providing right U.S.C.A.Const. Amend. 1 protected right that he was deprived of correction constituted denial of constitutional rights, privileges, and immunities was not entitled to holding that transfer was unconstitutional on theory that this section imposing criminal penalties for violation of individual's civil rights had been violated; only United States can sue thereunder. Roberts v. Pepersack, D.C.Md.1966, 256 F.Supp. 415, certiorari denied 88 S.Ct. 175, 389 U.S. 877, 19 L.Ed.2d 165.

Actions of civil nature cannot be brought under this section imposing criminal penalties for violation of individual's civil rights.

Neither § 371 of this title nor this section creates civil cause of action. Bryant v. Donnell, W.D.Tenn.1965, 239 F.Supp. 681.

Under R.S.Mo.1954, c. 126, §§ 7, 32, where prisoner's confinement in federal prison was pursuant to a judgment of conviction in superior court, and convictions pursuant to an agreement between federal and state authorities to hold prisoner for safekeeping in federal prison rather than the state prison, and where prisoner alleged that conviction was based upon perjured testimony, post-conviction remedy of error coram nobis was available to prisoner, and therefore prisoner did not have a cause of action for conspiracy to deprive him of his constitutional right to apply for writ of habeas corpus by removing him from jurisdiction of court and in preventing him from prosecuting action in forma pauperis. Duncan v. Payson, D.C.Me.1960, 183 F.Supp. 620.

This section with respect to punishment for conspiracy against right of inhabitant to enjoyment of some right granted or secured by the Constitution, and § 242 of this title relating to punishment for deprivation under color of law of rights afforded by Criminal Code and civil rights law, and therefore federal district court could not assume jurisdiction of a civil action for damages under said sections.

## 18 § 241
## Note 35

Devlin, E.D.Mich.1958, 167 F.Supp. 638, affirmed 268 F.2d 211.

This section and § 242 of this title, providing punishment by fine or imprisonment for persons conspiring to injure, oppress, threaten or intimidate any citizen in the free exercise and enjoyment of any right or privilege secured by the Constitution or federal laws, and like punishment of person who under color of law willfully subjects any citizen to the deprivation of such rights, privileges or immunities or to different punishments on account of color or race, have no application to the plaintiff's proposed civil action for damages. Matthis v. Hoyt, W.D.Mich.1955, 136 F.Supp. 119.

This section has no application to a civil action for money damages for alleged violation of these rights. Copley v. Sweet, W.D.Mich.1955, 133 F.Supp. 502, affirmed 234 F.2d 660, certiorari denied 77 S.Ct. 138, 352 U.S. 887, 1 L.Ed.2d 91.

Plaintiff in a civil conspiracy case has the burden of proving the existence of a conspiracy which it alleges exists. American F. General Elec. Co., D.C.D.C. 1954, 127 F.Supp. 934, affirmed in part, vacated in part, on other grounds 231 F.2d 259, 97 U.S.App.D.C. 306, certiorari denied 77 S.Ct. 95, 352 U.S. 872, 1 L.Ed.2d 76.

Civil actions against superintendent and physician of State Farm for injuries sustained by inmate could not be based on former §§ 51, 52 of this title [now this section and § 242 of this title] making it a crime for one or more person to deprive another of civil rights. Gordon v. Garrson, E.D.Ill.1948, 77 F.Supp. 477.

### 35. Indictment or Information—Generally

An indictment charging a conspiracy to injure a citizen with intent to prevent his exercise of rights secured by the Constitution, and must charge positively and not inferentially everything essential. U.S. v. Cruikshank, U.S.La.1875, 92 U.S. 542, 2 Otto 542, 23 L.Ed. 588.

'Duplicitous Indictment' was one charging two separate crimes in the same count; thus, indictment charging single

**CRIMES**   Part 1

conspiracy to violate civil rights of several persons. U. S. v.
Ellis, C.A.3 Pa., 1979, 595 F.2d 154, certiorari denied 100 S.Ct. 75, 444 U.S.
836, 61 L.Ed.2d 49.

Evidence tending to show that single key man was in and directed acquisition of illegal absentee ballots, which, with various combinations of other defendants signed as witnesses, all individual efforts being directed toward illegal acquisition of ballots as part of larger plan to steal election did not fatally vary from indictment charging single conspiracy against rights of citizens. U. S. v.
Morado, C.A.5 Tex., 1972, 454 F.2d 167, certiorari denied 92 S.Ct. 1767, 406 U.S.
917, 32 L.Ed.2d 116.

Indictment under this section must allege that it was intent of defendants to injure their conspiracy; to hinder or prevent enjoyment of some right secured by Constitution... is not necessary that by Constitution confidentially everything essential, although it is not necessary that conspiracy or describe it with same degree of particularity required in indictment for substantive offense, nor is it necessary to aver any overt act. Wilkins v. U. S. CA.5 (Ala.) 1967, 376 F.2d 552, 964, 19 L.Ed.2d 379.

In an indictment for conspiracy, it is not necessary to set out in detail the evidence of conspiracy or to describe it with same degree of particularity as is required in an indictment for the substantive offense. Crolich v. U. S., C.A.5 (Ala.) 1952, 196 F.2d 879, certiorari denied 73 S.Ct. 36, 344 U.S. 830, 97 L.Ed. 646.

In prosecution for conspiracy to make fraudulent count and return votes in congressional election, charge to grand jury, containing scathing denunciation of election crimes and frauds, and urging grand jury to indict offenders, where court did not mention sufficiency of evidence on which indictments were returned. Walker v. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 383, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 755, 303 U.S. 668, 82 L.Ed. 1124, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124.

The crime denounced by former § 51 of this title [now this section] was an

infamous crime and one which had to be presented by a grand jury and not capable upon information 38 F. 836.
... which could be tried upon information ... to convict for conspiracy under R.S. §5508, embodied herein, and § 5520 (repealed), it was not necessary to find that ... conspiracy ... was formed ... against the voter named in the indictment ... U. S. v. Butler, C.C.S.C.1877, 25 F.Cas.
226, No. 14701.

**36.    —— Definitions, indictment or information**

Indictment charging conspiracy to injure another in exercise of civil rights was not defective in vaguely stating object of conspiracy. U. S. v. Butler, C.C.S.C.1876, 25 F.Cas.
226, No. 14701.

An indictment under former § 51 of this title [now this section] which charges that defendants conspired... to... that certain named persons... citizens... Kentucky over twenty-one years of age... in... this title from exercise and enjoyment of a right... were citizens, and that it is insufficient ... at indefinite, in that it failed to state what particular right and privilege was meant, though it continued with a recital that defendants were officers of an election... precinct, conspired together "for the purposes aforesaid," and "to carry out and effect the object of the same" failed to open the polls promptly, and by a tacit... discharge of their duties and frequent... sences prevented the persons named from voting. McKenna v. U.S., C.C.A.6 (Ky.)
1904, 127 F. 88, 62 C.C.A. 88.

**37.    —— Joinder of counts, indictment**

Since R.S. § 5508 defined and punished a conspiracy against the civil rights of a citizen, and R.S. § 5509 provided for an additional punishment for a felony committed in pursuance thereof, and indictment which united a count for conspiracy with another count for a murder committed in pursuance thereof was not bad for misjoinder. U.S. v. Lancaster, C.C.S.D.Ga.1890, 44 F. 885.

**38.    —— Identification of injured persons, indictment or information**

Indictment charging that election inspectors conspired to record votes falsely injuring voters, was not demurrable for failure to name... B. a citizen of the United States, in the free exercise of his privilege of contracting and being contracted with, and his right of personal security and personal liberty... An indictment charging a conspiracy to deprive negro voters of their right to vote is a congressional election, in violation of § 19 of this title [now this section] did not have to allege the names of the negro voters whom defendants intended

Ch. 13    **CIVIL RIGHTS**

... injure. U. S. v. Stone, D.C.Md.1911, 188 F. 836.

... to convict for conspiracy under R.S.
§5508 ...

**—— Citizenship, indictment or information**

An indictment under former § 51 of this title [now this section] for conspiracy to injure, oppress, threaten, or intimidate any citizen in the free exercise of any right or privilege secured by the constitution or laws of the United States must aver that the persons conspired against were citizens, and it is insufficient merely to allege that they were officers ... injured in the discharge of their official duties.   U. S. v. Patrick, C.C.M.D.Tenn.1892, 53 F. 356.

**——   Overt acts, indictment or information**

... any averment of overt act as civil rights ... not necessary ... conspiracy ... indictment must necessarily ... referred to charge of conspiracy as describing or particularizing such charge. Wilkins v. U.S., C.A.5 (Ala.) 1967, 342, 964, 19 L.Ed.2d 379.

In an indictment under former § 51 of this title [now this section] for conspiracy to deprive a citizen of a right secured by the Constitution or laws of the United States, it was not necessary to charge an overt act, and any averment in such an indictment of acts done must necessarily have been referred to the charge of conspiracy as describing or particularizing such charge.   Smith v.
U.S., C.A.8 (Mo.) 1907, 157 F. 721, 85 C.C.A.A. 353, certiorari denied 28 S.Ct.
569, 208 U.S. 618, 52 L.Ed. 647. See, also, Montoya v. U.S., C.C.A.N.M.1919, 262 F. 759.

Where in indictment charged that defendants conspired to injure, oppress, threaten, and intimidate B., a citizen of the United States...

**18 § 241
Note 41**

work for a long period of time for the defendant, the indictment did not state an offense within former § 51 of this title [over jurisdiction of the federal courts, under former § 51 of this title [now this section], the citizen's right to ... personal liberty and security being within the ... primary jurisdiction of the state. U.S. v. Eberhart, C.C.N.D.Ga.1899, 127 F. 254.

In prosecution for conspiracy to injure citizen in exercise of right to vote, indictment need not allege any overt act in furtherance of conspiracy, U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

**41.    —— State action, indictment or information**

Portion of indictment which charged defendants with conspiracy to deprive Negroes of right to equal utilization of state owned or managed facilities was expressly alleged that ties of conspiracy ... the means of accomplishing the object of conspiracy was "by causing the arrest of such Negroes by means of false reports that such Negroes had committed criminal ... contained allegation of state involvement sufficient to require dismissal ... motion to dismiss.   U.S. v. Guest, 1966, 86 S.Ct. 1170, 383 U.S.
745, 16 L.Ed.2d 239.

Indictment alleging that sheriff, deputy sheriff and patrolmen, under color of law, participated in conspiracy to punish three persons without due process from county jail at such time would and would nonofficial defendants threaten, assault, intercept ... harm, alleged state action ... shoot and conspiracy ... within ambit of ... bringing ... U.S. v.
Price, U.S.Miss.1966, 86 S.Ct. 1152, 383 U.S. 787, 16 L.Ed.2d 267.

Conspiracy by defendants in which officials were connived, in order to dilute through ballot box "stuffing" the constitutionally protected right of suffrage, was within the language of this section, whether the conspiracy was directed at an election for state or federal office.   U. S. v. Anderson, C.A.4 1973, 481 F.2d 685, certiorari denied 94 S.Ct. 548, S.Ct. 720, 414 U.S. 1091, 38 L.Ed.2d 548, affirmed 94 S.Ct. 2253, 417 U.S. 211, 41 L.Ed.2d 20.

In actions for injury to persons or property... state or federal action more may be a necessary element to a claim made under

744

745

section 1985 of Title 42; however, in actions for deprivation of rights protected from infringement solely by state, or federal authorities, some state or federal action that infringes on plaintiff's rights or results in unequal treatment may be necessary. Silkwood v. Kerr-McGee Corp., C.A.Okla.1977, 558 F.2d 1378, certiorari denied 98 S.Ct. 1318, 434 U.S. 1045, 55 L.Ed.2d 176, 28 L.Ed.2d 473.

**42. —— Cases sufficient, indictment or information**

Portion of indictment charging defendants with conspiracy to deprive Negroes of right to travel to and from state and to use state's facilities charged offense under statute pertaining to conspiracy against rights of citizens, since right to travel from one state to another is constitutionally protected. U. S. v. Guest, U.S.Ga.1966, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Indictment alleging that defendants conspired together to injure, oppress, threaten and intimidate three persons in free exercise and enjoyment of rights and privileges secured to them by U.S.C.A.Const. Amend. 14 not to be deprived of life or liberty without due process of law or liberty without color of laws of state property charged conspiracy in violation of this section. U. S. v. Price, U.S.Miss.1966, 86 S.Ct. 1152, 383 U.S. 787, 16 L.Ed.2d 267.

An information charging that one L. made a fraudulent entry on land, that he would reside thereon and cultivating said land for the purpose of perfecting his right to the same, defendants conspired to prevent him from exercising his rights, went upon said land in disguise, and with force and arms drove him from the same, charged an offense under former § 5l of this title [now this section]. U. S. v. Wad-

dell, U.S.Ark.1884, 5 S.Ct. 35, 112 U.S. 76, 28 L.Ed. 673.

**Right to testify at trial is one secured by the Constitution and, accordingly, a conspiracy charged under this section to injure a witness for having testified for the United States in prosecution of plaintiff for civil rights violation by plaintiff states a federal crime. U.S. v. Phevis, C.A.5 (Fla.) 1982, 665 F.2d 616, rehearing denied 671 F.2d 1379, certiorari denied 102 S.Ct. 2303, 456 U.S. 1008, 73 L.Ed.2d 1403, certiorari denied 102 S.Ct. 3499, 458 U.S. 1109, 73 L.Ed.2d 1370, certiorari denied 671 F.2d 616, 102 S.Ct. 57, 459 U.S. 825, 74 L.Ed.2d 61.

