IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMERICAN BAR ASSOCIATION, et al. <br><br> *Defendants*. | Case No. 1:05CV02122 <br> (RMU) |

## THE AMERICAN BAR ASSOCIATION AND WHITE & CASE LLP'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

The American Bar Association ("ABA") and White & Case LLP ("White & Case") respectfully submit this reply to Plaintiffs' opposition titled "Objection to Motion to Dismiss, Motion for Summary Judgment in Sum Certain Amount, Motion for Failure to State a Legal Defense for Conspiracy to Deprive Rights and Unlawful Imprisonment, Motions for Sanctions Under Rule 11, and Motion for Oral Hearing" ("Objection"). Plaintiffs have apparently filed their Objection as one response to two separate Motions to Dismiss the Complaint, one of which was filed by defendants the ABA and White & Case, and the other of which was filed by defendant O'Brien, Butler, McConihe & Schaefer, PLLC.

Plaintiffs' Objection underscores the fact that Plaintiffs can assert no basis on which they might support their claims in this action. Therefore, the ABA and White & Case renew their request that this Court grant their Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss") as against the ABA and White & Case with prejudice.

Plaintiffs begin their Objection with the following misrepresentation: "[T]he defendants state that they accept as true all statements in plaintiff's pleading, thus no facts are in dispute." Objection at 1. Plaintiffs are well-aware that neither the ABA nor White & Case have responded to the allegations in Plaintiffs' Complaint in this action or any of Plaintiffs' other actions. Rather, in their Motion to Dismiss, the ABA and White & Case only recited the legal standard for a motion to dismiss, which provides that a court is to assume that a plaintiff's allegations are true for the limited purpose of ruling on the motion. *See* Motion to Dismiss at 5. Nonetheless, the ABA and White & Case specifically noted in their Motion to Dismiss that Plaintiffs' conclusory allegations, summary legal conclusions, opinions, and claims unsupported by facts were not entitled to this presumption. *See id.* at 5-6.

In their Objection, Plaintiffs also contend that they have "met the conspiracy pleading standard both to withstand a motion to dismiss and to secure summary judgment in the dollar amounts specified in the complaint." Objection at 1. In support of this contention, Plaintiffs cite the same unavailing facts contained in their Complaint, to which they add the following: (1) "The fact that the Judge Nottingham summoned the US Marshals before the hearing commenced establishes that the Judge was a party in a Conspiracy Against Rights . . ."; (2) "Magistrate OE Schlatter['s] . . . recommendation was a successful solicitation to form a conspiracy against rights with Judge Edward W. Nottingham . . ."; (3) "The defense counsel in 02-cv-1950 furthered the conspiracy both through their silence and by citing Magistrate OE Schlatter's Report and Recommendation in subsequent legal actions, including this one, in the hope that the judges in these later proceedings would see the call and join the conspiracy . . ." Plaintiffs' Objection at 14-17.

These allegations demonstrate that Plaintiffs have not and cannot establish that the ABA or White & Case – neither of which participated in any manner in the Colorado contempt proceedings – acted in concert with anyone in furtherance of what Plaintiffs purport to be a conspiracy. *See* Motion to Dismiss at 10-11. In fact, in responding to the ABA and White & Case's argument presented in their Motion to Dismiss, Plaintiffs can rely on one fact only, which is that the ABA and White & Case cited the Magistrate Judge's Recommendation in their legal filings.

The ABA and White & Case respectfully assert that Plaintiffs' entire Objection, including these examples, only confirms the frivolousness of Plaintiffs' core argument – that Plaintiffs find themselves on the adverse end of legal judgments only because everyone is in conspiracy with everyone else. As the ABA and White & Case note in their Motion to Dismiss, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Motion to Dismiss at 11, quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, the ABA and White & Case request that Plaintiffs' Complaint be dismissed as to them with prejudice. *See Graves v. U.S.*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing claim where plaintiff merely alleged a conspiracy without putting forth "any facts showing the existence or establishment of an agreement").

To the extent that Plaintiffs have also titled their Objection as a "Motion for Summary Judgment in Sum Certain Amount, Motion for Failure to State a Legal Defense for Conspiracy to Deprive Rights and Unlawful Imprisonment, Motions for Sanctions Under Rule 11, and Motion for Oral Hearing," the ABA and White & Case respectfully assert that, while each of these purported motions suffers from equivalent failings as those of Plaintiffs' Objection, none of them

is timely, pending this Court's ruling on the outstanding Motions to Dismiss Plaintiffs' Complaint.[1]

## CONCLUSION

For the foregoing reasons, the ABA and White & Case's motion should be granted and the Court should enter an order dismissing the Plaintiffs' Complaint as against the ABA and White & Case with prejudice. To the extent that Plaintiffs' Objection is construed as entailing the motions listed in its title, these motions should be denied.

Dated: Washington, D.C.
       December 9, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: *Carolyn B. Lamm*
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendants*
*American Bar Association*
*White & Case LLP*

---

[1] In addition to their Objection, Plaintiffs filed a number of "exhibits" on November 28, 2005, which appear as docket entry number 7. The first exhibit comprises a number of photocopied pages from the annotated United States Code. The second exhibit shows a number of entries from the earlier District of Colorado action's docket, and the third exhibit is apparently a letter from Plaintiff Kay Sieverding's father. If and to the extent that Plaintiffs submitted these documents to bolster Plaintiffs' Objection, they do not explain how the exhibits support their arguments or where they are to be applied. Accordingly, the ABA and White & Case assert that these exhibits are inapposite and should be given no weight.

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2005 I electronically filed the foregoing Defendants' Reply in Support of their Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIEN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendant O'Brien, Butler, McConihe & Schaefer, PLLC


I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

David Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Matthew Ahn