IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) Case No. 1:05CV02122 |
| | ) (RMU) |
| v. | ) |
| | ) |
| AMERICAN BAR ASSOCIATION, et al. | ) |
| | ) |
| *Defendants*. | ) |

**THE AMERICAN BAR ASSOCIATION AND WHITE & CASE LLP'S
MOTION TO DENY AS MERITLESS, OR, IN THE ALTERNATIVE,
TO STRIKE PLAINTIFFS' MOTION THAT DEFENDANTS
<u>DID NOT STATE A LEGAL DEFENSE</u>**

The American Bar Association ("ABA") and White & Case LLP ("White & Case") respectfully move this Court to deny as meritless Plaintiffs' Motion That Defendants Did Not State a Legal Defense ("Motion") (case docket number 14). In the alternative, they respectfully request that this Court strike Plaintiffs' Motion as an improper sur-reply.

Because Plaintiffs have not distinguished between the Defendants in this case, the ABA and White & Case respond only to those of Plaintiffs' allegations that seem pertinent. Further, Plaintiffs have avoided addressing the fundamental legal inadequacies in their Complaint by asserting that there should be other issues before this Court, rather than whether this Court should rule, as a matter of law, that Plaintiffs have not and cannot state a legal basis for any of their alleged claims against the ABA and White & Case. In the alternative, the ABA and White & Case assert that Plaintiffs' Motion should be deemed an improper sur-reply and should be

stricken as outside the scope of the ABA and White & Case's "Reply in Support of their Motion to Dismiss" ("Reply") (case docket number 9).

Plaintiffs' present Motion arises from the following series of filings: the ABA and White & Case filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") on November 23, 2005 (case docket entry number 5), in which they asserted that, as a matter of law, Plaintiffs' Complaint should be dismissed with prejudice as against them. In response, Plaintiffs filed a document captioned "Opposition to Motion to Dismiss, Motion for Summary Judgment in Sum Certain Amount, Motion for Failure to State a Legal Defense for Conspiracy to Deprive Rights and Unlawful Imprisonment, Motions for Sanctions Under Rule 11, and Motion for Oral Argument" ("Opposition") on December 5, 2005 (case docket number 8). The ABA and White & Case then filed their Reply on December 9, 2005 (case docket number 9), in which they asserted that Plaintiffs' Objection "underscores the fact that Plaintiffs can assert no basis on which they might support their claims in this action." Reply at 1.

Plaintiffs filed the present Motion on December 16, 2005 (case docket number 14), in which they assert that the "Defendants filed pleadings in response to plaintiffs' motion for summary judgment." Motion at 1. Plaintiffs further assert that defendants were required to "stipulate or object to the numbered facts [of Plaintiffs' Complaint] as required by rule 56." *Id.* Plaintiffs also argue that the ABA and White & Case have somewhere asserted affirmative defenses for which the ABA and White & Case are required to file "a reply that refers to the numbered facts [of the Complaint]." *Id.*

The ABA and White & Case object to these assertions as nothing more than an attempt to avoid the only issue properly before the Court at this time, which is whether Plaintiffs can state a basis for their alleged claims against the ABA and White & Case upon which, as a matter of law,

relief may be granted. Not only did the ABA and White & Case properly limit their Reply to this issue, but further, as to the purported motions that Plaintiffs named in their caption, the ABA and White & Case stated: "[W]hile each of these purported motions suffers from equivalent failings as those of Plaintiffs' Objection, none of them is timely, pending this Court's ruling on the outstanding Motions to Dismiss Plaintiffs' Complaint." Reply at 3-4.

Accordingly, the ABA and White & Case respectfully request that this Court deny as meritless the Plaintiffs' Motion.

In the alternative, the ABA and White & Case assert that Plaintiffs' Motion should be stricken as an improper sur-reply to their Motion to Dismiss. While the decision to grant or deny leave to file a sur-reply is within the sound discretion of the court, sur-replies are generally only allowed when a "movant raises arguments for the first time in his reply to the non-movant's opposition." *Flynn v. Veazey Construction Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004). The ABA and White & Case raised no new arguments in their Reply, and Plaintiffs' Motion fails to respond to the sole issue asserted in that Reply, which is whether Plaintiffs can assert a legal basis for their alleged claims against the ABA and White & Case.

Because courts routinely deny leave to file sur-replies in such circumstances, the ABA and White & Case respectfully request, in the alternative, that this Court strike Plaintiffs' Motion as an improper sur-reply. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (denying leave to file a sur-reply where the proposed sur-reply merely reiterated prior arguments); *Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying leave to file a sur-reply where the plaintiff failed to demonstrate that the defendant's reply presented any new matters).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion That Defendants Did Not State a Legal Defense should be denied.

Dated:  Washington, D.C.
        December 30, 2005

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By:_____
    Carolyn B. Lamm (D.C. Bar No. 221325)
    Frank Panopoulos (D.C. Bar No. 459365)
    **WHITE & CASE** LLP
    701 13th St., N.W.
    Washington, D.C. 20005
    (202) 626-3600

*Attorneys for Defendants*
*American Bar Association*
*White & Case LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005 I electronically filed the foregoing Defendants' Opposition to Plaintiffs' Motion That Defendants Did Not State a Legal Defense and proposed form of order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIEN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendant O'Brien, Butler, McConihe & Schaefer, PLLC


I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
Clear Creek County Jail
POB 518
Georgetown, CO 80444

David Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Matthew Ahn