An action for first amendment retaliation and trespass on chattels

United States Court District of Columbia

---

Sieverding

v.                                          05-cv-02122 (D. of Columbia)

                                            RMU

American Bar Association, White and Case, &
O'Brien, Butler, McConihie and Schaeffer, PLLC,

An action for conspiracy to deprive rights and unlawful imprisonment

---

United States Court District of Eastern Kansas

Kay Sieverding                              05-cv-2510

v.

WorldWest LLP AKA The Steamboat Pilot/Today AKA The World Company

An action for defamation per se and first amendment retaliation and an action for an injunction to restrain publication of listed articles.

---

**Sieverding's consolidated motion to withdraw without prejudice under duress of jail.**

---------------------------------------------------------------------------------------------

1.) U.S. Court District of Colorado Judge Nottingham has recently announced that he will jail plaintiff if she does not withdraw from the above cases and send him a "certified" copy by 2/14/06. Sieverding would prefer not to appear before Judge Nottingham because he is terrifying to her.

2.) The 10th Circuit Court of Appeals has granted Sieverding an opportunity to appeal Judge Nottingham's orders that she will be jailed if she prosecutes these civil matters without hiring a bar association member.

2

3.) The Appeal before the 10th Circuit will take some time. Sieverding would like to spend more time on the document preparation and do a good job with what she believes is an important legal issue both to her and to American case law.

4.) Judge Nottingham has already jailed Sieverding for more than 4 months and she has only been "free" for 31 days. Being in jail was extremely unpleasant and hurt Sieverding in many ways including her mental outlook, self esteem, reputation, health, family, and her finances. Sieverding has also been threatened by threats relayed from defense counsel Christopher Beall with involuntary commitment to an insane asylum. Her husband has been threatened with jailing if he helps her with her court filings. Judge Nottingham and defense counsel Christopher Beall of Faegre & Benson calls this "aiding and abetting".

5.) It is extremely difficult to pursue a civil lawsuit from jail. Civil procedure requires appearance in court and it is hard to appear. It is hard to confer with defense counsel, legal counsel, witnesses, court clerks, or typists. It is difficult to access legal materials other than American Jurisprudence the local state statutes. It is difficult to check a docket. There is no computer access. Documents cannot be typed. Thus, these cases are virtually impossible to pursue from jail.

6.) The 10th Circuit Court of Appeals ordered that Sieverding's appeal to maintain these cases pro se or assisted pro se will be processed under normal rules of appellate procedure. To the best of her knowledge, those rules do not contemplate jailing during the civil appeal process.

7.) Common law says that any contract under duress of jail is not binding. Citizens are not supposed to have to choose between constitutional rights.

3

8.) Sieverding does not believe that Colorado Judge Nottingham has the legal authority to deprive her of her right to self-representation. She thinks that if the U.S. Judiciary wants to modify the rules of civil procedure to add specific directions for pro se litigation that the U.S.C. Rules Enabling Statute requires they do so through a formal public process.

9.) Even though she has not served the Kansas complaint, two of the D.C. complaints are "stayed", the judge in the third D.C. complaint has denied her leave to file, and she filed a motion for writ of exception which the 10th Circuit ordered it will treat as a notice of appeal, Judge Nottingham has put out an order for her arrest for not withdrawing from the above cases.

10.) Sieverding does not want to withdraw from life with her husband and children, nor other aspects of living as a free citizen. Not only does she not want to go to jail, she doesn't want to live as a fugitive.

11.) Sieverding met today with U.S. District of Western Wisconsin Magistrate Crocker. Because Judge Nottingham issued a warrant for her arrest, she had surrendered to the U.S. Marshal in that court house near her family residence.

12.) Sieverding presented to Magistrate Crocker what she believes was relevant statutes, caselaw and legal authority that she is not in contempt of court for maintaining the above civil actions.

13.) Even so, Magistrate Crocker has indicated that if she does not comply with Colorado Judge Nottingham's order to withdraw from the cases in the District of Columbia and Kansas that he is required by the U.S. Judiciary to order the U.S. Marshal to take her into custody.

4

14.) Therefore, Sieverding sees no choice but to file this motion in Kansas and the District of Columbia and believes that this action meets the definition of duress of jail.

15.) These conditions were imposed upon her by the defense counsel in the cases as well as by the federal judge. He took his actions in response to defense requests.

16.) Therefore the defense have "created their own defense". In fact, they violated the Colorado, Kansas, and D of Columbia, Rule of Professional Conduct 4.5, which prohibits using criminal and disciplinary sanctions to gain an advantage in a civil matter.

17.) Sieverding very much wishes to maintain these actions which she thinks are important as legal precedent and also to her personal future, and her family's.

18.) The 7th and 8th Circuit have also issued unpublished orders denying Sieverdings' right top self-representation.

19.) The defense counsel have not submitted any Rule 11 or Rule 9 motions in these cases, nor in the 02-cv-1950 litigation while it was supervised by Judge Nottingham.

20.) Therefore, Sieverding would like to dismiss without sanction of any kind. She would like to be able to reopen the actions after the 10th Circuit reviews the issue of her right to self representation. She should not have to go back to jail. She should not be held responsible for defense attorney bills or costs. There should be equitable tolling.

