UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAY SIEVERDING *et al.*,           :
                                   :
            Plaintiffs,            :   Civil Action No.:   05-1672 (RMU)
                                   :   Document Nos.:      7, 8, 10
      v.                           :
                                   :   Civil Action No.:   05-2122 (RMU)
AMERICAN BAR ASSOCIATION *et al.*, :   Document Nos.:      4, 5
                                   :
            Defendants.            :

## MEMORANDUM ORDER

### DISMISSING THE COMPLAINTS *SUA SPONTE*

### I. INTRODUCTION

This matter comes before the court on the defendants' motions to dismiss the above-captioned cases. The *pro se* plaintiffs, members of the Sieverding family, bring suit to set aside two adverse judgments on the basis of fraud. The first judgment that the plaintiffs wish to set aside is a restraining order issued by Judge Nottingham of the Routt County Court in Colorado against plaintiff Kay Sieverding. The second judgment is an order of the United States District Court for the District of Colorado sanctioning the plaintiffs under Federal Rule of Civil Procedure 11, dismissing their case with prejudice and enjoining the plaintiffs from initiating further litigation on issues relating to the same transaction or series of transactions without counsel. Several defendants[1] move to dismiss the cases, arguing, *inter alia*, that the court lacks

---

[1] The defendants in Civil Action No. 05-1672 include: Jane Bennett, David Broughman, Hall and Evans LLP, Klauzer & Tremaine LLC, Randall Klauzer, The World Company, and Richard Tremaine, joined by defendants Kevin Bennett, Ken Brenner, the City of Steamboat Springs, Kathy Connell, James Engleken, Art Fiebing, Daniel Foote, J.D. Hays, James Horner, Paul Hughes, Charles Lance, Anthony Lettunich, Paul R. McLimans, Wendy Schulenburg, Melinda Sherman, Kerry St. James, Suzanne Schlicht, Arianthe Stettner, Paul Strong, James Weber, and P. Elizabeth Wittemayer. The defendants in Civil Action No. 05-2122 include: the American Bar Association ("ABA"), White & Case LLP, and O'Brien, Butler, McConihe and Schaeffer.

personal jurisdiction over them. Defendant American Bar Association ("ABA") moves to dismiss the case on the basis of, *inter alia*, res judicata. Because this court's previous decision in Civil Action No. 05-1283 bars the plaintiffs' claims in the instant suits, the court *sua sponte* dismisses the complaints on the basis of res judicata.

## II. BACKGROUND

### A. Factual Background

This case grows out of a heated property dispute between neighbors in Steamboat, Colorado. *Sieverding v. Am. Bar Ass'n et al.*, Civil Action No. 05-1283, slip op. at 2 (D.D.C. July 17, 2006). In 1992, the Bennett family erected a fence around their property that claimed part of a road adjacent to the plaintiffs' home. *Id.* The plaintiffs objected to what they perceived as zoning violations and tensions between the families escalated, culminating in the issuance of a restraining order against Kay Sieverding. *Id.*

The plaintiffs have brought suits challenging the restraining order in at least two state court actions and numerous federal court actions.[2] *Id.* at 3. In their suit in the United States District Court for the District of Colorado before Magistrate Judge Schlatter, the plaintiffs brought suit against all the defendants party to this case. *Id.* After a painstakingly thorough review of the plaintiffs' "verbose, prolix, and impossible to understand" complaint,[3] Magistrate

---

[2] Every time a court rules against the plaintiffs, they file a new action based on the same events, typically adding as new parties any individual misfortunate enough to have crossed the Sieverdings' judicial path. Indeed, the plaintiffs' penchant for filing a suit every time a new individual becomes involved in an existing suit is reminiscent of the lawsuit in Charles' Dickens' novel, Bleak House, in which "[s]cores of persons have deliriously found themselves made parties . . . without knowing how or why." CHARLES DICKENS, BLEAK HOUSE 6 (Modern Library 2002) (1853).

[3] The Tenth Circuit characterized Magistrate Judge Schlatter's efforts as "Herculean." *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at * 1 (10th Cir. Apr. 22, 2005) (unpublished opinion).

