IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

KAY SIEVERDING, *et al.*,

Plaintiffs,

v.

Case No. 1:05CV02122
Judge Ricardo M. Urbina

AMERICAN BAR ASSOCATION, *et al.*,

Defendants.

---

### CO-DEFENDANT O'BRIEN, BUTLER, McCONIHE & SCHAEFERS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2006 ORDER DISMISSING PLAINTIFFS COMPLAINT 05-02122 *SUA SPONTE*

Co-Defendant O'Brien, Butler, McConihe & Schaefer (hereinafter "OBMS"), through their undersigned attorneys, respectfully move this Court for an Order denying the Plaintiffs' Motion for Reconsideration ("Plaintiffs Motion for Reconsideration") (docket entry #30) of this Court's Memorandum Order ("Memorandum Order") (docket entry # 29) dismissing the Plaintiffs' Complaint *sua sponte*, and state as follows:

### ARGUMENT

1. **THIS COURT'S JULY 20, 2006 ORDER DISMISSING THE COMPLAINTS *SUA SPONTE* BASED ON RES JUDICATA WAS NOT IN ERROR**

On July 20, 2006, this Court issued a Memorandum Order dismissing the Plaintiffs Complaint *sua sponte*. As more fully explained by this Court in the Memorandum Order Dismissing the Complaints *Sua Sponte* ("Memorandum Opinion"), this Court properly dismissed Civil Action 05-02122 ("Complaint") based on the doctrine of res judicata since the claims therein should have been raised in Civil Action 05-

1

01283.[1] The doctrine of res judicata is intended to "conserve judicial resources, avoid inconsistent results, engender judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F..2d 1281, 1288 (D.C. Cir. 1981).

While res judicata is an affirmative defense that is commonly pleaded in the defendant's answer[2], it can also be raised by courts sua sponte[3]. It is well recognized by the Courts that "res judicata belongs to courts as well as to litigants, [and] even a party's forfeiture of the right to assert it… does not destroy a court's ability to consider the issue sua sponte." Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 326 U.S. App. D.C. 404, 127 F.3d 72, 77 (1997). In applying res judicata, this Court carefully considered the facts alleged in the plaintiffs claims[4] and was able to determine that the issues were identical despite the fact that their factual context and underlying claims differed.[5] Id. (citing Restatement (Second) of Judgments § 27 comment c (1982)).

---

[1] On July 18, 2005, Plaintiffs filed Civil Action 05-01283, which named as defendants many of the same defendants as in the present Complaint and was based upon the same operative facts as the present Complaint. This Court dismissed Civil Action 05-01283 as against the Defendants Jane Bennett, Faegre & Benson LLP, Hall & Evans LLP, McConnell Siderius Fleischner Houghtaling & Craigmile LLC, The World Company and White and Steele PC (collectively "Personal Jurisdiction Defendants") upon determining a lack of personal jurisdiction.
[2] See Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 n. 10 (3d Cir. 1978).
[3] See Stanton v. D.C. Court of Appeals, 326 U.S. App. D.C. 404, 127 F.3d 72, 76-77 (D.C. Cir. 1997).
[4] Plaintiffs filed three separate actions (Civil Actions 05-01672, 05-02122 and 05-01283) in the US District Court for the District of Columbia from June 2005 through October 2005.
[5] Plaintiffs complaints (referenced in footnote 4) are all based on events occurring from a property dispute with her neighbors in Colorado beginning in 1991. See Defs.' Mot. to Dismiss (docket entry #4). Those events formed the basis for numerous pro se filings by plaintiffs; in particular, plaintiffs' action in the US District Court for the District of Colorado wherein Magistrate Judge Schlatter recommended the Complaint be dismissed with prejudice. Sieverding v. Colorado Bar Assoc., No. Civ. A. 02-M-1950, 2003 WL 22400218 (D Col. Oct. 14, 2003); aff'd 126 Fed. Appx. 457 (10th Cir. 2005). In dismissing plaintiffs Complaint, Magistrate Judge Schlatter properly enjoined them from further pro se filings stating, in pertinent part: "The list [of defendants] has grown to where it now includes the lawyers who represent the people, lawyers or entities against whom plaintiffs commenced their legal action…. If not stopped plaintiffs may soon be attempted to sue the lawyers who represent the lawyers who represent the lawyers…." Id. at *15.

The plaintiffs argue that the instant suit is entirely unrelated to the earlier filings since this action is based on "civil conspiracy to jail Kay Sieverding and threaten David Sieverding in order to gain advantages in related lawsuits about earlier events." *See* Pls. Mot. for Reconsideration at 1. The plaintiffs further assert that "none of the related lawsuits had claims for jailing" and concludes that prior filings have no res judicata effect on the instant action. Without addressing all of the assertions and legal theories stated in plaintiffs Motion for Reconsideration, this Court's decision to dismiss the Complaint was determined pragmatically, grounded in examination of the facts alleged by plaintiffs' claims[6] and, among other factors, whether or not the facts were related in time and motivation. Hobley v. KFC U.S. Props., 2006 U.S. Dist. LEXIS 6246, **18 (D.D.C. 2006) (*citing* Smith v. Jenkins, 562 A.2d 610, 613 (D.C. 1989) (quoting Restatement (Second) of Judgments § 24(1) (1982)).

This Court's decision to dismiss the Complaint sua sponte based on res judicata was grounded in careful review of all the facts alleged in plaintiffs claims, and thus warranted. For the reasons stated above, this Court should deny the plaintiff's Motion for Reconsideration.

2. **IN THE ALTERNATIVE, THIS COURT SHOULD ISSUE A SUPPLEMENTAL ORDER DISMISSING PLAINTIFFS' COMPLAINT BASED ON DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT**

On November 21, 2005, OBMS filed a Motion to Dismiss the Plaintiffs

---

[6] The plaintiffs filing history, including filings in the Northern District of Illinois, the Western District of Wisconsin, the District of Minnesota, the District of Colorado, as well as the three complaints filed in the US District for the District of Columbia, cannot be ignored since they are all based on the same underlying occurrence dealing with an alleged property dispute with neighbors. *See* ABA and White & Case Mot. to Dismiss (docket entry #5); Defs.' Mot. to Dismiss (docket entry #4).

Complaint for failure to state a claim upon which relief can be granted, and for allegations based on U.S.C.S. §§ 1982, 1983 and 1985, which are all fatally defective due to the absence of one or more elements essential to recovery as a matter of law.[7] Assuming that this Court's Order dismissing the instant action sua sponte based on res judicata was in error, this Court should issue a Supplemental Order dismissing the Plaintiffs Complaint based on the Motion to Dismissed filed by OBMS.

In their Motion to Dismiss, OMBS argues that the Complaint must be dismissed since plaintiffs' claims are wholly unsupported by law or fact and "nothing more than an ambiguous, rambling, narrative of charges and conclusions…." Walton v. Shanelec, 19 F.Supp.2d 1209, 1211 (Kan. 1998). And while it is true that *pro se* pleadings are construed less stringently, they must still comport with the fundamental rules of procedure and may be deemed frivolous if wholly unsupported by law or fact[8]. Magee v. Hatch, 26 F. Supp. 2d 153, 156 (D.D.C. 1998). In the instant case, plaintiffs' claims fall well short of the minimal pleading standards, and in light of plaintiffs numerous and repetitive filings based on events arising from a property dispute in Colorado, this Complaint may be deemed "frivolous or harassing"[9]. Lastly, OBMS asserts that Plaintiffs claims under U.S.C.S. §§ 1982, 1983 and 1985 fail as a matter of law, since Plaintiffs Complaint fails to: (1) allege that OBMS acted outside the scope of zealous

---

[7] Plaintiffs claims for, *inter alia*, conspiracy to deprive their property rights, wrongful imprisonment, and obstruction of justice of U.S.C.S. §§ 1982, 1983 and 1985 fail to allege one or more elements essential to recovery as a matter of law.

[8] Plaintiffs civil rights allegations against OBMS, which are based on a conspiracy theory and on color of state law doctrine, are vague and conclusory and fail to allege any facts consistent with Plaintiffs claims. Marts v. Burfield, 961 F.2d 216 (2nd Cir. 1992)

[9] *See* ABA and White & Case Mot. to Dismiss the Plaintiffs Complaint at 6-7 (docket entry #5) (citing Mikkilineni v. Penn Nat'l Mut. Ins. Co., 271 F.Supp.2d 142 (D.D.C. 2003)).

representation on behalf of a client in a civil case and acting under color of state law[10]; and (2) demonstrate that they are members of a protected class[11].

For the foregoing reasons, Plaintiffs Complaint should be dismissed in a Supplemental Order by this Court.

## CONCLUSION

Plaintiffs fail to demonstrate that reconsideration is warranted and Plaintiffs Motion for Reconsideration should be denied, or, in the alterative, plaintiffs' complaint should be dismissed for the reasons set forth in Co-Defendant OBMS' Motion to Dismiss the Plaintiffs Complaint.

Date: August 10, 2006

Respectfully submitted,

O'Brien, Butler, McConihe & Schaefer

*[signature]*

Jerome C. Schaefer
D.C. Bar No. 224931
O'BRIEN, BUTLER, McCONIHE & SCHAEFER
888 17th St., N.W., Suite 1200
Washington, D.C. 20006
(202) 298-6161
jschaefer@obmslaw.com

*Attorney for Defendant*
*O'Brien, Butler, McConihe & Schaefer*

## CERTIFICATE OF SERVICE

---

[10] An attorney, by merely representing a client in a civil case is not acting under color of state law. Thompson v. Aland, 639 F.Supp. 724, 728 (N.D. Tex. 1986).

[11] "Congress created a private civil cause of action under the Thirteenth Amendment even against private individuals under 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1985, but those statutes require evidence of racial or other class-based invidious discrimination behind the defendants' actions. Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294 , 301 (D.D.C. 2005)(citing Griffin v. Breckenridge, 403 U.S. 88, 101, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971)).

I hereby certify that a copy of the foregoing CO-DEFENDANT O'BRIEN, BUTLER, McCONIHE & SCHAEFERS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2006 ORDER DISMISSING PLAINTIFFS COMPLAINT 05-01672 *SUA SPONTE*, along with a proposed Order was mailed, first class postage prepaid, this ___ day of August 2006, to Kay Sieverding at 641 Basswood Avenue, Verona, WI 53593, and David Sieverding at 641 Basswood Avenue, Verona, WI 53593.

I hereby certify that a true copy of the forgoing CO-DEFENDANT O'BRIEN, BUTLER, McCONIHE & SCHAEFERS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2006 ORDER DISMISSING PLAINTIFFS COMPLAINT 05-01672 *SUA SPONTE*, along with a proposed Order was sent to the following e-mail addresses on August 10, 2006:

Carolyn Beth Lamm clamm@whitecase.com
Danielle Moore danielle.moore@state.co.us
Frank Panopoulos fpanopoulos@whitecase.com

_____
Jerome C. Schaefer