IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV02122 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

### THE ABA AND WHITE & CASE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUA SPONTE DISMISSAL

Defendants the American Bar Association ("ABA") and White & Case LLP ("White & Case") respectfully urge this Court to deny Plaintiff's Motion for Reconsideration of Sua Sponte Dismissal ("Motion"). In this Motion, Plaintiff has simply restated the principal argument from her original complaint and reasserts that there was a conspiracy to jail the Plaintiff in Colorado. In a well-reasoned decision, this Court, *sua sponte*, dismissed the Plaintiff's claims against the ABA and White & Case on the basis of *res judicata*. *See* Memorandum Order dated July 20, 2006 (docket entry No. 29). There is nothing in Plaintiff's Motion that refutes or requires the court to set aside that judgment.

### ARGUMENT

This Court should deny Plaintiff's Motion because it lacks merit. While not explicitly stated in the Motion, Plaintiff appears to rely on Rule 59(e) as the basis of her Motion. However, "[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that

there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F. 3d 661, 671 (D.C. Cir. 2004) (quotation marks and citation omitted). "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted." *New York v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995). However, reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Nwachukwu v. Karl*, 222 F.R.D. 208, 210 (D.D.C. 2004); *Horizon Lines v. United States*, 429 F. Supp. 2d 92, 97 (D.D.C. 2006).

Plaintiff's Motion does not present any new facts or evidence, and there is no suggestion that there has been clear error in the Court's prior order or that there has been an intervening change of controlling law. Instead, Plaintiff simply reiterates the allegations of her original complaint. Courts routinely deny reconsideration when the motion "is essentially a rehash of the arguments presented to and previously rejected by this Court." *New York*, 880 F. Supp. at 39. Moreover, "a motion to reconsider must establish more than simply the defendant's continued belief that the court's decision was erroneous." *Id.* Because Plaintiff has failed to demonstrate the existence of any of these factors, the Motion should be denied.

In *McLaughlin, v. Bradlee,* which bears many similarities to the present case, the court denied the plaintiff's Rule 59(e) motion after having dismissed the original complaint on the basis of *res judicata*. 602 F. Supp. 1412, 1415 (D.D.C. 1985). Indeed, the court's "reaction to plaintiff's filing of [the Rule 59(e)] motion [was] one of disbelief" because the plaintiff "presented no new argument," and simply "repeat[ed] his request for discovery and an evidentiary hearing" despite the fact that the court had already rejected this contention. *Id.*

Moreover, the Court noted the plaintiff's prolific, "vexatious and harassing abuse of the judicial process." *Id.* at 1417.

Because Plaintiff has similarly only restated the principal argument from her original complaint, the ABA and White & Case move this Court to deny Plaintiffs' Motion as to the ABA and White & Case.

## CONCLUSION

For the foregoing reasons, the ABA and White & Case request that Plaintiff's Motion for Reconsideration of Sua Sponte Dismissal be denied as to the ABA and White & Case.

Dated:  Washington, D.C.
        August 14, 2006

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendants*
*American Bar Association*
*White & Case LLP*

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006 I electronically filed the foregoing ABA Opposition to Plaintiff's Motion for Reconsideration of Sua Sponte Dismissal and proposed order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendant O'Brien, Butler, McConihe & Schaefer, PLLC.

I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Matthew Ahn