Since defect of duplicity in indictment could have been cured before case went to jury on counts of indictment which submitted to jury, and contention was raised in trial court, contention was not to be deprived of life or liberty without due process of law and to consider them disqualified persons to imper...**

Indictment charging that defendants conspired "to injure, oppress, threaten and intimidate" citizen inmates "in the free exercise and enjoyment of the right secured to them by the Constitution and the laws of the United States" was legally sufficient even though indictment did not expressly allege that defendant specifically intended to deprive citizens... U. S. v. Ellis, C.A.5 (Pa.) 1979, 595 F.2d 154, certiorari denied 100 S.Ct. 75, 444 U.S. 838, 62 L.Ed.2d 49.

Indictment charging conspiracy to injure, oppress, threaten and intimidate voters in their personal right within meaning of former § 51 of this title [now this section], as against contention that personal interest of voters merged, on casting of ballots, in general public interest in honest record and count of votes cast, Walker v. U.S., C.A.8 (Mo.) 1937, 93 F.2d 383, certiorari denied 58 S.Ct. 542, 302 U.S. 744, 82 L.Ed. 575, rehearing denied 58 S.Ct. 757, 303 U.S. 668, 82 L.Ed. 1124, certiorari denied 58 S.Ct. 759, 303 U.S. 668, 82 L.Ed. 1124.

Indictment charging conspiracy to injure another in exercise of civil rights secured by former § 51 of this title [now this section] in preventing partisan another in exercise of civil rights secured such other person informed federal agents of allegedly unlawful movement of alcohol was not defective for failure to plead impeding violation in-

volving untax-paid distilled spirits, and that distilled spirits had been removed from distillery and brought upon premises which were not a distillery. Nicholson v. U.S., C.C.A.8 (Mo.) 1935, 79 F.2d 387.

Under indictment charging conspiracy to injure another in exercise of civil rights because some other person informed federal agents of allegedly unlawful movement of alcohol, allegation to give names of officers of United States and had authority to receive information, or that there were any non-demurrable because not charging federal crime. U. S. v. Plevis, C.C.A.2 (N.Y.) 1933, 66 F.2d 529.

Indictment charging defendant with conspiracy to injure and oppress postmaster in the exercise of rights secured to him by Constitution and laws of the United States sufficiently set forth acts constituting purpose of conspiracy. U. S. v. Classic, C.A.8 (Okla) 1935, 9 F.2d 506.

Indictments under former § 51 of this title [now this section] for conspiracy to injure persons in exercise of civil rights, and that in pursuance of such conspiracy they threatened and intimidated persons to prevent them from furnishing munitions, ships, and supplies to the government for war purposes under sales, orders and contracts sufficient. Anderson v. U.S., C.C.A.9 suffi-cient. Anderson v. U.S., C.C.A.9 (Colo.) 1922, 283 F. 960.

An indictment under former § 51 of this title [now this section], charging defendants with conspiracy to intimidate their rights, and that in pursuance of such conspiracy they threatened and intimidated persons to prevent them from furnishing munitions, ships, and supplies press, and intimidate persons named and

other persons unknown, alleged to be "qualified voters and entitled to vote at said election," in the exercise of their right to vote at an election for Senator and Representative in Congress, was not insufficient because it did not repeat the averment that such person was a registered, which is alleged to be the state was required to entitle them to vote. that a further object of the conspiracy was to injure and oppress certain of the citizens in the exercise of their right to act as election officers and to be free from arrest without due process of law. Aczel v. U.S., C.C.A.7 (Ind.) 1916, 232 F. 652, 146 C.C.A. 578.

An indictment, alleging that accused added and abetted two persons named who conspired to deprive citizens of their right to vote at a congressional election by having the ballot for the other two with knowledge of their purpose, was sufficient as against a demurrer. U. S. v. Stone, D.C.Md.1911, 188 F. 836.

An indictment which charged the accused, in the language of former § 51 of this title [now this section] with having conspired to injure and intimidate a citizen named in the free exercise of a right secured to him by the Constitution and laws, averred that such right was the right to be elected by an arresting, guarding, and compelling him by threats and intimidation to work against his will for the defendants, which charged the offense, and did not have to exclude the defendants from the operation of the exception in U.S.C.A.Const. Amend. 13 by an averment that such person was not held in servitude as a punishment for crime. Smith v. U.S., C.C.A.8 (Mo.) 1907, 157 F. 721, 85 C.C.A. 353, certiorari denied 28 S.Ct. 569, 208 U.S. 618, 52 L.Ed. 647.

Under former § 51 of this title [now this section] an indictment charging one who having conspired to injure, oppress, threaten, and intimidate a United States marshal and his posse, and to deprive them of their constitutional right to arrest him on legal process, and resulting in the killing of the deputy marshal, was not objectionable as charging defendant with both conspiracy and murder. U.S. v. Davis, C.C.W.D.Tenn.1900, 103 F. 457.

A decree settling the title to land is a judicial and conclusive determination of the subject-matter and of the parties, and hence an indictment which prevented the suit, and hence an indictment alleging that defendants conspired to prevent the complaining witness from going to the suit would oppress the citizen in an exercise of a right to vote was not-defective by-reason of its failure forcing the decree of the federal court, but was not-defective by-reason of the failure to specially allege that the complaining witness was a citizen of a different state from defendants. U.S. v. Lancaster, C.C.S.D.Ga.1890, 44 F. 885.

The indictment was not defective by reason of its failure to set out the decree, which the complaining witness sought to enforce, or to specifically describe the federal statute which defendants violated by the formation of the conspiracy. U.S. v. Lancaster, C.C.S.D.Ga.1890, 44 F. 885.

Indictment which alleged that present, false evidence and report employee agreed with other employees to prevent, false, evidence and report sufficiently charged criminal conspiracy to deprive prisoner of constitutional right where the indictment also charged that prison official actually prepared and signed a false report by which prisoner could have maintained § 1983 action against prison employee. U.S. v. Wallace, S.D.Tex.1987, 673 F.Supp. 205.

Overt acts of two meetings between defendant and a federal witness and one another federal witness whereabouts as showing that one defendant actually searched for the witness in California was sufficient to allege charge of conspiracy against defendant. U.S. v. Bunting, S.D.N.Y.1981, 518 F.Supp. 1190.

Indictment charging conspiracy to violate civil rights of another was explicit enough to allow defense to elect their investigation and defense efforts with knowledge of what Government contended was illegal. U.S. v. Thevis, N.D.Ga. 1979, 474 F.Supp. 117, affirmed 665 F.2d 616, rehearing denied 671 F.2d 1379, certiorari denied 102 S.Ct. 2300, 456 U.S.-1008,-72-L.Ed.2d-1303,-certiorari denied 102 S.Ct. 3489, 458 U.S. 1109, 73 L.Ed.2d 1370, certiorari denied 103 S.Ct. 57, 459 U.S. 825, 74 L.Ed.2d 61.

Indictment charging defendants with conspiracy to injure and oppress qualified voters of certain voting precincts in exercise of right to vote by having certain of such voters vote in precincts of which they were not entitled to vote, and by refusing to issue registration certificates, indictment was not defective because of reference to citizen as "qualified elector" on ground that in South

judiciary charged offense of conspiracy against rights of citizens in violation of this section, notwithstanding the indictment alleging that this citizen was prevented from voting because the did not have registered as voters, notwithstanding did not charge that the election results were materially affected by the alleged conspiracy. U. S. v. Chandler, S.D.W.Va.1957, 157 F.Supp. 753.

Indictment alleging that divers persons conspired with each other to injure and oppress United States citizens and particularly their rights of suffrage was sufficient to charge an offense under this section, notwithstanding the indictment did not charge that the election results were materially affected by the alleged conspiracy. U. S. v. Skurla, W.D.Pa. 1954, 126 F.Supp. 713.

In prosecution for conspiring to injure citizen in exercise of right to vote, indictment alleging that victim of conspiracy was entitled to vote, that she was entitled to have vote counted, that she registered with every requirements for voter, that she was a qualified voter, that she was a registered voter, and was a citizen entitled to vote, sufficiently charged that victim was a citizen and was a qualified voter and was entitled to place and membership of registration certificate and was a citizen entitled to vote, that she was entitled to have vote counted. U.S. v. Ellis, W.D.S.C. 1942, 43 F.Supp. 321.

In prosecution of members of election board of registration for conspiracy by refusing citizens registration certificates, indictment which clearly alleged that citizens did not have certificates of registration when they presented themselves to the board would not be quashed on ground that term "qualified elector" used with reference to citizens presented themselves a board in South Carolina. U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

In prosecution of members of election board of registration for conspiracy to injure citizen in exercise of right to vote, indictment was not demurrable on ground that members of board while acting as a board could not conspire, where charging part of indictment charged the defendant-board-and-charged-the-defendants-as-individuals. U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

In prosecution against members of election board of registration for conspiracy to injure citizens in exercise of right to vote by refusing to issue registration certificates, indictment was not defective under this section penalizing conspiracy to injure any citizen in the free exercise of any right secured to him by the Constitution or laws of the United States notwith-

Carolina the quoted term meant a registered elector, where it was clearly alleged that citizen was prevented from voting because she did not have registered as voters. U.S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

In indictment for conspiracy to make false count of votes, it was not necessary to set out full ballots, tally sheets, and certificates therein referred to. U. S. v. Buck, W.D.Mo.1937, 18 F.Supp. 213, affirmed 93 F.2d 383, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, rehearing denied 58 S.Ct. 755, 303 U.S. 668, 82 L.Ed. 1124, affirmed 93 F.2d 395, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

Indictment for conspiracy to make false count of votes sufficiently that charged fraudulent registered voter. U.S. v. Buck, W.D.Mo.1937, 18 F.Supp. 213, affirmed 93 F.2d 383, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, rehearing denied 58 S.Ct. 755, 303 U.S. 668, 82 L.Ed. 1124, affirmed 93 F.2d 395, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

Indictment for conspiracy to make false return of votes alleged sufficiently that purpose of conspiracy was to make false count of votes cast for state Congress rather than votes cast for candidate for Congress. U. S. v. Buck, W.D.Mo.1937, 18 F.Supp. 213, affirmed 93 F.2d 383, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, rehearing denied 58 S.Ct. 755, 303 U.S. 668, 82 L.Ed. 1124, affirmed 93 F.2d 395, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

**43.  ——  Cases Insufficient, Indictment or information**

An indictment against member of city police force and employees of a private corporation in extorting confessions by other employees by the "third degree" was insufficient to charge an offense under this section penalizing conspiracy to injure any citizen in the free exercise of any right secured to him by the Constitution or laws of the United States notwith-

**18 § 241**
**Note 46**

CRIMES  Part I

**18 § 241**
Ch. 13  CIVIL RIGHTS  **Note 54**

ri denied 97 S.Ct. 1155, 429 U.S. 1120, 51 L.Ed.2d 570.

**47. Voir dire**

Trial court did not err in refusing to strike for cause all blacks, Hispanics, and Jewish jurors in prosecution for conspiracy to injure, oppress, threaten, and intimidate black and Hispanic citizens in free exercise of their constitutional rights, conspiracy to deprive Jewish citizens of their constitutional rights, and using firearm during commission of § 1982 offense. U.S. v. Ebens, C.A.5 (Tex.) 1992, 968 F.2d 433, rehearing denied, certiorari denied 113 S.Ct. 1390. 507 U.S. 963, 122 L.Ed.2d 766.

Where, in prosecution of former presidential assistant for perjury and conspiracy to deprive citizens of his civil rights, voir dire of jury showed that there was no significant risk to fair trial as result of pretrial publicity, and where Senate Watergate hearings had occurred almost one year before trial commenced and defendant and others prosecuted with him had not been under indictment while such hearings were in progress, trial court did not err in refusing to continue trial to allow sufficiently the potential publicity to fade. U.S. v. Ehrlichman, C.A.D.C.1976, 546 F.2d 910, 178 U.S.App.D.C. 144, certiorari denied 97 S.Ct. 1155, 429 U.S. 1120, 51 L.Ed.2d 570.

**48. Jury trial**

Ordering sequestration of jury during trial did not constitute an abuse of discretion where trial judge properly believed that offer of proof by defendant's counsel, in prosecution of police officer and another for conspiracy to deprive citizen of his rights by subjecting him to physical injury, was sufficiently specific to warrant concern that matters involved in offer of proof might somehow come to jury's attention. U.S. v. Robinson, C.A.7 1974, 503 F.2d 208, certiorari denied 95 S.Ct. 1333, 420 U.S. 949, 43 L.Ed.2d 427.

**49. Severance**

Mere presence of hostility among defendants or desire of one to exculpate himself, government must prove that defendant knowingly joined a conspiracy to injure, oppress, threaten or intimidate him in the free exercise or enjoyment of his civil rights and that an overt act was committed in furtherance of the conspiracy. U.S. v. Kimble, C.A.5 (La.)

Mere assertion by defendant police officer, in prosecution of police officers and others for conspiracy to injure and oppress United States citizens in exercise ... U.S. v. Robinson, C.A.7 (Ill.) 1974, 503 F.2d 208, certiorari denied 95 S.Ct. 1333, 420 U.S. 949, 43 L.Ed.2d 427.

**50. Order of trial**

Allowing government to close argument, jury in conspiracy prosecution was not error. Wilkins v. U.S., C.A.5 (Ala.) 1967, 376 F.2d 552, certiorari denied 88 S.Ct. 342, 389 U.S. 964, 19 L.Ed.2d 379.

**51. Presumptions**

In prosecution for conspiracy to injure United States citizens in enjoyment of privileges as such, presumption of citizenship arose from testimony of person injured that he had voted in United States. Hoffman v. U.S., C.C.A.10 (Colo.) 1933, 68 F.2d 101.

**52. Burden of proof**

Under this section making it unlawful to conspire to injure, etc., citizen in the exercise or enjoyment of right or privilege secured to him by Constitution or laws of United States, prosecution must show that offender acted with specific intent to interfere with the federal rights in question. Anderson v. U.S. (Ala.) 1966, 362 F.2d 992.

Sheriff's conduct asserted to be contemptuous, as in violation of injunction restraining interference with voting registration efforts and demonstrations, was at least arguably violation of this section, so that sheriff would be entitled to jury trial in criminal contempt proceeding. Clark v. Boynton, C.A.5 (Ala.) 1966, 362 F.2d 992.

To convict for conspiracy to violate civil rights, government must prove that defendant knowingly joined a conspiracy to injure, oppress, threaten or intimidate another in free exercise of his civil rights and that an overt act was committed in furtherance. U.S. v. Kimble, C.A.5 (La.) 1985, 719 F.2d 1253, certiorari denied 104 S.Ct. 984, 464 U.S. 1073, 79 L.Ed.2d 219.

Upon prosecution of election officials and others for conspiracy to injure and oppress United States citizens in exercise of right to vote and have vote counted, section prescribing this section does not require that the injury suffered or sought be to federally guaranteed right, but government of any right, privilege or enjoyment ... U.S. v. Nathan, C.A.7 (Ill.) 1956, 238 F.2d 401, rehearing denied 77 S.Ct. 664, 353 U.S. 910, 1 L.Ed.2d 663, rehearing denied 77 S.Ct. 859, 353 U.S. 951, 1 L.Ed.2d 860.

Government was bound to prove every essential fact necessary to constitute conspiracy to injure and intimidate voters. U.S. v. Kantor, C.C.A.2 (N.Y.) 1935, 78 F.2d 710.

To establish violation of statute for defendant's use of fire while exercising right, defendant's use of conspiracy prosecution was required to prove commission of felony ... U.S. v. Hayward,

To establish claim for conspiracy to injure, oppress, threaten or intimidate citizen in free exercise and enjoyment of any right or privilege secured to that citizen by the United States, government must prove, beyond reasonable doubt, that defendants acted in an injurious, oppressive, threatening, or intimidating manner, and that those persons were the United States, and defendants were ... that defendants acted with specific intent to deprive a citizen of a constitutionally protected right. U.S. v. Lewis, W.D.Mich. 1986, 644 F.Supp. 1391, motion for reconsideration was denied 649 F.Supp. 1109, affirmed

840 F.2d 1276, certiorari denied 109 S.Ct. 234, 488 U.S. 894, 102 L.Ed.2d 224.

**53. Evidence—Generally**

Declaration of conspirator must be charged if declaration is to be admissible against the partner. Anderson v. U.S. U.S.W.Va.1974, 94 S.Ct. 2253, 417 U.S. 211, 41 L.Ed.2d 20.

In prosecution for conspiracy to injure and oppress voters of certain precinct through depriving them of an honest count and honest certification of ballots cast, government could prove its case by either direct or circumstantial evidence or by both. Devoe v. U.S., C.C.A.8 (Mo.) 1939, 103 F.2d 584, certiorari denied 60 S.Ct. 84, 308 U.S. 571, 84 L.Ed. 479.

Where the government relies upon circumstantial evidence to establish a conspiracy, the circumstances relied on must be not only consistent with the guilt of the defendants but must be inconsistent with their innocence. Shannahgara v. U.S., C.C.A.8 (Mo.) 1938, 99 F.2d 857. See, also, Cartelio v. U.S., C.C.A.Mo. 1938, 93 F.2d 204.

A conspiracy is the gist of the offense of conspiring to injure citizens in exercise of right secured by federal constitution or right secured by federal law, and may be proved beyond a reasonable doubt. U.S. v. Buck, W.D.Mo.1938, 23 F.Supp. 503.

**54. —— Admissibility of evidence**

In prosecution for conspiring to injure, etc., citizen in the free exercise of enjoyment of his rights or privilege secured to the United States was to deprive a citizen of the rights of the ten constitutional rights, guilt in proving that defendants engaged in conspiracy to cast fictitious

Where consider presence defendant was prosecuted who was prosecuted on to injure persons officials in exercise of right called to no witness, in evidence evidence addited by witnesses for other defendants could be considered against him. Dhillus v. U.S., C.C.A.3 (Pa.) 1935, 79 F.2d 371.

The payment of money to achieve a false registration may be evidence that such money was paid for the purpose of depriving citizens of the right to vote or to have their vote or votes truly counted.

**18 § 241**

**Note 64**

**CRIMES**  Part I—  Ch. 13   CIVIL RIGHTS

**18 § 242**

repetition in testimony and to properly restrict examination of witnesses by multiple counsel, and were not prejudicial. Posey v. U.S., C.A.5 (Miss.) 1969 416 F.2d 545, certiorari denied 90 S.Ct. 964, F.2d 545, certiorari denied 90 S.Ct. 964, 397 U.S. 946, 25 L.Ed.2d 127, rehearing denied 90 S.Ct. 1267, 397 U.S. 1031, 25 L.Ed.2d 544, certiorari denied 90 S.Ct. 965, 397 U.S. 946, 25 L.Ed.2d 127, certiorari denied 90 S.Ct. 966, 397 U.S. 946, 25 L.Ed.2d 127.

In prosecution for conspiracy against citizens' rights in violation of election laws, that prosecution cross-examined adverse witness regarding statements which he had given to federal bureau of investigation during investigation preceding prosecution did not require reversal of convictions where at time statements were read defendants made no objection or any suggestion that it was inadmissible or any suggestion that it was inadmissible and court had instructed that what the witness said ... U.S. v. Wilkey, C.A.5 (Ala.) 1955, 225 F.2d 544, certiorari denied 76 S.Ct. 468, 350 U.S. 982, 100 L.Ed 850.

**65.  Reversal**

Conviction of one defendant of conspiracy to oppress laborers in enjoyment of their federal right to be free from involuntary servitude not resulting in death was not subject to reversal even though defendant is two coconspirators were convicted of conspiracy to oppress laborers in enjoyment of their federal right to be free from involuntary servitude resulting in the death of one laborer, and only one conspiracy had been charged and proven at trial, since verdict with regard to first defendant was a legally unassailable product of jury lenity. U.S. v. Harris, C.A.4 (N.C.) 1983, 701 F.2d 1095, certiorari denied 103 S.Ct. 3554, 463 U.S. 1214, 77 L.Ed.2d 1400.

(June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90–284, Title I, § 103(b), 82 Stat. 75; Nov. 18, 1988, Pub.L. 100–690, Title VI, § 6006(b), Title XXXII, § 320103(a), 102 Stat. 4339, 4512; Sept. 13, 1994, Pub.L. 103–322, Title VI, § 60006(b), Title XXXII, § 320103(b), 320201(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970, 2109, 2147; Oct. 11, 1996, Pub.L. 104–294, Title VI, §§ 604(b)(14)(B), 607(a), 110 Stat. 3507, 3511.)

**HISTORICAL AND STATUTORY NOTES**

**Revision Notes and Legislative Reports**

1948 Acts. Based on Title 18 U.S.C., 1940 ed., § 52 (Mar. 4, 1909, c. 321, § 20, 35 Stat. 1092 [Derived from R.S. § 5511]).

Reference to persons causing or procuring was omitted as unnecessary in view of definition of "principal" in § 2 of this title.

A minor change was made in phraseology. 80th Congress House Report No. 304.

**1968 Acts.** Senate Report No. 721, see 1968 U.S. Code Cong. and Adm. News, p. 1837.

**1988 Acts.** For Related Reports, see 1988 U.S. Code Cong. and Adm. News, p. 5937.

**1994 Acts.** House Report Nos. 103–324 and 103–489, and House Conference Report No. 103–711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

**1996 Acts.** House Report No. 104–788, see 1996 U.S. Code Cong. and Adm. News, p. 4021.

**Amendments**

**1994 Amendments.** Pub.L. 103–322, § 6046(b)(4)(B), repealed duplicative amendment by section 320103(b)(1) of Pub.L. 103–322, which required no change in text. See Repeals and Effective Date notes under this section.

Pub.L. 104–294, § 607(a), substituted "any State, Territory, Commonwealth, Possession, or District" for "any State, Territory, or District".

§ 242.  Deprivation of rights under color of law.

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or

victed of conspiracy to oppress laborers in enjoyment of their federal right to be free from involuntary servitude resulting in the death of one laborer, and only one conspiracy had been charged and proven at trial since verdict with regard to first defendant was a legally unassailable product of jury lenity. U.S. v. Harris, C.A.4 (N.C.) 1983, 701 F.2d 1095, certiorari denied 103 S.Ct. 3554, 463 U.S. 1214, 77 L.Ed.2d 1400.

imprisoned for any term of years or for life, or both, or may be sentenced to death.

vation of any rights, privileges or immunities secured or protected by the Constitution or laws of the United States, or to deprivation of such punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than one year, or both; and if bodily injury results shall be fined under this title or imprisoned not more than ten years, or both; and if death results, shall be subject to imprisonment for any term of years or for life." See Repeals note set out under this section.

Pub.L. 103–322, § 330016(1)(H), directed that, in text, the phrase "under this title" be substituted for the phrase "not more than $1,000" after "punishment of citizens, shall be fined". Identical amendment was made by section 320103(b)(1) of Pub.L. 103–322.

**1988 Amendments.** Pub.L. 100–690 inserted "and if bodily injury results shall be fined under this title or imprisoned not more than ten years, or both" after "or both;".

**1968 Amendments.** Pub.L. 90–284 provided for imprisonment for any term of years or for life when death results.

**Effective and Applicability Provisions**

**1996 Acts.** Amendment by section 604 of Pub.L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104–294, set out as a note under section 13 of this title.

**Repeals.** Pub.L. 103–322, Title XXXII, § 320103(b)(1), Sept. 13, 1994, 108 Stat. § 320103(b)(1), Sept. 13, 1994, 108 Stat. 2109, repealing the duplicate of this section, was repealed by Pub.L. 104–294, Title VI, § 604(b)(14)(B), Oct. 11, 1996, 110 Stat. 3507.

770

771

Case 1:05-cv-02122-RMU    Document 7    Filed 11/28/2005    Page 21 of 34

910, 1 L.Ed.2d 663, rehearing denied 77 U.S. 859, 353 U.S. 951, 1 L.Ed.2d 860.

Though court, in prosecution of election officials for conspiracy to injure and oppress United States citizens in exercise of voting privileges, stated, during instruction on element of intent, that facts and circumstances shown by evidence in any case enable us to find what another's able degree of accuracy, or not doing certain actions, with reason able intentions were improper use of phrase "with reasonable degree of accuracy", referring to element of intent, was not clear where jury was instructed that each element of charge must be proved beyond reasonable doubt, and proof of which intent referred to. Klein v. U.S. v. Nathan, C.A.3 1956, 238 F.2d 401, certiorari denied 77 S.Ct. 664, 353 U.S. 910, 1 L.Ed.2d 663, rehearing denied 77 S.Ct. 859, 353 U.S. 951, 1 L.Ed.2d 860.

In prosecution for conspiracy to stuff ballot box in a congressional election, refusal of trial court to hear suggestions as to what count of the hearing of the jury was not prejudicial, where defendants made no suggestion which they contended the jury ought not have heard and they did not claim that they refrained from making any suggestion that account. U.S. v. Fontana, C.A.3 (Pa.) 1956, 231 F.2d 807.

In prosecution for conspiracy against citizens' rights in election charge to affect that conspiracy to cast illegal votes in election contrary to laws of Virginia was crime under election laws, under "chasm instances," this was prejudicial. Fields v. U.S., C.A.4 (Va.) 1955, 228 F.2d 544, certiorari denied 76 S.Ct. 468, 350 U.S. 982, 100 L.Ed. 850.

In prosecution for conspiracy against citizens' rights in violating election laws, charge to jury that conspiracy to affect by illegal votes in election contrary to election laws of Virginia did not have to be enrolled in registration book, if applicant for registration for voting did not perform all acts which are prerequisite. Fields v. U.S., C.A.4 (Va.) 1955, 228 F.2d 544, certiorari denied 76 S.Ct. 468, 350 U.S. 982, 100 L.Ed. 850.

In prosecution for conspiracy against citizens' rights in violation of election laws, wherein violation of certain Virginia election laws was charged, trial court properly refused to charge that nia election laws were in violation of certain Virg

766

committed no prejudicial error in refusing to charge Virginia statutes, requiring to be given to any person refused registration, concerning conclusive presumption if petition is not filed against registration within six months and concerning actual casting of ... Fields v. U.S., C.A.4 (Va.) 1955, 228 F.2d 544, certiorari denied 76 S.Ct. 468, 350 U.S. 982, 100 L.Ed. 850.

In prosecution for conspiracy to injure citizens in the free exercise of electoral right, an instruction that there was no evidence that any of the defendants personally was properly refused. Klein v. U.S. jury was properly refused, ... C.A.8 (Mo.) 1949, 176 F.2d 184, 870, 94 L.Ed. 533, rehearing denied 70 S.Ct. 145, 338 U.S. 939, 94 L.Ed. 579.

In prosecution for conspiracy to injure citizens in the free exercise of electoral rights, requested instruction that the law did not require them to give ... oath be cause of such fact and because was properly refused because instruction under to single issue of evidence. Klein v. U.S., C.A.8 (Mo.) 1949, 176 F.2d 184, certiorari denied 70 S.Ct. 145, 338 U.S. 870, 94 L.Ed. 533, rehearing denied 70 S.Ct. 145, 338 U.S. 939, 94 L.Ed. 579.

In prosecution for conspiracy fraudulent count and return, congressional election, enumerations as prejudicial as a matter of congressional election was not ... prejudicial. Luteran v. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 395, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

In prosecution of election judges and clerks, precinct captains and policemen to make fraudulent election for conspiracy to make fraudulent election and return of votes in congress, illustration in instructions showing cases were coming wherever and ... nature of alleged "o", "p" and "D" as reference to ... and determined that ... U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 395, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124.

certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

In prosecution of election judges and ... precinct captains and policemen ... knowledge of them, taking ... ... conspiracy to make fraudulent election ... casting of votes in conspiracy ... ... instruction that conspiracy ... ... law by conclusive acquiescence, ... ... each accused aided ... evidence that each accused aided ... under evidence with knowledge of its purpose, especially where court also instructed that voluntary and intentional ... participation in conspiracy was what ... Luteran v. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 395, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 S.Ct. 1124, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

In prosecution for conspiracy to injure ... prosecution for civil rights, refusal of ... defense were covered in general ... ... referring to necessity of cooperation in conspiracy ... intentional participation in attempt to ... national defense were covered in general. U.S., C.C.A.Pa.1935, 77 F.2d 578. Connelly v. U.S., C.C.A.3 (Pa.) 1935, 79 F.2d 373. See, also, Dhillus v. U.S., C.C.A.Pa.1935, 79 F.2d 578.

In a prosecution under R.S., § 5508 (unbodied herein), and § 5509 (repealed; for conspiracy, the arrest of one of which was to prevent his arrest of ... violating the state laws, including of charge of ... the aggravation the court, hav... in particularly might have been formed prior to its execution, charged that it would be sufficient to establish it ... evidence prior to that United States defendants were coming for his lawful and named there be and those associated with him, ... or any one or more of them, and named ... ... the coconspirators it ... the proposed or ... determined ... to resist force of arms, if necessary, ... any proposed by force, if previously to ... the alleged ... that, in a time more or less remote, determined ... by force or arms ... jury must then be understood that the conspiracy to be within former § 51 of this

767

certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

In prosecution of election judges and precinct captains and policemen ... Davis v. U.S., C.C.A. (Tenn.) 1901, 107 F. 753, 46 C.C.A. 619.

In prosecution for conspiracy in connection with an election, requested instruction that the testimony of certain witnesses constituted no evidence that conspiracy defendants entered into alleged conspiracy ... where testimony tended to prove existence of conspiracy and bad faith, with other evidence, linked such object ... U.S. v. Ryan, W.D.Mo.1938, 23 F.Supp. 513.

In vote fraud prosecution, defendant was not entitled to further instruction on credibility of witnesses who had pleaded guilty to similar offense after court interrogated as to witness's interest in defendant entered into alleged ... structed in witnesses, that in passing on ... ability of witnesses, the jury might con... credibility of that witness and the interest of the trial might be considered. U.S. v. Ryan, W.D.Mo.1938, 23 F.Supp. 503.

In vote fraud prosecution, defendant was not entitled to new trial after verdict of guilty because of refusal of court to instruct that fact that witness had pleaded guilty constituted no evidence that defendant and could not be considered for any purpose in considering other than as ... named defendant and weighing functions did not correctly reason for great ... testimony of such witness. U.S. v. Buck, W.D.Mo. state 1938, 23 F.Supp. 503.

In vote fraud prosecution, defendant was not entitled to new trial after verdict of guilty because of refusal of court to instruct that fact that money paid for defendant to infer that money paid for defendant to witness and another was paid for which purpose of depriving any citizen of right to vote or to have his vote counted, showed that defendant paid money showed to achieve false registration, especially in view of charge that defendant could be convicted only of crime specific... title flow this section, must have included an agreement to resist the arrest of accused by force or by arms, if the attempt to effect his escape by flight should fail, and that, thereupon, the instruction was not ... thereupon.

20

dants went to Memphis, Tenn., and there
hired Negroes to go with him to his place
in Missouri to work in a mill, promising
liberal wages, that on their arrival in the
night, they were met at the station and
taken to a farm 12 miles distant, searched
for weapons, placed in a cabin under an
armed guard, that they were subjected to
brutal punishments, and few, that some
who succeeded in escaping were brought
back by men with guns, were brought
gins, and that each of the defendants
covered, participated in some way in
such transactions was sufficient to war-
rant the submission of the case to the
jury, and to support a finding of conspira-
cy as charged. Smith v. U.S., C.C.A.8
(Mo.) 1907, 157 F. 721, 85 C.C.A. 353,
certiorari denied 28 S.Ct. 569, 208 U.S.
618, 52 L.Ed. 647.

**59. Statements and argument of coun-
sel**

Although more apt analogy than brain-
washing by foreign powers might have
been chosen by prosecutor in discussion
charge against self-incrimination and
charge that such constitutional right had
been violated by defendants, such analogy
was not so inflammatory as to require
mistrial in prosecution of defendants who
were police officers for conspiracy to de-
prive suspects and witnesses of their con-
stitutional rights. U.S. v. Ellis, C.A.5
(La.) 1979, 595 F.2d 154, certiorari de-
nied 100 S.Ct. 75, 444 U.S. 838, 62
L.Ed.2d 49.

In prosecution for conspiracy to con-
interfere for conspiring to
ed States Attorney in argument
been pursued through centuries of sac-
rifice and struggle, that it was a priceless
heritage and that conspiracies to rob citi-
zens of that sacred right are grievous
crimes, were not prejudicial, inflammato-
ry, or improper. U.S. v. Ryan, W.D.Mo.
1938, 23 F.Supp. 513.

**60. Instructions**

Jury in prosecution for conspiring to
interfere for
the free from involuntary servi-
tude had to be find another person to invol-
untary servitude must be instructed that
compulsion of services by use or threat-
ened use of physical or legal coercion is
necessary incident of condition of invol-
untary servitude. U.S. v. Kozminski,

U.S.Mich.1988, 108 S.Ct. 2751, 487 U.S.
931, 101 L.Ed.2d 788, on remand 852
F.2d 1238.

In prosecution for violation of this sec-
tion making it unlawful to consipre to
injure, etc., of right or privilege secured
employment or right privilege secured by
Constitution or laws of United
States, where case ultimately hinged on
credibility of witnesses, and prosecution's
case showed single conspiracy to cast on
tire states of false votes for state, local
and federal officer, alleged failure of jury
instructions to specifically focus upon
conspiracy to cast false votes for
dates for federal offices
error. Anderson v. U.S., U.S.W.Va.1974,
94 S.Ct. 2253, 417 U.S. 211, 41 L.Ed.2d

Not every criminal conspiracy affecting
individual's right of sanction of the
prosecution based on defendant's in-
volvement in a conspiracy to in-
timidate a witness who was about to
provide testimony in a trial it could take into
a conspiracy did not take into
account that it could take into
instructions in charging jury
conspiracy to cast false votes for
secure, in charging jury
casts an interest in the outcome of the
federal officer, C.A.5 (Tex.) 1983,
interest in a Walker, 104
F.2d 1062, certiorari denied 104
S.Ct. 995, 465 U.S. 1005, 79 L.Ed.2d 229.

In order for constitutional rights to
violate the constitutional rights so proper in
prosecution for conspiracy by police offi-
cers to deprive witnesses and suspects of
constitutional right; instruction request-
ed by officers that Government must
prove beyond reasonable doubt that pre-
dominant purpose of conspiracy
was to deprive witnesses
rights was not proper in instruction
required that immediate intent to violate
constitutional rights than such violation
be the ultimate purpose
were designed U.S. v. Ellis,
C.A.5 (La.) 1979, 595 F.2d 154, certiorari
denied 100 S.Ct. 75, 444 U.S. 838, 62
L.Ed.2d 49.

Defendants who were charged with
conspiracy to deprive a citizen of his civil
rights, by virtue of having planted a bomb
which killed a prospective witness against
them were not entitled to an instruction
on the effect that they could not be held
responsible for the death if the bomb
actually been placed by the witness as a
deadly trap to defend himself against de-
fendants and if the victim's death was
merely set the bomb off himself. U.S. v.
Guillette, C.A.2 (Conn.) 1976, 547 F.2d
743, certiorari denied 98 S.Ct. 132, 434

Use of word "intimidate" did
require fear of physical force, was
unnecessary but harmless. U.S. v. Lee,
C.A.8 (Minn.) 1991, 935 F.2d 952, rehear-
ing denied 6 F.3d 1297, certiorari denied 14
S.Ct. 1550, 511 U.S. 1035, 128 L.Ed.2d
79, certiorari denied 114 S.Ct. 1576,
511 U.S. 1046, 128 L.Ed.2d 220.

Statement that jury then "intimidate" did
require fear of physical force, was
the element of proof for a charge under
this title, were not inclusive of
the foremost statute were not
involvement as to the nature of those state
tion for violation of this section is im-
proper to instruct that such state laws
provide the standard for determining
what rights are part of this title
and section 242 of this title. U.S. v.
O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224,

Since a state law violation may be tak-
en as some evidence of an intent to de-
prive a citizen of his civil rights, and
instruction as to the nature of those state
laws may properly be given in prosecu-
tion for violation of this section as im-
proper to instruct that such state laws
provide the standard for determining
what rights are part of this title
and section 242 of this title. U.S. v.
O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

Use by court in conspiracy prosecution
of phrase "if the defendant or any one of
them" conspired, through improper in
that one conspirator could not conspire, was
not prejudicial where instruction was, in
context, otherwise favorable to defendant.
U.S. v. Nathan, C.A.7 (Ill.) 1956, 238 F.2d
401, certiorari denied 77 S.Ct. 664, 353

CRIMES   Part I   Ch. 13   CIVIL RIGHTS

cinet and removed ballot box and altered ballots, and that election officials acquired in such acts and in other misconduct supported convictions of prosecuting attorney to injure cinet captains for conspiracy to injure and oppress voters in exercise of right to have votes cast for congressman correctly counted, recorded, certified, and returned. Ditsch v. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 409, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1105, rehearing denied 58 S.Ct. 757, 303 U.S. 668, 82 L.Ed. 1124, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1105.

Evidence that policeman stationed at polls at congressional election entered marks on tally sheets out of sight of election officials, added in unfolding ballots after polls closed, and observed actions and heard returns showing that election officials were engaged in fraudulent practices supported conviction of policeman for conspiracy to injure voters' exercise of right to have votes counted. Luterman v. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 395, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

Where proof of a conspiracy has been established, a relatively slight amount of evidence is sufficient to connect therewith a particular accused. Luterman v. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 395, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124, certiorari denied 58 S.Ct. 643, 303 U.S. 644, 82 L.Ed. 1104.

Evidence of participation by election judge and precinct captain in fraudulent voting and fraudulent counting and return of votes in congressional election and of their co-operation with unidentified men who attempted to intimidate another election judge when she objected to fraud, supported convictions of election judge and precinct captain for conspiracy to injure voters in exercise of right to have votes properly counted and returned. U.S., C.C.A.8 (Mo.) 1937, 93 F.2d 393, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 755, 303 U.S. 668, 82 L.Ed. 1124, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124.

Mere inclusion of disqualified votes was not such injury to qualified voters as to justify conviction under former § 51d of the equal protection and privileges of the law was proved by evidence that the were entitled to a public school, and that defendants conspired by illegal means to injure and intimidate voters at general election for both state and national there being no evidence that electoral right was in unlawfully prevented for voting intelligently, and on account of their color, U.S. v. K_____, W.D.Mo.1874, 24 F.Cas. 1158, 8 Chi.Leg.N. 26, No. 14603.

Evidence warranted finding that election inspectors conspired to record votes falsely. U.S. v. Pleva, C.C.A.2 (N.Y.) 1933, 66 F.2d 529.

Testimony that one of defendants had said to witness, "I understand there has been a notice left for P to leave," was insufficient to place on such defendant, much less on the others, responsibility for the notice, contained in an unsigned paper found at P's gate. Janes v. U.S., C.C.A.8 (Colo.) 1925, 6 F.2d 545.

In a prosecution for conspiracy to injure a homestead entryman in the exercise of his rights, evidence that the defendants, claiming as mortgage-foreclosure sale purchasers of the homestead, sought by all everything in their power to interfere with the entryman in the possession of the warrant their conviction under various counts, was sufficient to warrant their conviction under § 51 of this title. Nixon v. U.S., C.C.A.7 (Ind.) 1923, 289 U.S. 703, 61 L.Ed. 515.

Evidence sustained a conviction of defendants for conspiring to prevent colored persons from voting on account of their race and color. Guinn v. U.S., C.C.A.8 (Okla.) 1915, 228 F. 103, 142 C.C.A. 509.

Evidence that defendant, an Immigration and Naturalization Service (INS) agent, conspired with other agents to induce detentions, searches and seizures, making false statements to cover up such actions and embezzling money from various tions and undertaking to support conspiracy conviction even after discovery of illegal schemes is known, to justify submission of case chipriati, S.D.N.Y.1991, 772 F.Supp. 170.

A conspiracy to deprive colored citizens of their right to vote is an offense under federal laws. Ex parte Yarbrough, U.S.Ala.1884, 110 U.S. 651, 28 L.Ed. 274, 4 S.Ct. 152.

17. Inferences

With respect to this section, government need not establish that there existed formal agreement to conspire; circumstantial evidence and reasonable inferences drawn therefrom concerning the relationship of the parties, their overt acts, and totality of their conduct may be used. Redwine, C.A.7 1983, 715 F.2d 315, certiorari denied 1983, 104 S.Ct. 2661, 467 U.S. 1216, 81 L.Ed.2d 367.

Absence of third party during occurrence of murder and second killing did not prevent application, in prosecution for, inter alia, conspiracy between defendant, third party, and certain unknown persons. U.S. v. Robinson, C.A.7 (Ill.) 1974, 503 U.S. 306, certiorari denied 95 S.Ct. 1333, 420 U.S. 911, 43 L.Ed.2d 427.

Where accused aided conspirators knowing in a general way from their planning to break the law, jury might infer that accused entered into conspiracy, and agreement entered into under this section. Luterman v. U.S., C.C.A.8 1937, 93 F.2d 395, certiorari denied 58 S.Ct. 642, 303 U.S. 644, 82 L.Ed. 1103, rehearing denied 58 S.Ct. 756, 303 U.S. 668, 82 L.Ed. 1124.

18. Questions for jury

Extra-judicial confession of conspiracy, if supported by evidence was sufficiently corroborated by evidence that after fraudulent ballots were discovered, defendant asked state police commissioner to interview whether ballot paper would retain fingerprints, and in at least one precinct asked election board to go ahead with election known to police as wrongful, of case to jury and to support conviction. Prichard v. U.S., C.C.A.6 (Ky.) 1950, 181 F.2d 326, affirmed 70 S.Ct. 1029, 339 U.S. 974, 94 L.Ed. 1380.

In prosecution for conspiracy to injure citizens in free exercise of electoral rights, failure to comply with regulation during oath in writing of elector requiring aid of judges could properly be considered by jury. Klein v. U.S., C.C.A.8 (Mo.) 1949, 176 F.2d 184, certiorari denied 70 S.Ct. 145, 338 U.S. 870, 94 L.Ed. 533, rehearing denied 70 S.Ct. 345, 338 U.S. 939, 94 L.Ed. 579.

In prosecution for conspiracy to injure citizens in their right to vote under evidence that votes counted as their owners conspired as to evidence that a precinct official of a political cal party had present at the polling place when the election day, that he was present at the polling place when the ballots were being altered, that the ballots were being altered, even when he was himself the whole time, and that he was himself handling the ballots, whether he was a member of the alleged conspiracy and participated in the overt act were for jury. Shannabarger v. U.S., C.C.A.8 (Mo.) 1938, 99 F.2d 957.

Evidence as to guilt of election judge and majority inspector prosecuted for conspiracy to injure persons in exercise of civil rights, where 62 voters testified they brought 18 straight Democratic tickets, that they voted straight Democratic tickets were found in ballot box, and man whose name was turned on were only members of election board from time polls were ing to its place of deposit. Luterman v. U.S., C.C.A.8 (Pa.) 1937, 93 F.2d 373.

In prosecution for conspiracy to injure persons in exercise of civil rights, evidence as to guilt of election judge who signed election certificate stating that he voted and Democratic candidate received 287 votes when there were cast 81 straight Democratic tickets, was for jury. Dalius v. U S.C.C.A.3 (Pa.) 1935, 79 F.2d 371.

On trial for conspiracy to deprive a person named of his rights under the Constitution and laws of the United States by subjecting him to involuntary servitude, evidence that one of the defen-

**18 § 242**
**Note 12**

States, is likewise punishable. U. S. v. O'Dell, C.A.6 (Tenn.) 1972, 462 F.2d 224.

Suspected criminality or economic incarceration furnish a license for depriving suspect of any constitutional right, privilege, and immunity secured under this section and right not to be deprived of liberty without due process, and right not to be arrested but once for an ultimately arbitrary without cause and for an ulterior purpose. Teamster 1953, 204 F.2d 247.

Under this section declaring that whoever, under color of law, willfully subjects any inhabitant of any state to deprivation of "any rights or immunities secured" by U.S.C.A.Const. Amend. 14 or laws of United States, shall be subject to fellow passenger; even though officers stated penalty, the rights referred to include the right to be tried by a legally constituted court, right not to be deprived of liberty without due process, and right not to be arrested but once for an ultimately arbitrary without cause and for an ulterior purpose. Teamster 1953, 204 F.2d 247.

The right to be secure in one's person and to be immune from illegal arrest and battery, and the right not to be deprived of life or of liberty without due process of laws, are "rights secured or protected by laws, are "rights secured or protected by this title punishing deprivation thereof because of color, etc. Screws v. U. S., C.C.A.5 (Ga.) 1944, 140 F.2d 662, certiorari granted 64 S.Ct. 946, 322 U.S. 718, 88 L.Ed. 1558, reversed 65 S.Ct. 1031, 325 U.S. 91, 89 L.Ed. 1495.

Former § 52 of this title [now this section] did not create or add to rights of one citizen as against another, but went rather a guaranty against encroachment by the state and its instrumentalities upon the rights of U. S. citizens under federal Constitution. U. S. v. Trierweiler, E.D.Ill.1943, 52 F.Supp. 4.

**13.    —— Arrest, deprivation of rights**

For purposes of offense of deprivation of rights under color of state law, person's right to protection against excessive use of force by police arose-when-he-was-into custody, rather than when he was placed in pretrial detention facility. U. S. v. Koon, C.A.9 (Cal.) 1994, 34 F.3d 1416, rehearing and suggestion for rehearing en banc denied, amended in part 116 S.Ct. 2035, 518 U.S. 81, 135 L.Ed.2d 392, on remand 91 F.3d 1313.

Police officer's unlawful stopping and detaining of female drivers on deserted stretch of highway, in early morning hours, amounted to "constitutionally significant" conduct within statute imposing criminal sanctions for violations of civil rights. U. S. v. Langer, C.A.2 (N.Y.)1992, 958 F.2d 522.

City transit police officers violated statute prohibiting a state inhabitant from being deprived of rights secured or protected by Constitution or laws of the United States, by falsely arresting subway passenger for alleged sexual assault upon fellow passenger; even though officers claimed that arrestee was subject to "very limited detention", passenger had been ordered, handcuffed, transported to station house, and only thereafter released, all without probable cause and in bad faith. U. S. v. McDermott, C.A.2 (N.Y.) 1990, 918 F.2d 319, certiorari denied 111 S.Ct. 1681, 500 U.S. 904, 114 L.Ed.2d 76.

When an officer, knowing a warrant to be illegal, groundless or fictitious, willfully uses his authority and/or makes an instrument to arrest and incarcerate an innocent, such action is deprivation of the right of the accused to liberty and a violation of this section and neither the mere threat nor deprivation of liberty and a violation of this section where arresting officer knew the crime was fictitious and the warrant fictitious. U. S. v. Ramey, C.A.4 (W.Va.) 1964, 336 F.2d 512, certiorari denied 85 S.Ct. 649, 379 U.S. 972, 13 L.Ed.2d 564.

Although a violation of this section by bonding company defendant who seized and took an into custody in Arkansas one who had jumped bail in Ohio, and had taken him back into Ohio without extradition, and where defendant, who also held a commission as a county deputy sheriff in Ohio, had acted in his official capacity rather than as a bonding company employee acting within the scope of his employment, but where defendant had not acted with any specific intent to deprive rights secured by Constitution or laws of the United States, defendant was not guilty of willfully depriving an inhabitant of a state, under color of law, of any ordinance, regulation, or custom, of any rights, privileges or immunities secured or protected by United States Constitution or laws. U. S. v. Trunko, E.D.Ark. 1960, 189 F.Supp.559.

**Ch. 13    CIVIL RIGHTS**

For purposes of sentencing police officer who was convicted of violating civil rights arising from arrest, police officer's action during an arrest, when officer struck person after person no longer posed threat. U. S. v. Houghton, C.D.Cal. 1993, 813 F.Supp. 769, affirmed in part, vacated in part 34 F.3d 1416, rehearing and suggestion for rehearing en banc denied 45 F.3d 1403, as amended, certiorari granted in part 116 S.Ct. 39, 132 L.Ed.2d 920, affirmed in part, reversed in part 116 S.Ct. 2035, 135 L.Ed.2d 392, on remand 91 F.3d 1313.

Action of an Ohio county deputy sheriff in going into Arkansas and purporting to arrest one who had jumped bail in Ohio, taking such person from his father's house, handcuffing him in deputy sheriff's automobile back to Ohio, where prosecution was pending, all of which was done under color of law and under authority, amounted to violation of a constitutional right not to be deprived of liberty without due process of law. U. S. v. Trunko, E.D.Ark.1960, 189 F.Supp. 559.

Where defendant, who was employed by bonding company, had seized and taken an into custody in Arkansas one who had jumped bail in Ohio, and had taken him back into Ohio, without extradition, and where defendant, who also held a commission as a county deputy sheriff in Ohio, had acted in his official capacity rather than as a bonding company employee acting within the scope of his employment, but where defendant had not acted with any specific intent to deprive rights secured by Constitution or laws of the United States, defendant was not guilty of willfully depriving an inhabitant of a state, under color of law, of any rights, privileges or immunities secured or protected by United States Constitution or laws. U. S. v. Trunko, E.D.Ark. 1960, 189 F.Supp. 559.

**18 § 242**
**Note 14**

A state law enforcement officer who, under color of state law, willfully, and without cause, arrested or imprisoned an inhabitant of the United States for the purpose of extorting money, deprives him of a right, privilege, and immunity secured and protected by U.S.C.A.Const. Amend. 14, in violation of former § 52 of this title [now U. S.—C.C.A.5 (Ark.) 1942,
131 F.2d 93.

**14.    —— Assault and battery, deprivation of rights**

Where private detective forced a suspect to look at bright light for 15 minutes and repeatedly hit him with rubber hose and sash cord, knocked another from a chair and hit him in the stomach, jammed a third in the chest with a club, and beat, threatened and unmercifully punished all suspects for several hours until confessions were obtained, suspects were deprived of rights specifically guaranteed by U.S.C.A.Const. Amend. 14. Williams v. U. S., U.S.Fla.1951, 71 S.Ct. 576, 341 U.S. 97, 95 L.Ed. 774.

Although right not to be assaulted is clear right under state law known to every reasonable person was not in its constitutional personal right is not constitutional right by person acting under color of any law since it is not publicly known or understood as a constitutional right, it has not been declared as such by the Supreme Court, it is not a right listed in the Constitution, and it is not a well-established right of procedural due process. U. S. v. Lanier, C.A.6 (Tenn.) 1996, 73 F.3d 1380, certiorari granted 116 S.Ct. 2522, 518 U.S. 1004, 135 L.Ed.2d 1047, vacated 117 S.Ct. 1219, 520 U.S. 259, 137 L.Ed.2d 432, on remand 114 F.3d 84, on remand 123 F.3d 945.

Excessive force can be basis of conviction under this section which provides that under color of state law, person who under color of state law, willfully deprives person of constitutional rights, and it is person of constitutional rights, and it is not necessary to show that force used as used or part of the due process rights protected by U.S.C.A. Const. Amend. 14 and is therefore within the purview of this section making it a crime to, under

One's right to be tried by a court, and not by ordeal, and thus to be free from unlawful assault by state law enforcement officers when lawfully in their custody, has been made a definite and specific prescribed for willfully depriving person of constitutional rights, and it is not necessary to show that force was used as form of summary punishment to, in effect, deprive victim of trial. Williams v. U. S., C.A.5 (La.) 1953, 227 F.2d 92.

denied 85 S.Ct. 649, 379 U.S. 972, 13
L.Ed.2d 564.

No duty existed on part of Florida state
attorney, either by statute or by any princi-
ple of common law, to make application
to trial judge for release of prisoner after
directed verdict of not guilty on charge of
murder, following which, the prisoner
was detained until state should prepare
information charging him as an accessory
after the facts, and the failure of the
state attorney to procure the release of
the prisoner did not subject the state at-
torney to a prosecution under this sec-
tion. U. S. v. Hunter, C.A.5 (Fla.) 1954,
214 F.2d 356, certiorari denied 75 S.Ct.
208, 348 U.S. 888, 99 L.Ed. 698.

Town officers did not have duty to dis-
perse crowd of more than thirty white
persons assembled at apartment building
located in area inhabited by white per-
sons, and in which a Negro had rented an
apartment, regardless of danger to them-
selves, even though it appeared that there
was reasonable cause to fear that persons
assembled would create a disturbance of
peace in doing duty of officers under
this section. U. S. v. Konov-
sky, C.A.7 (Ill.) 1953, 202 F.2d 721.

Where deputy sheriff undertook active
and unwarranted steps to subject victims
to affirmative indignities solely by reason
of their membership in a religious sect
and their practices founded on their be-
liefs and failed to protect the victims from
group violence or to arrest members of
mob who insulted the victims, the acts of
the deputy sheriff constituted a violation
of his common-law duty, and his derelic-
tion in such respect was violation of for-
mer § 52 of this title [now this section]
Catlette v. U. S., C.C.A.4 (W.Va.) 1943,
132 F.2d 902.

Information describing in detail a state-
wide conspiracy against "Freedom Rid-
ers" which relied heavily upon involve-
ment of individuals acting under color of
state law and working in concert with
Federal Bureau of Investigation infor-
mant should have apprised Federal Bu-
reau of Investigation, in reasonable and
prudent exercise of its duty to detect and
prosecute crimes against United States,
that conspiracy to violate rights of "Free-

dom Riders" to travel interstate had been
detected, and information should
have been transmitted to Department of
Justice, and failure of Department of
Justice to take such action violated this
section. Bergman v. U.S., W.D.Mich.
1983, 565 F.Supp. 1353.

Violation of F.S.A. § 925.05 by a prison
officer in inflicting illegal punishment on
a state prisoner did not subject such
prison regulation under this section.
U. S. v. Walker, N.D.Fla.1954, 120
F.Supp. 458, reversed 216 F.2d 683, cer-
tiorari denied 75 S.Ct. 450, 348 U.S. 959,
99 L.Ed. 748.

**20. Selective prosecution**

Statistics revealing some selectivity in
enforcement of the law do not alone es-
tablish that defendant is victim of selec-
tive prosecution. U. S. v. Carson,
D.C.Conn.1977, 434 F.Supp. 806.

**21. Color of law**

To act "under color" of law for pur-
poses of this section prohibiting, under
color of law, willfully subjecting any in-
habitant of any state to deprivation of any
rights, privileges or immunities secured
or protected by Constitution or laws of
United States does not require that ac-
cused be officer of state and it is enough
that he is a willful participant in joint
activity with state or its agents. U. S. v.
Price, U.S.Miss.1966, 86 S.Ct. 1152, 383
U.S. 787, 16 L.Ed.2d 267.

Private persons, jointly engaged with
state officials in prohibited action, are
acting "under color of law" for purposes
of this section prohibiting, under color of
state law, willfully subjecting any inhab-
itant of any state to deprivation of any
rights, privileges or immunities secured
or protected by Constitution or laws of
United States. U. S. v. Price, U.S.Miss.
1966, 86 S.Ct. 1152, 383 U.S. 787, 16
L.Ed.2d 267.

If release of three men from county jail
by interception of them on highway and as-
sault and murder of them was joint activ-
ity of state officers and nonofficial defen-
dants, nonofficial defendants were acting
"under color of law" in violation of this
section providing punishment for whoev-
er, under color of any state law, subjects
inhabitant of any state to deprivation of
rights, privileges or immunities secured
or protected by Constitution or laws of
United States. U. S. v. Price, U.S.Miss.
1966, 86 S.Ct. 1152, 383 U.S. 787, 16
L.Ed.2d 267.

**CRIMES**   Part 1

dom Riders" to travel interstate had been
detected, and information should
have been transmitted to Department of
Justice, and failure of Department of
Justice to take such action violated this

Where detective hired by lumber com-
pany to ascertain identity of thieves held
out as having been acting as a zealous
special police officer's card issued by city,
and took suspects to shack on company's
premises and obtained confessions by
forcing a suspect to look at bright light,
by repeatedly hitting him with rubber
hose and sash cord, by knocking another
from chair and hitting him in the mouth
by beating, threatening his suspect,
and city policeman put on his badge
and acting jointly in all but the pro-
cess present in ghetto, and the de-
tective was acting under "color of law"
within this section. Williams v. U.S.,
95 L.Ed. 774.

"Under this section, "color of law" in-
cludes misuse of power possessed by vir-
tue of state law and made possible only
because wrongdoer is clothed with au-
thority of state law. Williams v. U.S.,
95 L.Ed. 774.

Misuse of power, possessed by virtue of
state law and made possible only because
the wrongdoer is clothed with the author-
ity of state law, is action taken "under
color of state law," as used in former §
20. U. S. v. Classico, U.S.La.1941, 61
S.Ct. 1031, 313 U.S. 299, 85 L.Ed. 1368,
rehearing denied 62 S.Ct. 51, 314 U.S.
707, 86 L.Ed. 565. See also, Catlette v.
U.S., C.C.A.W.Va.1943, 132 F.2d 902;
Culp v. U.S., C.C.A.Ark.1942, 131 F.2d
93.

"Color of law" requirement for convic-
tion for willfully subjecting person to de-
privation of federal rights while acting
under color of state law was satisfied
when defendant, although not on duty
and as result of arrestee's derogatory
comments directed to defendant person-
ally, obtained key to cell in which arres-
tee was placed, removed arrestee from
cell and beat him and also threatened to
arrest him in future, given that actions
occurred in restricted area of jail to
which defendant had access only because of
his status as police officer, which also
gave him access to key, authority to re-
move arrestee from cell, and authority to
threaten future arrests. U. S. v. Colbert,
C.A.8 (Mo.) 1999, 172 F.3d 594.

Evidence was sufficient to show that
defendant, a deputy sheriff, acted under
color of law for purposes of statute pro-
hibiting deprivation of rights secured by

**Ch. 13   CIVIL RIGHTS**

the Constitution and laws of the United
States under color of law; although dep-
uty claimed he was acting as a jealous
husband, not as a police officer when he
assaulted the victim's former lover in his
own home. He claimed during assault to
have special authority for his actions by
virtue of his official status, and that he
could kill victim because he was an offi-
cer of the law, he summoned another
police officer to scene and identified him
as a fellow officer, and then proceeded
with the other officer to run victim out of
town in their squad car. U. S. v. Tarpley,
C.A.5 (Tex.) 1991, 945 F.2d 806, rehear-
ing denied, certiorari denied 112 S.Ct.
1960, 504 U.S. 917, 118 L.Ed.2d 562.

Fact that privately employed railroad
policemen who were accused of depriving
civil rights to persons they beat
might have assumed that they were act-
ing same as police officers did not
mean they had not acted under color of
state law, and did not preclude finding that their
actions were taken under color of state
law. U. S. v. Hoffman, C.A.7 (Ill.) 1974,
498 F.2d 879.

"Under color of law" within this sec-
tion means under pretense of law, and af-
fecting the question of state action, and
includes misuse of power possessed by
virtue of state law made possible only
because the wrongdoer is clothed with
authority of state law. U. S. v. Ramey,
C.A.4 (W.Va.) 1964, 336 F.2d 512, certio-
rari denied 85 S.Ct. 649, 379 U.S. 972, 13
L.Ed.2d 564.

A defendant who was charged with a
violation of this section acted under "col-
or of law", within such act as constable
went to to home of victim and arrested and
imprisoned victim knowing warrant
and indictment held victim had been il-
legally obtained and the arrest was af-
fected by reason of fictitious
illegal, groundless of fictitious. U. S. v.
Ramey, C.A.4 (W.Va.) 1964, 336 F.2d
512, certiorari denied 85 S.Ct. 649, 379
U.S. 972, 13 L.Ed.2d 564.

State prison guard, who beat prisoner,
was, in so doing, acting under color of
state law within this section. U. S. v.
Jackson, C.A.8 (Ark.) 1956, 235 F.2d 925.

Under this section providing that who-
ever, under "color of any law", willfully
subjects any inhabitant of any state, terri-
tory or district to deprivation of any
rights secured or protected by
U.S.C.A.Const. Amend. 14, shall be sub-
ject to prescribed penalty, quoted term
means pretense of rights, and it may in-

24

**18 § 242**
Note 21

clude, but does not necessarily mean, under authority of law. U. S. v. Jones, C.C.A.5 (Fla.) 1953, 207 F.2d 785.

Under this section providing that who-ever, under color of law, subjects any inhabitant of any state to deprivation of any rights secured by U.S.C.A.Const. Amend. 14, shall be subject to imprisonment and fine, the presence of a state law-enforcement officer in a conspiracy with a private citizen for purposes of extortion by violation of such section furnished the necessary "color of law". Brown v. U. S., C.C.A.6 (Tenn.) 1953, 204 F.2d 247.

"An officer of the law should not be permitted to divest himself of the official authority in actions taken by him wherein he acts or purports or pretends to act pursuant to this authority, and where one, thrown by another to an officer, is deprived of his liberty without making to the authority of the law without making to the officer his fault or the contrary such that he was acting under color of law in making such arrest. Crews v. U. S., C.C.A.5 (Fla.) 1947, 160 F.2d 746.

The deprivation of constitutional rights violated former § 52 of this title [now this section] only when the offender was performing an official act. Screws v. U. S. C.C.A.5 (Ga.) 1944, 140 F.2d 662, certiorari granted 64 S.Ct. 946, 322 U.S. 718, 88 L.Ed. 1558, reversed 65 S.Ct. 1031, 325 U.S. 91, 89 L.Ed. 1495.

A warrant of arrest in the hands of a sheriff or his deputy, even though void as "color of authority", and at such time in the execution thereof are done under "color of law," or mere semblance of right, within former § 52 of this title punishing deprivation of rights. Screws v. U. S., C.C.A.5 (Ga.) 1944, 140 F.2d 662, certiorari granted 64 S.Ct. 946, 322 U.S. 718, 88 L.Ed. 1558, reversed 65 S.Ct. 1031, 325 U.S. 91, 89 L.Ed. 1495.

Where deputy sheriff, detaining individuals in his office, removed his badge and stated in substance that action he intended to take was to be taken in the name of the law and he then compelled the individual to submit to indignities constituting a breach of the peace, the deputy sheriff was acting under "color of law" within former § 52 of this title [now this sec-

**784**

**CRIMES** Part 1

tion]. Culette v. U. S., C.C.A.4 (W.Va.) 1943, 137 F.2d 902.

Intent required for identifying tort intent makes out constitutional claim, i.e., intent to violate specific constitutional right was not specific intent necessitated by this section, but, rather, touchstone is merely general intent to infringe exercise of specific constitutional right and actual deprivation need not necessarily mean a step removed, namely the natural consequence of an intentional action. Dandridge v. Police Dept. of City of Richmond, E.D.Va.1983, 566 F.Supp. 152.

Phrase "under color of law" means the same thing in this section which makes criminal the deprivation of civil rights under color of law as it does in section 1983 of Title 42 which provides for civil action against persons who deprive one of civil rights under color of law. Camp v. City of Richmond, Virginia, Police Dept., E.D.Va.1974, 383 F.Supp. 1396, affirmed 526 F.2d 531, certiorari denied 96 S.Ct. 802, 423 U.S. 1002, 46 L.Ed.2d 654.

Actions of an individual attorney are not carried out under "color of law" within meaning of this section relating to deprivation of rights under color of law. Brown v. Duggan, W.D.Pa.1971, 329 F.Supp. 207.

"Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law." U. S. v. Barr, S.D.N.Y.1969, 295 F.Supp. 889.

Private citizen without any actual or color of authority from state cannot be guilty of violating this section prohibiting anyone, under color of any law, from willfully depriving inhabitant of state of any right protected by Constitution or laws of United States, even though his acts deprived another of his constitutional rights and was acting under color of law. Amend. 14, U. S. v. Cooney, D.C.Colo. 1963, 217 F.Supp. 417.

Acts of private parties who possess no power or authority under state law are not acts within purview of this section prohibiting anyone, under color of any law, who were not officers would furnish color of law required as to all defendants. U. S. v. Cooney, D.C.Colo.1963, 217 F.Supp. 417.

**Ch. 13    CIVIL RIGHTS**

Even acts of state officers in ambit of their personal pursuits are excluded from purview of this section prohibiting anyone, under color of any law from willfully depriving inhabitant of state of any right protected by Constitution or laws of United States. U. S. v. Cooney, D.C.Colo. 1963, 217 F.Supp. 417.

"Misuse of power made possible only because wrongdoer is clothed with authority of state law" violates this section prohibiting anyone, under color of any law, from willfully depriving inhabitant of state of right protected by Constitution or laws of United States. U. S. v. Cooney, D.C.Colo.1963, 217 F.Supp. 417.

Persons who possess no power or authority under state law are not chargeable under this section prohibiting anyone, under color of any law, from willfully depriving inhabitant of any state of right privileged or protected by Constitution and laws of United States, whether those acts be principal or as aider and abettor. U. S. v. Cooney, D.C.Colo.1963, 217 F.Supp. 417.

Where defendant, who was an employee of bonding company, also held a commission as a county deputy sheriff in Ohio, serving without compensation, and where defendant, pursuant to power from bonding company, one who had jumped bail in Ohio, and removed him to Ohio from extradition, and, where, in connection with such seizure, defendant bench warrant issued by Ohio court, seized and displayed his badge and gun plus a warrant was made "under color of law" notwithstanding fact that defendant had no actual authority, as an officer of the law, to act in Arkansas. U. S. v. Trunko, E.D.Ark.1960, 189 F.Supp. 559.

In civil rights prosecution under this section regarding deprivation of rights under color of law, it must appear that defendants were acting in some manner for state, that they were clothed with state's power, and that their acts were those of state. U. S. v. Lynch, N.D.Ga.1950, 94 F.Supp. 1011, affirmed 189 F.2d 476, certiorari denied 72 S.Ct. 50, 342 U.S. 831, 96 L.Ed. 629.

In prosecution for deprivation of civil rights under color of law, presence of state officers and their particular state officers and their presence who were not officers would furnish color of law required as to all defendants. U. S. v. Lynch, N.D.Ga.1950, 94 F.Supp. 1011,

**785**

**18 § 242**
Note 22

affirmed 189 F.2d 476, certiorari denied 72 S.Ct. 50, 342 U.S. 831, 96 L.Ed. 629.

**22. Conspiracy**

Private persons could be convicted of conspiring to deprive victim of civil rights, on allegation or collaboration with police officers, despite private persons incapable to act under color of law. U. S. v. Lester, C.A.6 (Ky.) 1966, 363 F.2d 68, certiorari denied 87 S.Ct. 705, 385 U.S. 1002, 17 L.Ed.2d 542, rehearing denied 87 S.Ct. 951, 386 U.S. 938, 17 L.Ed.2d 813.

Defendants who were charged with conspiracy to deprive victim of civil rights, on allegation that they collaborated with police officers, could be convicted despite private persons conspiring, willfully to cause commission of forbidden act, despite acquittal of police officers. U. S. v. Lester, C.A.6 (Ky.) 1966, 363 F.2d 68, certiorari denied 87 S.Ct. 705, 385 U.S. 1002, 17 L.Ed.2d 542, rehearing denied 87 S.Ct. 951, 386 U.S. 938, 17 L.Ed.2d 813.

A private citizen who conspired with a deputy sheriff to cause arrest and imprisonment of inhabitants of the alleged States for purpose of extortion, although incapable as a private citizen, violating this section prohibiting deprivation under color of any law, of right secured by Constitution or laws of United States or as inhabitant of the United States and punishing the deprivation under color of law, Amend. 14, by such acts with such acts, of a conspiracy prohibited by § 371 of this title, since deputy sheriff was legally capable of committing the substantive offense. Brown v. U. S., C.A.6 (Tenn.) 1953, 204 F.2d 247.

An agreement between state law enforcement officers and others to extort money from inhabitants of the United States by causing their arrest and imprisonment, without justification, as prisoners, under color of state law, constituted a "conspiracy" to commit an offense against the United States in violation of former § 88 of this title [now § 371 of this title of which federal district court had jurisdiction. Culp v. U. S., C.C.A.8 (Ark.) 1942, 131 F.2d 93.

Persons who themselves did not have capacity to violate former § 52 of this title [now this section] were criminally liable if they conspired to violate such former section and if one or more of their fellow conspirators had capacity to com-

mit the substantive offense. U. S. v. Trierweiler, E.D.Ill.1943, 52 F.Supp. 4.

The provision of former § 51 of this title [now § 241 of this title] covering offense of conspiracy to injure citizens in exercise of civil rights was applicable to instances of conspiracy on part of both private individuals and public officials who were acting under their authority, or color of some state law. U. S. v. Ellis, W.D.S.C.1942, 43 F.Supp. 321.

Attorney's plan of nolo contendere to charges of depriving person of liberty and property without due process of law and conspiracy to deprive party of constitutional rights, conceding his guilt of such charges. In re Anderson, S.C.1970, 177 S.E.2d 130, 255 S.C. 56.

Conspiracy conviction based on deprivation of rights could not be sustained where indictment charged willful interference with rights of Negro citizens to register and vote in state election, and complaint which in fact they had not served such prosecution upon inhabitants were not immune from prosecution under charge of this section condemning deprivation of constitutional rights under color of any law on theory that there was no deprivation of an inhabitant's right to due process since under defendant's right he could move to vacate default judgment. U. S. v. Barr, S.D.N.Y.1969, 295 F.Supp. 889.

A judge of city court of Beverly Hills, appointed by city council, while acting in his judicial capacity and within his jurisdiction in imposing sentence and probation upon a person who pleaded guilty to charge of vagrancy, was immune from prosecution under former §§ 52, 88 of this title. U. S. v. Chaplin, S.D.Cal.1944, 54 F.Supp. 926.

§ 23. Defenses

Corpus delicti or offense of deprivation of civil rights was established by evidence of deprivation of the rights of citizens and of the country by an officer under color of law as an official of a state, and an officer had no immunity from the charge of violation of this act; ... color of law, U. S. v. Konovsky, C.A.7 (Ill.) 1953, 202 F.2d 721.

An officer, who under color of state laws willfully deprives a person of constitutional right of a lawful trial, cannot be immune therefor because he was also actuated by personal anger, hate, malice, and a desire for revenge, nor having the willful intent to slay. Crews v. U. S., C.C.A.5 (Fla.) 1947, 160 F.2d 746.

That dockets of local magistrates indicated that some victims of alleged conspiracy by local officers acting under color

§ 24. Contraband

In prosecution for acting under color of law willfully to deprive state inhabitants of constitutional rights, alleged status of money and property, extorted by defendants, as contraband did not preclude conviction where nor had the status ... ing to accomplishment of the conspiracy.

or of law to deprive citizens of the United States of rights and immunities protected by the due process of law clause of U.S.Ca.Const. Amend. 14 had entered pleas of guilty to charges of violating local laws or ordinances did not preclude conviction of the officers for conspiracy on proof that proceeding was mere pretense and mere subterfuge to furnish warning that defendant acted in good faith and upon the unlawful acts of the conspiracy. Culp v. U. S., C.C.A.8 (Ark.) charged, 1942, 131 F.2d 93.

That the defendant acted in good faith in enforcing colored child from a public school under the advice of counsel was no defense, although such evidence would address itself strongly to the discretion of the court in mitigation of punishment. U. S. v. Buntin, C.C.S.D.Ohio 1882, 10 F. 730, 3 Ky.L.Rptr. 650.

Nonofficials who allegedly caused default judgments to be entered in state courts against specified inhabitants by signing affidavits of service of a summons and complaint when in fact they had not served such process upon inhabitants were not immune from prosecution under this section condemning deprivation of constitutional rights under color of any law on theory that there was no deprivation of an inhabitant's right to due process since defendant could move to vacate default judgment. U. S. v. Barr, S.D.N.Y.1969, 295 F.Supp. 889.

§ 25. Fair warning requirement

To satisfy "fair warning requirement" in prosecution under statute that makes it criminal to act willfully and under color of state law to deprive person of rights protected by Constitution or laws of United States, it is not necessary that right in question has previously been identified in question has previously been identified in Supreme Court decision, and has previously been held to apply in factual situation "fundamentally similar" to one at bar; rather, all that can usefully be said about criminal liability under that statute is that it may be imposed for deprivation of constitutional right if, but only if, in light of preexisting law, unlawfulness under the Constitution is apparent; defendant must have had fair warning that his conduct deprived victim of constitutional right. U.S. v. Lanier, U.S.Tenn.1997, 117 S.Ct. 1219, 520 U.S. 259, 137 L.Ed.2d 432, on remand 114 F.3d 84, on remand 114 F.3d 945.

§ 26. Double jeopardy

Where state court in prosecution against defendants instructed jury that, if two or more persons conspire to injure, oppress, threaten or intimidate any citizen in free exercise or enjoyment of any right or privilege secured him by Constitution or laws of United States, they shall be guilty of conspiracy against rights of citizens but that language was not based on this section upon which present indictment was grounded for interfering under color of state law, with civil rights of named person, defendants had not been twice placed in jeopardy in violation of U.S.Ca. Const. Amend. 5. U. S. v. McMahon, S.D.Tex.1971, 339 F.Supp. 1092.

mined by due process but there was nothing to show that money taken by defendant police officers in each case could properly have been traced and retained by police department as evidence of drug offenses. Culp v. U. S., C.C.A.8 (Ark.) 1976, 528 F.2d 1250.

§ 27. Limitations

A conspiracy by state and local officers, inhabitants of United States of rights and immunities secured and protected by U.S.Ca.Const. Amend. 14 and federal laws by imprisoning and mistreating them for the purpose of extortion, was a "continuing conspiracy", against which the statute of limitations did not commence to run until the last overt act leading to accomplishment of the conspiracy was committed. Culp v. U. S., C.C.A.8 (Ark.) 1942, 131 F.2d 93.

Where the last overt act alleged in indictment and proved by government in prosecution for conspiracy by state and local officers acting under color of law to deprive inhabitants of the United States of rights and immunities secured and protected by U.S.Ca.Const. Amend. 14 and federal laws occurred within the period of limitations, fact that prosecution was required to act willfully and under color of state law to deprive person of rights protected by Constitution or laws of United States it is not necessary that an overt act was barred by limitations did not preclude proof of its commission such act in furtherance of conspiracy; or as indicating conspiracy commenced as alleged at an earlier period. Culp v. U. S., C.C.A.8 (Ark.) 1942, 131 F.2d 93.

Where operative events of which prisoner, who wished to file criminal civil rights complaint against police officers, complained occurred in 1963, where no overt acts after 1969 were alleged, and where nothing was averred to indicate that prisoner's efforts had at any time except prisoner's own failure to file complaint were continued and was within applicable statute of limitations and, in 1975 by five-year statute bound and, in 1975 by five-year statute Arnold, E.D.Va.1975, 403 F.Supp. 172.

§ 28. Civil remedies

Former § 43 of Title 8 [now § 1983 of Title 42], making one who, acting under color of any statute, subjects or causes to be subjected any citizen or other person within jurisdiction of United States to deprivation of any rights, privileges, or immunities secured by federal Constitution and laws liable to party injured in action at law, had to be construed as in pari materia with former § 52 of this title [now this section] making such conduct a criminal offense. Picking v. Pennsylvania R. Co., C.C.A.3 (Pa.) 1945, 151 F.2d 240, rehearing denied 152 F.2d 753, 152 F.2d 1016. See, also, Geach v. Moldovan, C.A.Calif.1948, 172 F.2d 1016. See, also, McShane v. Moldovan, Ark. for Use and Benefit of Temple v. Central Sur. & Ins. Corp. of Kansas City, Mo., D.C.Ark.1952, 102 F.Supp. 444.

Former § 52 of this title [now this section] was a penal statute, the infringement of which did not give rise to civil action for damages. Viles v. Irvin,
C.C.N.D.Ga.1909, 169 F. 964.

UNITED STATES COURT DISTRICT OF COLUMBIA

Sieverding                    105-CV-02122

V.                            RMU

ABA. et al.

Exhibit of false imprisonment related
pleadings served on the ABA

Please see attached recent docket
of the imprisonment of Kay Sieverding
under the color of law through
civil case 02-CV-1950. All the
various motions were served on
the ABA Asst general counsel PAT
LARSON thru ECF. As is obvious
from the docket, Federal Judge Nottingham,
who the ABA previously asked for ex
parte communication has refused
to STATE his legal authority or STATUTE
for JAiling Sieverding (602, 603, 605).
                                 (628,
The INCARCERATION CANNOT BE REMEDIAL
contempt because the judge has
twice refused to STATE the terms and
conditions of Sieverdings' release (611,
632, 639, 645). Also he refused
Sieverdings' motion to release for
inability to comply (653, 655). Sieverding
Asked the ABA for assistance (617, 635).

                              Kay Sieverding

Service by ECF            Clara County Jail

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:02-cv-01950-EWN-OES

Sieverding, et al v. Colorado Bar Assn, et al
Assigned to: Judge Edward W. Nottingham
Referred to: Magistrate Judge O. Edward Schlatter
Demand: $10,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 10/11/2002
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2005 | 593 | Minute Entry for proceedings held before Judge Edward W. Nottingham : Motion Hearing held on 9/2/2005 re 566 MOTION for Order to Show Cause filed by Hall & Evans, L.L.C. Plaintiff Kay Sieverding is REMANDED to the custody of the U.S. Marshal. Plaintiff David Sieverding shall file on his behalf a motion to voluntarilydismiss those three cases by Friday, September 9, 2005. (Court Reporter Therese Lindblom.) (Attachments: # 1 Exhibit 1) (pap, ) (Entered: 09/06/2005) |
| 09/12/2005 | 594 | OBJECTIONS to the court's incarceration of Plaintiff Kay Sieverding and to reverse the court's finding that Kay Sieverding is in contempt of court re: 593 Motion Hearing, by Plaintiff Kay Sieverding. (pap, ) (Entered: 09/12/2005) |
| 09/13/2005 | 595 | ORDER Overruling as Frivolous 594 Objections filed by Kay Sieverding. Signed by Judge Edward W. Nottingham on 9/13/05. (pap, ) (Entered: 09/13/2005) |
| 09/23/2005 | 596 | MOTION for Order to Release Kay Sieverding from jail by Plaintiff Kay Sieverding. (pap, ) (Entered: 09/23/2005) |
| 09/23/2005 | 597 | ORDER Denying 596 Motion for Order for Release Signed by Judge Edward W. Nottingham on 9/23/05. (ewnsec) (Entered: 09/23/2005) |
| 09/26/2005 | 599 | TRANSCRIPT of Motion Hearing held on 9/2/05 before Judge Nottingham. Prepared by: Therese Lindblom. Pages: 1-34. (certified copy) Text Only Entry - Available in paper format at the Clerk's Office (djs, ) (Entered: 09/27/2005) |
| 09/27/2005 | 598 | MOTION to Explain (Clarify) Why Plaintiffs' Claims on these Defendants Were Frivilous/Sanctionable by Plaintiff Kay Sieverding. (gms, ) (Entered: 09/27/2005) |
| 09/27/2005 | 600 | NOTICE of Change of Address by Plaintiff Kay Sieverding (gms, ) (Entered: 09/27/2005) |
| 09/27/2005 | 601 | Letter from Kay Sieverding re: why she is in jail (gms, ) (Entered: 09/27/2005) |
| 09/27/2005 | 602 | MOTION for Order to Identify the Statute by Plaintiff Kay Sieverding. (gms, ) (Entered: 09/27/2005) |
| 09/27/2005 | 603 | MOTION for Order for Legal Authority by Plaintiff Kay Sieverding. (gms, ) (Entered: 09/27/2005) |
| 09/28/2005 | 604 | MOTION for Order to Supply the Essential Elements of the Defense by Plaintiff Kay Sieverding. (gms, ) (Entered: 09/28/2005) |
| 09/28/2005 | 605 | ORDER denying 598 Motion for explanatory order (Clarify), denying 602 Motion |



| | | Signed by Judge Edward W. Nottingham on 9/28/05. (gms, ) (Entered: 09/28/2005) |
|---|---|---|
| 09/29/2005 | 606 | ORDER denying 604 Motion for Order for Court to Supply Essential Elements. Signed by Judge Edward W. Nottingham on 9/29/05. (gms, ) (Entered: 09/29/2005) |
| 09/30/2005 | 607 | JUDICIAL NOTICE re 593 Motion Hearing, by Plaintiff Kay Sieverding (pap, ) (Entered: 10/03/2005) |
| 10/04/2005 | 608 | MOTION for Judicial Notice about Court's Incarceration of Kay Sieverding by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/04/2005) |
| 10/05/2005 | 609 | MOTION for Special Prosecutor by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/05/2005) |
| 10/11/2005 | 610 | MOTION (STATEMENT) for the Record that Faegre and Benson requested the incarceration of Plaintiff by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/11/2005) |
| 10/11/2005 | 611 | MOTION to be told when and under what terms and conditions Kay Sieverding will be released from Jail by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/11/2005) |
| 10/11/2005 | 612 | MOTION for Special Prosecutor to Investigate Judicial Corruption in Colorado by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/12/2005) |
| 10/11/2005 | 615 | Mail Returned as Undeliverable re: 606 Order on Motion for Order Addressed to James Booth Fajardo Oliphant. (pap, ) (Entered: 10/13/2005) |
| 10/12/2005 | 613 | MOTION for Order allowing Conjucal Contact Visit by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/13/2005) |
| 10/12/2005 | 614 | MOTION to Vacate 593 Order granting Oral Motion of Tracy Van Pelt and Christopher Beal to Jail Kay Sieverding, by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/13/2005) |
| 10/17/2005 | 616 | Motion for Defense Counsel NOTICE thant under Dennis v. Sparks, et al. (United States Supreme Court 1980), the defense counsel are liable for the illegal jailing of Kay Sieverding by Plaintiff Kay Sieverding (pap, ) (Entered: 10/18/2005) |
| 10/17/2005 | 617 | MOTION to Compel Defense Counsel to immediately petition the court to release Kay Sieverding for jail by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/18/2005) |
| 10/18/2005 | 618 | ORDER denying 608 Kay Sieverding's Motion for Judicial Notice about Court's Incarceration and denying 609 Kay Sieverding's Motion for Special Prosecutor . Signed by Judge Edward W. Nottingham on 10/18/05. (pap, ) (Entered: 10/18/2005) |
| 10/18/2005 | 619 | SECOND MOTION to Amend/Correct/Modify ECF Record re: Plaintiff's amount of Demand by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/18/2005) |
| 10/18/2005 | 620 | SECOND MOTION to Amend/Correct/Modify [22] to show Jury Demand filed 1/22/03 by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/19/2005) |
| 10/19/2005 | 621 | MOTION for Judicial Notice by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/19/2005) |
| 10/20/2005 | 622 | MOTION for Order to Release Kay Sieverding by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/20/2005) |
| 10/25/2005 | 623 | LETTER with information re: 593 Motion Hearing, by Plaintiff Kay Sieverding. |

| | | |
|---|---|---|
| 10/25/2005 | 624 | MOTION for Defense Notice of Their Liability for False Imprisonment/Malicious Prosecution and /or Abuse of Process by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/26/2005) |
| 10/25/2005 | 625 | MOTION for Judicial Notice - Typed Version of Undisputed Press Release by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/26/2005) |
| 10/25/2005 | 626 | MOTION Under Rule 9 to Proofread Longer Press Release Designed to Get Sieverding out of Jail by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/26/2005) |
| 10/25/2005 | 628 | MOTION Under Rule 12(e)for Court to Supply its Basis in Law for the 7 Week Jailing of Kay Sieverding by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/26/2005) |
| 10/26/2005 | 627 | MOTION for Sanctions as to Christopher Beall by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/26/2005) |
| 10/26/2005 | 629 | MOTION for Order to Release Kay Sieverding since US Taxpayers have already paid $6,000 by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/27/2005) |
| 10/27/2005 | 630 | MOTION for Order to Show Cause by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/31/2005) |
| 10/31/2005 | 631 | LETTER/MOTION for Judicial notice that the requirements of CR Civ P Rule 107 were violated by Plaintiff Kay Sieverding. (pap, ) (Entered: 10/31/2005) |
| 11/01/2005 | 632 | ORDER denying 611 Motion for Order, denying 612 Motion for Order, denying 613 Motion for Order, denying 614 Motion to Vacate, denying 617 Motion to Compel, denying 619 Motion to Amend/Correct/Modify, denying 620 Motion to Amend/Correct/Modify, denying 621 Motion for Order, denying 622 Motion for Order, denying 624 Motion for Order, denying 625 Motion for Order, denying 626 Motion for Order, denying 627 Motion for Sanctions, denying 628 Motion for Order, denying 629 Motion for Order, denying 630 Motion for Order, denying 631 Motion for Order . Signed by Judge Edward W. Nottingham on 11/1/05. (pap, ) (Entered: 11/01/2005) |
| 11/01/2005 | 633 | MOTION for Judicial Notice - Jail is Dangerous by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/02/2005) |
| 11/04/2005 | 634 | MOTION to Disqualify Judge Nottingham and Magistrate Judge Schlatter by Plaintiff Kay Sieverding. (Attachments: # 1 Attachment 1)(pap, ) (Entered: 11/04/2005) |
| 11/04/2005 | 635 | MOTION to Compel Defense Counsel to Protest the Continued Jailing of Kay Sieverding by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/07/2005) |
| 11/07/2005 | 636 | MOTION to Clarify 632 Order as to why Motions are "without merit", by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/07/2005) |
| 11/08/2005 | 637 | ORDER denying 634 Plaintiff Kay Sieverding's Motion to Disqualify, denying 635 Plaintiff Kay Sieverding's Motion to Compel, denying 633 Plaintiff Kay Sieverding's Motion for Order. Signed by Judge Edward W. Nottingham on 11/8/05. (pap, ) (Entered: 11/08/2005) |
| 11/08/2005 | 638 | Minute ORDER denying 636 Motion Under Cannons II & III, by Judge Edward W. Nottingham on 11/8/05. (gms, ) (Entered: 11/09/2005) |
| 11/08/2005 | 639 | Repeat MOTION for Order for Court to State When and Under What Terms Sieverding Will be Released from Jail by Plaintiff Kay Sieverding. (gms, ) |

| 11/08/2005 | 640 | MOTION for Order to Allow David Sieverding to Rejoin by Plaintiff Kay Sieverding. (gms, ) (Entered: 11/09/2005) |
| 11/08/2005 | 641 | BRIEF Supporting Finding of Duress and Undue Influence by Plaintiff Kay Sieverding. (gms, ) (Modified on 11/9/2005 to correct the file date) (gms, ). (Entered: 11/09/2005) |
| 11/08/2005 | 643 | MOTION for Order to Return Her to Her Family by Plaintiff Kay Sieverding. (gms, ) (Entered: 11/09/2005) |
| 11/08/2005 | 644 | NOTICE of Plaintiffs' Unsuccessful Attempts to Secure Counsel by Plaintiff Kay Sieverding (gms, ) (Entered: 11/09/2005) |
| 11/09/2005 | 642 | Docket Annotation re: 641 Brief. This docket entry was modified to correct the file date to be 11/8/05. Text only entry - no document attached. (gms, ) (Entered: 11/09/2005) |
| 11/10/2005 | 646 | MOTION to Clarify how to Stop the World Company from republishing defamation per se about Kay Sieverding by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/14/2005) |
| 11/10/2005 | 647 | MOTION for Order to Release Kay Sieverding from Jail Temporarily so she can attempt to hire a lawyer by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/14/2005) |
| 11/14/2005 | 645 | MINUTE ORDER denying 639 Plaintiff Kay Sieverding's Motion for Order and denying 640 Plaintiff Kay Sieverding's Motion for Order, denying 643 Plaintiff Kay Sieverding's Motion for Order . Entered by Judge Edward W. Nottingham on 11/10/05. (pap, ) (Entered: 11/14/2005) |
| 11/14/2005 | 648 | Mail Returned as Undeliverable re: 632 Order, Addressed to James Booth Fajardo Oliphant. (pap, ) (Entered: 11/14/2005) |
| 11/14/2005 | 649 | MOTION for Court to Provide Information to Clear Creek Sargent Smith by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/14/2005) |
| 11/14/2005 | 650 | (NOTICE) Motion for Intention of Court if Plaintiff Appeals to US Supreme Court by Plaintiff Kay Sieverding (pap, ) (Entered: 11/14/2005) |
| 11/15/2005 | 651 | MINUTE ORDER denying Motions docketed as ## 649 and 650, by Judge Edward W. Nottingham on 11/15/05. (lam, ) (Entered: 11/15/2005) |
| 11/16/2005 | 652 | MOTION for Judicial Notice of Facts by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/16/2005) |
| 11/16/2005 | 653 | MOTION to Release from Civil Contempt Jailing Because of Inability to Comply by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/16/2005) |
| 11/16/2005 | 654 | REQUEST by Plaintiff Kay Sieverding for Clemancy. (pap, ) (Entered: 11/16/2005) |
| 11/17/2005 | 655 | MINUTE ORDER denying 646 Plaintiff Kay Sieverding's Motion to Clarify, denying 647 Plaintiff Kay Sieverding's Motion for Order, denying 652 Plaintiff Kay Sieverding's Motion for Order, denying 653 Plaintiff Kay Sieverding's Motion for Order and denying 654 Plaintiff Kay Sieverding's Request for Clemancy. Entered by Judge Edward W. Nottingham on 11/17/05. (pap, ) (Entered: 11/17/2005) |
| 11/21/2005 | 656 | MOTION to Compel Production of Required Elements of a Valid Injunction by Plaintiff Kay Sieverding. (pap, ) (Entered: 11/21/2005) |

United States Court District of Columbia

Sieverding                                    05-cv-02122

v.                                            RMU

ABA

Exhibit of letter from the 81 year old
father of imprisoned plaintiff.

Sieverding's father has multiple
sclerosis and is 81. The mention
of his health in his recent letter
makes plaintiff afraid she will
not be able to visit him before
his health declines further. He
has been in a wheel chair for
several years. Plaintiff just cannot
understand why the defense have
taken no affirmative actions to
secure her release from the
illegal incarceration taken to interfere
with civil actions defended by the
defendants.

Kay Sieverding 1-23-05
Clear Creek Jail POB
Service by ECF          518 Georgetown Co 80444

Exhibit

**Alex L. Anderson**
**3411 Mourning Dove Lane**
**Jacksonville Beach, FL 32250**
**Phone/Fax (904) 241-4868**

November 11, 2005

Kay Sieverding
P.O. Box 518
Georgetown, CO 80444

Dear Kay,

I just read your long letter of Oct. 31, 2005. It was the best letter from you since your early days at MIT; thanks for your kind words regarding my earlier letter.

I recently experienced a loss of energy to the extent that I could hardly get up—sort of scary, especially as more and more I realize life's mortality.

Your suggestions for hurricane cabling of our house were very interesting—reminds me of a house built in Rockford by a friend. He placed steel rods in the four corners to tie the roof to the foundation for tornado protection.

Kay remains Kay—still wanting to help those in need; I am touched by your concern for the inmate with cancer. It brought back memories of your visits to the SteamBoat Springs' nursing homes with your big dog. The older I become, the more I realize that giving and sharing of self is an excellent route to happiness & contentment.

Thanks for the court transcript—very interesting. Obviously you know a great deal about the law and judicial precedence including rulings from the Supreme Court. As you may recall, I have suggested on many occasions that you consider obtaining a law degree. This would enable you to be productive in the workplace and also do pro bona work.

It was very interesting to follow the Rosa Parks memorial services in the Capital and in Detroit. In our lifetime we have seen, heard and experienced the beliefs and teachings of both Dr. Martin Luther King and Rosa Parks. Incidentally, the Civil Rights Movement using Civil Disobedience as a tool was started in 1951 by a young high school student.