21.) In the D.C. cases, plaintiff already filed motions for summary judgment in sum certain amount and the defense refused to reply according to Rule 56 or to stipulate to the facts. Therefore, Sieverding would like to rely on case law and legal authorities about estoppel to stop the defense counsel from contesting the admittance of the verified facts in the complaints, motions, and affidavits as well as the amount of cash damages.

22.) The Courts' acceptance of plaintiffs' motion to dismiss under duress of jail will allow the plaintiff to devote her attention to the 10th Circuit appeal and related matters as well as attend to personal and family needs caused by the over whelming stress of the underlying events which included conversion of the road in front of her former home, extortion, malicious prosecution, first amendment retaliation, and conspiracy to injure reputatation, the three years she spent trying to get the defense counsel to file a Rule 12 reply with stipulations of fact, the four + months of actual jail imposed by Judge Nottingham at defense request, and the long term jailing threats.

23.) Also, the D of Columbia Court and the District of Kansas Court will not be facing time pressures to rule, or pressure to rule without the normal progress through the trier of fact.

24.) Plaintiff would greatly appreciate it if WorldWest LLP would cease and desist publication of the articles about her as she has requested for years.

To the Best of My Knowledge the Facts within are true, under penalty of perjury.

*Kay Sieverding*

Kay Sieverding        2/8/06

641 Basswood Ave., Verona, WI 53595

608 848 5721

Certificate of conference:

Plaintiff emailed an earlier draft of this motion entitled "Motion under Duress that Kay Sieverding hereby involuntarily, under overwhelming duress, withdraws from these cases because if she does not she has been advised that she will be declared mentally ill, jailed indefinitely, and that she and her husband will be deprived of all their assets and ability to make

6

an income" to the defense counsel on 2/5/06 and asked them to review it but has heard no

response although three days have passed.

To: kkernan-obmslaw.com, danielle.moore@state.co.us, ck.wilkinson@state.co.us,
abbottk@RockyMountainNews.com, acaldwell@denverpost.com, cbeall@faegre.com, palmeri@wsteele.com,
bhuff@wsteele.com, tkelley@faegre.com,   Dbrougham@hallevans.com, mmcconnell@msfhc.com,
tvanpelt@msfhc.com, sieverding.david@slides.com, oliphant@colo-lawyers.com, bhuff@wsteele.com,
depriestdl@worldnet.att.net, rdevans@staff.abanet.org Bc, jborger@faegre.com,
LarsonP@staff.abanet.org, clamm@whitecase.com, rhode@leland.stanford.edu, mi@manhattan-institute.org
From: Kay Sieverding <sieverding.kay@slides.com>
Subject: Review "sacrifice all rights" for accuracy
Cc:
Bcc:
X-Attachments:  :Kay's Stuff:410965:conference call  magistrate.pdf: :Kay's Stuff:347768:Schlatter's
Clerk.pdf: :Kay's Stuff:292377:Larson2.pdf: :Kay's Stuff:292312:Larson1.pdf: :Kay's Stuff:290236:letter
to Tunheim fro#46E4B.pdf:  :Kay's Stuff:439444:sacrifice all rights:

Dear defense counsel

You have successfully shown me that I am only a worthless peon with no enforceable rights to liberty,
reputation, presumption of innocence, or meaningful access to courts. I am very sorry that I was under
the misbelief that the rights discussed in the laws someone might apply to me....I never should have read
anything from the Supreme Court or any law books because they caused me to believe that there is
attainable justice in this country for those who cannot afford a lawyer or for those who were hurt by
lawyers.

Please read the "sacrifice all rights" document and let me know ASAP if there are any misstatements of
fact or law in it.

Kay Sieverding

Service by ECF and paper copy sent by first class mail to

"Kay Sieverding's, consolidated motion to withdraw without prejudice under duress of jail"

is sent by first class mail to the following defense counsel on February 8, 2006

| | |
|---|---|
| John Palmeri<br>Brett N Huff<br>White and Steele for CBA<br>950 17th St, 21st floor<br>Denver, CO 80202-2804 | David Brougham<br>Hall and Evans, LLC<br>1225 Seventeenth St, Suite 600<br>Denver, CO 80206-<br>303 628 3300 |
| Patricia J. Larson<br>American Bar Association<br>Office of General Counsel<br>321 N. Clark Street<br>Chicago, IL 60610-4714 | Thomas Kelley/Christopher P. Beall/<br>Eileen Kiernan Johnson<br>Faegre & Benson<br>1700 Lincoln St.<br>3200 Wells Fargo Center<br>Denver, CO 80203-4532 |
| Traci L. Van Pelt/Michael T<br>McConnell/Troy R. Backman/Megan E.<br>Pound<br>McConnell Siderious etc.<br>4700 S. Syracuse St, Suite 200<br>Denver, CO, 80237 | James B.F. Oliphant<br>Feldmann, Nagel & Oliphant<br>PO 775628<br>919 Oak St<br>Steamboat Springs, CO 80477 |
| Carolyn B. Lamm<br>Frank Panolpoulos<br>White and Case llp<br>701 13th St. N.W.<br>Washington, D.C. 20005 | Jerome C. Schaefer Esq.<br>O'Brien, Butler, McConihe & Schaefer<br>888 17th St. NW<br>Washington, D.C. 20006-3939 |



8