Judge Schlatter recommended that the court sanction the plaintiffs, dismiss the case with prejudice, and enjoin the plaintiffs from further litigating issues based on the transactions or serious of transactions underlying the case, unless represented by counsel. *Id.* Judge Nottingham of the district court adopted Magistrate Schlatter's recommendations in full. *Id.* The Tenth Circuit Court of Appeals affirmed the district court's decision. *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at * 1 (10th Cir. Apr. 22, 2005) (unpublished opinion). In response to the Tenth Circuit's ruling, the plaintiffs have filed suits in numerous courts across the nation, in some cases filing multiple suits in the same court.[4]

### B. Procedural Background

On June 27, 2005, the plaintiffs brought an independent action in this court to set aside the Routt County Court and district court of Colorado judgments on the basis of fraud. *Sieverding*, Civil Action No. 05-1283, slip op. at 1 n.1. The court dismissed that complaint on July 17, 2006, concluding that the Tenth Circuit's ruling had a res judicata effect. In their current complaints, the plaintiffs allege that the defendants conspired with Judge Nottingham in Colorado. Compl. at 1. Several defendants now move to dismiss the case, arguing, *inter alia*, that the court lacks personal jurisdiction and that the Tenth Circuit's ruling has a res judicata effect on the cases pending before this court. Because this court's decision in Civil Action No. 05-1283 has a res judicata effects, the court *sua sponte* dismisses the plaintiffs' complaints.

---

[4] For example, the plaintiffs filed three suits in this court: Civil Action No. 05-1283, Civil Action No. 05-1672, and Civil Action No. 05-2122.

## II.  ANALYSIS

### 1. Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues."  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants.  *NextWave Pers. Commc'n, Inc. v. Fed. Commc'n Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001) (citing *id.*); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).  Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).  In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action."  *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309.  In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

Because "res judicata belongs to courts as well as to litigants," a court may invoke res judicata *sua sponte*. *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997); *see also Tinsley v. Equifax Credit Info. Servs., Inc.*, 1999 WL 506720, at *1 (D.C. Cir. 1999) (per curiam) (noting that a district court may apply res judicata upon taking judicial notice of the parties' previous case).

### 2. The Plaintiffs' Claims are Barred by Res Judicata

The plaintiffs' claims are barred by res judicata because they are claims that could have been raised in Civil Action No. 05-1283. *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949. The plaintiffs' complaint in Civil Action No.05-1283 alleges that the defendants conspired with officers of the Rott County Court. Compl. (Civil Action No. 05-1283) at 6. The plaintiffs' complaint in Civil Action No. 05-1672 charges that officers of the Routt County Court in Colorado violated the plaintiffs' rights. Compl.(Civil Action No. 05-1672) at 40. The complaint in Civil Action No. 05-2122 alleges that the defendants conspired with Judge Nottingham. Compl. (Civil Action No. 05-2122) at 2. That is, all complaints charge, pursuant to different legal theories, that officers of the Routt County Court or of the District Court of Colorado aggrieved the plaintiffs. The plaintiffs do not state why they did not bring these claims in the earlier action before this court, nor can the court discern a reason for the plaintiffs' decision to file multiple suits based on the same set of events. This court echoes the sentiment expressed in *Griffin v. Federal Deposit Insurance Corporation*: "A litigant may not sit idly by during the course of litigation and then seek to present additional defenses in the event of an adverse outcome . . . the [plaintiff] had [his] day in court." *Griffin v. Fed. Deposit Ins. Corp.*, 831 F.2d 799, 803 (8th Cir. 1987). Because the plaintiffs are seeking "a second bite [at] the apple by

arguing a different legal theory using the same core facts, which is barred by res judicata," *Greer v. County of Cook, Il.*, 54 Fed. Appx. 232, 236 (7th Cir. 2002), the court *sua sponte* dismisses the plaintiffs' complaints in the above-captioned actions.

Accordingly, it is this 20th day of July, 2006,

**ORDERED** that the plaintiffs' complaint is **DISMISSED with prejudice**.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge