RECEIVED

AUG 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States Court District of Columbia

| | |
|---|---|
| Sieverding | 05-02122 |
| v. | Judge Urbina |
| A.B.A. et al. | |

Plaintiff's response to D32 "The ABA and White and Case's opposition to plaintiff's motion for reconsideration of sua sponte dismissal" on the basis of res judicata. The undisputed facts herein also pertain to O'Brien Butler McConihie and Schaeffer.

Mr. Panopoulos states "plaintiff has ....only restated the principal argument from her original complaint". This makes no sense at all. This 05-02122 case was dismissed "sua sponte" on the basis of "res judicata". Plaintiff downloaded the complaint and searched it and the words "res judicata" are not mentioned once. Nor were those words mentioned anywhere in the record by either plaintiff or defense prior to the judges' "sua sponte" dismissal that plaintiff could find. "Sua sponte" is supposed to mean spontaneous, not on the record, not in response to an action. 02-1950, 05-01283 and 05-01672 cannot possibly be res judicata to 05-02122 because 05-02122 concerns acts and omissions that occurred starting in September 2005, long after those cases were filed. Also, plaintiff could not have known that Judge Urbina had ex parte conversations with Kevin Kernan and other people associated with 02-1950, 05-01283 and 05-01672 until Feagre and Benson sent her a bill for the first conversation. They didn't send the bill for the first ex parte conference with Judge Urbina until Dec. 2005, after this action was "stayed". Then plaintiff had to give Judge Urbina and the defense counsel a chance to deny or explain the bill for their ex parte conversation in August and to clarify whether there were additional ex parte conferences with Judge Urbina. Plaintiff wanted the

defense to deny that they had ex parte conferences with Judge Urbina but unfortunately they did not, nor did Judge Urbina. Thus it must be presumed that there were multiple conversations and that they led to 05-01283 and 05-01672 being dismissed and an illogical argument by Judge Urbina that that would cause res judicata to 05-02122 even though it involved different claims and acts and omissions that she did not know about until Sept 2005 when she was suddenly jailed for over 4 months while being denied her statutory rights under The U.S. Judiciary Act, the Colorado Constitution, the Wisconsin Constitution, the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, and the Colorado Rules of Remedial Contempt.

Even if everything plaintiff had filed in any court prior to this action was "frivolous", which it was not, that would not justify a conspiracy to jail her without probable cause that she had committed a crime and a trial according to the rules of criminal procedure. Even lawyers have cases dismissed for "failure to state a claim" and they are never jailed for being involved with a case that is dismissed unless they committed a crime as explicitly defined by statute, fail to perform a legal duty, or are extremely disruptive in a court room.

Jailing for remedial contempt as explained in the pleading and in the rules of civil procedure and Colorado Rules of Procedure for Remedical Contempt cannot be justified unless there is a finding that there is a legal duty defined by statute that was refused. Remedial contempt jailing is used when estranged relatives arrange for their children to be taken from the custodial parent, when witnesses to crimes refuse to testify, and when ex spouses refuse to divulge the location of marital assets. Conspiracy to use jail to deter

2

someone from presenting in court is a crime, and the tort of obstruction of justice, conspiracy to deny rights, abuse of process, and malicious prosecution.

As the defense knows, plaintiff currently is appealing to the 10th Circuit Court of Appeals Colorado Judge Nottingham's orders suspending the U.S. Judiciary Act and making presentment in court a crime punishable by jail. Appearing in that action are the ABA, represented herein by White and Case, and a host of parties explicitly contracted with O'Brien Butler McConihie and Schaefer and an insurance company whose identity they were bound to disclose to plaintiff by Rule 27. Those parties have let facts be formally admitted. Those admissions of fact show the liability of the ABA, White and Case, and O'Brien, Butler, McConihie and Schaefer to the plaintiffs for the acts described in the 05-02122 complaint. They include these quotations from the 05-02122 complaint:

UNDISPUTED ADMITTED FACT "the ABA, White and Case, LLP, and O'Brien, Butler (McConihie and Schaeffer) conspired with Colorado Federal Court Judge Edward Nottingham to obstruct justice." (Complaint, p.1. par 1.).... Through the threat of imprisonment this conspiracy intentionally sought to force both David Sieverding and Kay Sieverding to withdraw from court proceedings...(violated 42 U.S.C. section 1985 by jailing Kay Sieverding in order to) interfere with the proficiency of her efforts to participate in court proceedings"...(Complaint page 2, paragraph 2)...

UNDISPUTED ADMITTED FACT "The standard commonly used West Law Hornbook Textbook the Law of Torts by Dan Dobbs states clearly that lawyers are liable to a third party for prosecuting a case in ways not (allowed) by law just as if they ran the third party over with their car in the parking lot." (Complaint, Page 5).

UNDISPUTED ADMITTED FACT "42 U.S.C. Section 1985 specifically gives an: "action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators...who conspire to deter by force, intimidation or threat, any party or witness in any court of the United States from attending such court, or from testifying therein freely, fully and truthfully....with intent to deny to any citizen the equal protection of the laws or to injure him or his property for lawfully enforcing or attempting to enforce the right of any person...to the equal protection of the laws" (see Complaint page 6)

UNDISPUTED ADMITTED FACT "Several related pro se actions…all …allege judicial misconduct…in none… were the facts disputed…In none…were perjury or fraud by the Sieverdings alleged." (FACTS 11-13.)

UNDISPUTED ADMITTED FACT "The combined demand (of the related cases) with interest exceeds $20 million…in both …the Sieverdings filed summary judgment in the sum certain amounts…in neither…did the defense counsel dispute the amount of their claims…in both…the economic personal and punitive damage (claim amounts) were within the ranges allowed by law….Under the principles of Waiver and Equitable Estoppel the defendants … can no longer dispute the facts…" (FACTS 15-19)

UNDISPUTED ADMITTED FACT "The defendants never believed there was a legitimate order" (FACT 38.)

UNDISPUTED ADMITTED FACT "In July 2005, Sieverding had an email exchange with the ABA's in-house counsel Patricia Larson. Sieverding asked Pat Larson to produce the required components of a Rule 65 injunction but Larson was unable to do so" (FACT 41)

UNDISPUTED ADMITTED FACT "Before being sent to jail, Sieverding emailed to (Lamm and Kernan, agents for the 02-1950 defendants) and asked them to produce the so-called injunction with the Rule 65 requirements but neither did" (FACT 42).

UNDISPUTED ADMITTED FACT "Faegre's 02-cv-1950 bills itemized conferring with "Brien, Butler" (FACT 60)

UNDISPUTED ADMITTED FACT "The Anti-Injunction Act and the All Writs Acts are both specific that a plaintiff cannot be jailed for filing a lawsuit…A disbarred lawyer cannot be jailed for filing a lawsuit…A prisoner appearing in forma pauperis, who has used up their free frivolous filings, cannot be criminally punished for filing another…A prisoner who pays …can file as many actions as they deem appropriate…The history of American Law has been to support access to the courts and all high court decisions regarding access to court have supported access…not only are the courts required to consider a complaint that may be res judicata but the defense has the burden of proof. Complaints to overturn judgment on the basis of fraud can be filed years later. The Supreme Court specifically ruled in NAACP v. Button that the courts cannot dictate the practice of law." (FACT 64-67)

UNDISPUTED ADMITTED FACT "Jailing someone for filing a lawsuit is in the dark regions of American history along with lynching" (FACT 68)

UNDISPUTED ADMITTED FACT "During the time that Kay Sieverding has been in jail, she has not been summoned for additional court hearings, as is normal in a civil contempt holding.… On 9/2/05 neither Sieverding was allowed to cross-examine their accusers…Sieverding quoted Federal Procedure Lawyers Edition adequately to prove that there was no valid injunction…. there is no time limit for contesting an injunction

(TROY v. COCHRAN)...Judges do not have a common law power to label acts as criminal...Jail is a criminal penalty...." (FACTS 74-79)

UNDISPUTED ADMITTED FACT "White and Case and O'Brien, Butler (the agents for the 02-1950 defendants) made obvious fraudulent statements (in the District of Columbia) that a withdrawal from a civil suit can be "voluntary" if it is motivated by a jailing threat or as a condition of getting out of jail..." (FACT 86).

UNDISPUTED ADMITTED FACT "The letter from ABA in-house assistant counsel Patricia Larson to Judge Nottingham...asking Judge Nottingham to suspend Rule 56 procedure and to relay messages through his clerk" (FACT 101)

UNDISPUTED ADMITTED FACT "The 05-01283 (D. of Columbia) complaint discusses the invalid injunction and notes that in the 10th circuit, a special form for injunctions is required with a the basis in law and statement of irreparable harm, but it was not filed. Thus, it was impossible for the lawyers defending 05-01283 (and the 02-1950 defense counsel) not to know that the 02-1950 litigation was conducted fraudulently, that the injunction was invalid and that it is illegal to jail a citizen to coerce them to withdraw from a civil lawsuit." (FACTS 107-109)

UNDISPUTED ADMITTED FACT "(The 02-1950 defense counsel and their agents in Washington D.C.) and the ABA have an obligation, reinforced by the Code of Professional Conduct to protest the jailing of Kay Sieverding and seek for release, (they) have done nothing to seek the release of ...Sieverding even though they ...have probable cause to believe that it is obstruction of justice and wrongful imprisonment and no one else is defending her. Furthermore, Sieverding repeatedly requested the help of the ABA and the o2-1950 defense counsel and according to the Colorado Revised Statues, appeal from contempt is not allowed, so Kay Sieverding has no easy way to free herself, but the ABA could secure her release through a simple motion." FACTS 109-110.

UNDISPUTED ADMITTED FACT "David Sieverding and the Sieverding children are adversely affected...stressed out...personally threatened with jail.... lose faith ...." FACTS 111, 113-115.

UNDISPUTED ADMITTED FACT "Jail is unpleasant, demeaning and dangerous....Sieverding's health and life (was) at risk...she is kept with former IV drug users ...some...have hepatitis....(one) bit another ....in a fistfight...many fights...Sieverding has been threatened." FACTS 111 and 116)

Unlawful jailing is a crime that is an act of violence as defined by Title 18 section 16, like throwing someone in the lion's den or a pit of snakes. If the defendants end of going to jail for their part in this criminal conspiracy they will be afraid. The Clear Creek

County Jail where Sieverding was sent by the defendants was not a low security federal

prison camp. Last winter an inmate was murdered at Denver County Jail.

UNDISPUTED ADMITTED FACT "CIRSA, one organization paying 02-1950 defense counsel Dave Brougham bills, is a RICO systematically engaging in bad faith insurance in violation of CO law…it systematically refuses to pay citizen claims under its public officials errors and omissions coverage…(its) audit report is not signed by any specific auditors…doesn't disclose CEO compensation…. doesn't disclose directors names….doesn't file with the IRS…. not registered with the Colorado Secretary of State as a corporation, partnership, charity, government or government agency" FACTS 118.

The conspiracy was designed to protect another RICO.

UNDISPUTED ADMITTED FACT "In 02-1950, the defense counsel asked for and received a sanction in violation of State and Federal law." FACTS 121.

UNDISPUTED ADMITTED FACT "The sanctions requested by the 02-1950 defense counsel and ratified by the ABA, White and Case, and O'Brien, Butler (McConihie and Schaefer) were criminally solicited and were not legal under Colorado law" FACTS 127.

The 06-1038 second motion to admit facts included these undisputed admissions:

UNDISPUTED ADMITTED FACT "b. It is much easier for the ABA to arrange to have a judge violate a law than for an ordinary litigant. "

UNDISPUTED ADMITTED FACT "c.) The ABA is completely unlicensed, has no public input, pay no taxes, and is allowed to have private meetings with government officials."

The ABA is motivated to keep their privileged position of paying no taxes, having

private meetings with government officials, being unlicensed and having no public input.

UNDISPUTED ADMITTED FACT "d.) Plaintiff has a right to be recognized as a crime victim, and to be afforded the statutory protections of a crime victim."

Plaintiff was a victim of crimes committed by the defendants and their associates.

UNDISPUTED ADMITTED FACT "e.) International law recognizes that the law belongs to citizens and that bar associations have a duty of disciplining or regulating their members."

The ABA pleads law of attorney immunity and bar association freedom from duty

that conflicts with accepted international law.

6

UNDISPUTED ADMITTED FACT "e.) Res judicata is an affirmative defense that must be pled under Rule 12 with a formal Reply that stipulates to the facts. "

White and Case and O'Brien Butler McConihie and Schaefer could not

legitimately plead res judicata as a defense to 05-01283 and 05-01672 so they decided

just to have the Sieverdings threatened with jail to coerce them to dismiss those actions.

UNDISPUTED ADMITTED FACT "g.)In order for Res Judicata to be a basis for dismissal, it is required that the defense, not the judge, stipulate to the FACTS, and when the plaintiff is a FREE CITIZEN there must be an oral hearing when requested."

UNDISPUTED ADMITTED FACT "h.) The defense have the burden of proof that the previous decision cited was adjudicated to a final decision compliant with the statutes of the forum state, the same facts, and claim preclusive. The judge can't assume the defense burden. "

The res judicata defense in 05-01283 and 05-01672 was not legitimate.

UNDISPUTED ADMITTED FACT "I.) Under the law of civil conspiracy, liability is joint and several. It is not necessary to adjudicate against all of the conspirators.   An overt act by one is an overt act by all. "

White and Case, the ABA, and O'Brien Butler McConihie and Schaefer passed on

their opportunity to join their Colorado based co-conspirators. They and the insurance

companies are willing and able to pay the entire 05-022122 claim.

UNDISPUTED ADMITTED FACT "j.) It was not necessary for the defendants to personally attend the hearing in Colorado and personally stand up and request plaintiff is jailed nor that they formally sign the fraudulent criminal complaint claiming that plaintiff had violated a valid order."

The liability of the ABA, White and Case, and O'Brien Butler McConihie and

Schaeffer is based on their participation in the conspiracy.  Nothing more is required.

The Colorado actors were their agents, they benefited from the criminal conspiracy, they

ratified it, and they refused Sieverding's explicit requests to them for help.

UNDISPUTED ADMITTED FACT "k.) Before plaintiff was jailed, the 05-02122 defendants had many conversations with the Colorado actors about their joint defense plans. They knew about the plan to jail Kay Sieverding before it happened."

The Colorado co-conspirators have implicated the 05-02122 defendants.

UNDISPUTED ADMITTED FACT "l.) After Kay Sieverding was jailed, White and Case, O'Brien, Butler, McConihie and Shaefer, and the ABA in this explicitly threatened David Sieverding with jail if he did not immediately withdraw from the other lawsuits."

Patricia Larson, the ABA assistant counsel, agrees with this statement as do the

contracted clients of Jeff Schaefer and Kevin Kernan.

UNDISPUTED ADMITTED FACT "m.) (White and Case, O'Brien, Butler, McConihie and Shaeffer, and the ABA) ratified the jailing, and, according to American Jurisprudence, that is all that is necessary to establish liability for unlawful imprisonment."

The ABA assistant counsel, Pat Larson agrees with the statement of law above as

do a bunch of lawyers with good resumes

UNDISPUTED ADMITTED FACT "n.) After plaintiff was jailed, the ABA counsel Patricia Larson used interstate carrier to call her agent Christopher Beall to discuss the details."

Larson couldn't argue against Beall's bills. Their conversation would also show on

the long distance phone bills.

UNDISPUTED ADMITTED FACT "o.) (Kay Sieverding) explicitly requested assistance from (the ABA, and the other 02-1950 defendants) to secure her release from jail and (they) refused, thus establishing their liability. They refused even after plaintiff complained that other inmates were calling her a "snitch-bitch" and threatening her physically because they found out she had reported drug dealers."

Patricia Larson agreed to the above on behalf of the ABA.

UNDISPUTED ADMITTED FACT "p.)(The ABA and the other defendants) knew, also, that plaintiff had been jailed without an evidentiary hearing and that that was required along with a complaint stating what law she was accused of violating and what the probable cause was to believe she had violated a law."

Patricia Larson agreed to the above on behalf of the ABA.

UNDISPUTED ADMITTED FACT "q.) Chris Beall was the (ABA's, White and Case's., O'Brien Butler McConihie and Schaeffer and the other 02-1950 defendants's) co-conspirator and agent."

8

Will White and Case and O'Brien Butler disagree that Beall was their criminal

co-conspirator and agent?

UNDISPUTED ADMITTED FACT "r.) Chris Beall stated fraudulently when plaintiff was grabbed and jailed that she was not entitled to an evidentiary hearing."

Beall, Larson, and all the other lawyers agree that that was fraud.

UNDISPUTED ADMITTED FACT "s.) The Rules of Professional Conduct required (the 02-1950 defense counsel) to state otherwise but they did not, although they had 4 months to do so."

Larson and all the other lawyers agree that they had a duty defined by the Rules of

Professional Conduct as officers of the court that they refused.

UNDISPUTED ADMITTED FACT "t.) The ABA was bound by its obligation to supervise its agents, its professional expertise in the field of law, its appearance directly in the District of Colorado, its knowledge of the unlawful imprisonment, its acceptance of $16 million per annum from the U.S. government in its capacity as a legal expertise organization, and its authorship of the Model Rules of Professional Conduct."

Larson, ABA assistant counsel, has already agreed that the ABA had an

affirmative duty, which it ignored.

UNDISPUTED ADMITTED FACT "u.) (The ABA and the 02-1950 defense counsel) knew that Sieverding had been told by their agent, Christopher Beall, that she was not entitled to a lawyer in their action to put her in jail and keep her in jail. (They) knew that Kay Sieverding was entitled to a lawyer not only during the hearing but also during her entire jailing. The defendants in this action knew that the Federal Public Defenders Office had refused her service on the grounds that she had not been accused of committing a crime. They knew that other lawyers had also refused service. The defendants in this action knew that she had applied to Colorado Judge Nottingham to have a lawyer appointed for her and that that was her explicit legal right under both the codes in Colorado for remedial contempt (Colorado Revised Statues Court Procedure Rule 107) and the Federal Rules of Criminal Procedure. The defendants in this action knew that Judge Nottingham had refused to appoint a lawyer for her, had refused to set bail, and had refused to allow her out of jail even for a few days to find a lawyer."

All of the lawyers appearing in 06-1038 knew that Sieverding was denied her

statutory rights when she was put in jail for presenting in related actions.

UNDISPUTED ADMITTED FACT "v.) The defendants in (the 06-1039) action knew that the injunction was never valid and that an injunction that violated the Colorado and Wisconsin constitutions and the U.S. Judiciary Act could never be valid."

The ABA and the agents of these defendants knew that the stated basis for jailing

was fraudulent.

UNDISPUTED ADMITTED FACT "w.) The defendants in (06-1038) knew that Colorado Judge Nottingham was legally obligated to tell plaintiff how she could get out of jail and that he refused to do so even when she explicitly asked him to."

The ABA and the agents of these defendants knew that Sieverding didn't know

how to get out of jail but refused to tell her or help.

UNDISPUTED ADMITTED FACT "x.) The ABA, White and Case, and O'Brien Butler conspired with Colorado Federal Judge Nottingham to obstruct justice."

The ABA confessed for itself and the lawyers who were agents of the 05-02122

believe that White and Case and O'Brien Butler McConihie and Schaefer committed a

crime and the tort of obstructing justice.

UNDISPUTED ADMITTED FACT "y.) Judge Nottingham was also the agent of these defendants when he ignored the Wisconsin and Colorado constitutions Judiciary Act, the procedures for remedial contempt, the Rules of Civil Procedure, the Rules of Criminal Procedure and the U.S. codes both Title 28 and Title 18 to jail plaintiff to inhibit her presentment in another court."

The lawyers appearing in 06-0138 state that Judge Nottingham was their agent

even though he was supposed to be impartial.

UNDISPUTED ADMITTED FACT "z.) The State of Colorado participated in the civil conspiracy through the form of Daniel Moore who ratified the jailing even though she knew that a person cannot be legally jailed except for violating a law of the United States whether it is called criminal procedure or remedial contempt. Furthermore, the State of Colorado contracted David Brougham as their agent and he was acting as their agent when he explicitly verbally ratified Christopher Beall's and Traci Van Pelt's oral requests to have plaintiff jailed."

The 05-1038 lawyers and Pat Larson, for the ABA, agree that there was state

action in the illegal jailing.

UNDISPUTED ADMITTED FACT "aa.The Colorado Attorney Regulation Counsel gets all of its funding from the attorneys it regulates and is not tax payer funded. Therefore, it cannot accord procedural due process to non-attorney complainants. The Colorado Attorney Regulation Counsel acts as a gatekeeper to the Colorado Supreme Court forum for complaints against attorneys."

The ABA and the 05-1038 lawyers now agree that the Colorado Attorney

Regulation Counsel does not adequately protect citizen's rights.

The following facts have been admitted in the 10th Circuit Court of Appeals for

some time and also mandate liability for the defendants:

UNDISPUTED ADMITTED FACT "2.) It is customary practice for these defense counsel hired and supervised by these defendants when litigating with this plaintiff to have unrecorded ex parte conferences. Apparently they think that the bar associations and law firms cannot defend themselves without criminal collusion. This is admissible under Rules of Evidence 406"

UNDISPUTED ADMITTED FACT "3.) "Evidence of the habit of a person or the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

UNDISPUTED ADMITTED FACT "4.) It is supported by defense attorney bills showing that David Brougham had over 25 unrecorded ex parte conferences, defense bills from Faegre & Benson discussing ex parte conferences with the District of Columbia, a letter from Faegre & Benson soliciting an unrecorded ex parte conference call with Minnesota Federal Judge Tunheim, a bill from Faegre & Benson for a meeting with Judge Tunheim's former clerks, letters from defense counsel Patricia Larson and attorney James B.F. Oliphant soliciting ex parte conferences with Colorado Federal Judge Nottingham, oral statements by Christopher Beall that he had called every court plaintiff has appeared in and orally requested dismissal, and bills by David Brougham for reviewing three District of Colorado orders that he could only have obtained through ex parte conference as two had not even been issued when he billed to review them and one he could not have received through the mail when he billed to review it."

UNDISPUTED ADMITTED FACT "5.) "In the review of judgments in contempt, the supreme court goes no farther than to inquire if the court pronouncing sentence had jurisdiction of the parties and of the offense charged

UNDISPUTED ADMITTED FACT "6.) Judge Nottingham did not have jurisdiction over legal acts by plaintiff.

UNDISPUTED ADMITTED FACT "7.)Plaintiff was jailed for over 4 months without being accused of violating a federal or state law."

UNDISPUTED ADMITTED FACT "8.) When Sieverding, from jail, filed a "motion for discovery to state number of statute for basis of so called injunction Sieverding accused of violating" (D. 740 filed 12/27/05), without hearing or recorded defendant response, Judge Nottingham declared that motion to be "frivolous".

UNDISPUTED ADMITTED FACT "9.)The Supreme Court has ruled that there can be no duty to refrain from what is legal."

UNDISPUTED ADMITTED FACT "10.) Jailing for violating a court order depends on the condition being established that there is a duty to refrain from the prohibited conduct, such duty cannot exist without a statute prohibiting the conduct"

UNDISPUTED ADMITTED FACT "11.) In her (05-1038) response brief, ABA counsel Patricia Larson asserts as evidence that all of plaintiff's motions were "frivolous". However, all of the motions contained the only three requirements of a motion: a statement of what plaintiff wanted the court to do, a statement of the law she was relying on, and a statement of how or why the law applied to the factual situation."

UNDISPUTED ADMITTED FACT "12.) "No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator was furnished with actual notice of the violation before the noncompliance."

UNDISPUTED ADMITTED FACT' 13.) Criticism of plaintiff's motions is not ground for sanctions if they met the requirements of national and local rules, which they did."

UNDISPUTED ADMITTED FACT "16.) The defense counsel has not cited any applicable law or case supporting an injunction against fee-paid self-represented litigation."

UNDISPUTED ADMITTED FACT "17.) Fee-paid self-represented litigation is protected by the Colorado and Wisconsin constitutions and the U.S. Judiciary Act and has been common law since the 13th century."

UNDISPUTED ADMITTED FACT "18.)  No evidence of any plaintiff's misconduct has been supplied to any court."

UNDISPUTED ADMITTED FACT "19.)Patricia Larson, representing the ABA, has made no claim to the 10th Circuit that she ever thought that the March 2004 order against pro se litigation based on the same series of events was a legitimate order.  This is admitted under Rules of Evidence 801(2) a and c."

UNDISPUTED ADMITTED FACT "20.) In order for an injunction to issue, there must be a bond provided by the party benefiting or an explicit court decision that no bond is necessary. In the case of the injunction hereby appealed, there was no defense bond and no discussion of a defense bond. It is apparent to anyone who has passed the bar exam that there was no valid injunction."

UNDISPUTED ADMITTED FACT "21.)In order for a valid injunction to issue, there must be a motion citing a law, an affidavit of irreparable harm, and a hearing. If those conditions are not met, it is apparent to anyone who has passed the bar exam that there was no valid injunction. In the case of the injunctions hereby appealed, there were no motions, no affidavits of irreparable harm, and no hearing that complied with the required procedure."

UNDISPUTED ADMITTED FACT "22.) In order for a valid injunction to issue, there must be a statement of what is restricted that does not incorporate a document and a statement of why it is issued. Also, it is supposed to be a separate document and entered by the clerk as an injunction. If those conditions are not met, it is apparent to anyone who has passed the bar exam that there was no valid injunction. In the case of the March 2004 order, the required format was not met, it was not a separate document, and it was not entered by the clerk as an injunction."

UNDISPUTED ADMITTED FACT "23. Anyone who has passed the bar exam knows that self-representation has been a common law right since the 13th Century and is explicitly incorporated into State Constitutions and the Judiciary Act of 1789."

UNDISPUTED ADMITTED FACT "25.) Judge Nottingham's contempt of court proceedings were the first time she ever met him."

UNDISPUTED ADMITTED FACT "26.) When plaintiff was jailed at the oral request of the defense (agents) Mr. Beall fraudulently represented that she was not entitled to either a lawyer or an evidentiary hearing."

UNDISPUTED ADMITTED FACT "27.) The witnesses against plaintiff, the defense counsel, were not sworn in as witnesses."

UNDISPUTED ADMITTED FACT "28.) There is no license to commit crimes in court."

UNDISPUTED ADMITTED FACT "29.) Plaintiff's interpretation of the clause in the March 2004 order against pro se litigation "based on the same series of events" as meaning "based only on the same series of events" was entirely reasonable and consistent with the laws of res judicata and estoppel."

UNDISPUTED ADMITTED FACT "30.) The District of Colorado and the defense counsel did not have a right to retroactively change the injunction to mean, "based on related events" or "based on the same series of events plus intervening events".

13

UNDISPUTED ADMITTED FACT "31.) Because the plaintiff was not allowed an evidentiary hearing to determine if her related lawsuits were "based only on the same series of events" and because she cited information not in her complaint and not available until after the case was dismissed, it must be presumed that plaintiff's related litigation did not conflict with the order against litigation "based on the same series of events".

UNDISPUTED ADMITTED FACT "32.)When she appealed the 02-1950 dismissal, David Brougham had emailed to plaintiff that she was not allowed to present the attorney bills because they were not in the record on appeal."

UNDISPUTED ADMITTED FACT "35.) The defendants record in forcing plaintiff to move from Steamboat, defaming plaintiff, attacking her financially, threatening to shoot someone who wanted to buy her property, and having her put in jail based on fraudulent representations of law suggests that they are willing to engage in all sorts of crimes. "

UNDISPUTED ADMITTED FACT "36.) Plaintiff emailed to the defense counsel and asked whether they were planning to have her murdered, re-jailed, or to use other force to stop her presentment in court, and they refused to say that they did not plan to murder her or use new force to stop her presentment in court. "

UNDISPUTED ADMITTED FACT "37.) Even though the ABA knew that Kansas Federal Judge John Lungstrum was adjudicating Sieverding v. WorldWest LLP and that the outcome of that case could affect Sieverding v. ABA et al., since there were overlapping facts, the ABA hired Judge Lungstrum as a speaker in April 2006. Previously the ABA had never hired Judge Lungstrum."

UNDISPUTED ADMITTED FACT "38.)Plaintiff was not allowed an opportunity to be heard as to the impropriety of her being jailed without an evidentiary hearing, a lawyer, or being accused of a crime as is required by Rules of Evidence 300 (e)."

UNDISPUTED ADMITTED FACT "39.) The presumption is that plaintiff is competent to be a witness in court and no evidence has been offered in any court contravening that."

UNDISPUTED ADMITTED FACT "40.) The presumption is that plaintiff is innocent of all criminal conduct and no evidence has been offered in any court contravening that."

UNDISPUTED ADMITTED FACT "41.) Plaintiff has lived in Wisconsin since August of 2001. Since 02-1950 had no trial and was decided on the basis of written filings by plaintiff from Wisconsin and by defense counsel from Illinois and Colorado and ex parte conferences some of which were interstate, and the defense strategy was advised by Jeffrey Schaefer from D.C. who represented the insurer for the Newspaper and by a representative of Lloyd's of London in Chicago, who represented the reinsurer for Kevin Bennett and the City of Steamboat defendants, the 02-1950 litigation can be properly characterized as an interstate activity."

UNDISPUTED ADMITTED FACT "42.) In 02-1950, David Brougham knew that the case would be transferred to Judge Nottingham, and wrote to his clients about this, two days before the order appeared in the docket."

UNDISPUTED ADMITTED FACT "43.) In Jan 2006, Judge Nottingham at the request of the defense counsel issued an arrest warrant for plaintiff and the U.S. Marshals came to her home in Wisconsin. However, under Rule 4 of the Federal Rules of Criminal Procedure, he could only issue such a warrant: "if the complaint or one or more affidavits ...established probable cause that an offense has been committed.""

UNDISPUTED ADMITTED FACT "44.)Larson and Oliphant ignored the 10th Circuit's order to appear in this matter but no warrant was issued to arrest them."

UNDISPUTED ADMITTED FACT "45.)Neither the defense counsel nor Judge Nottingham had any affidavits from anyone alleging any probable cause that plaintiff had committed a criminal offense."

UNDISPUTED ADMITTED FACT "46.) Under Rule 1 (b) the warrant was supposed to describe the offense "charged in the complaint". However, there was no criminal complaint and the warrant did not contain a description of an offense charged."

UNDISPUTED ADMITTED FACT "47.)The arrest warrant charged plaintiff with "failure to appear". However, under Rule 40, such a charge can only be made if 18 U.S.C. Sections 3141 to 3156 apply. Those all require a criminal complaint with an affidavit that the accused committed a crime and do not change the presumption of innocence."

UNDISPUTED ADMITTED FACT "48.)At the oral request of the defense counsel, plaintiff was jailed without a preliminary hearing as required by Fed. Rules of Criminal Procedure Rule 5.1."

UNDISPUTED ADMITTED FACT "49.)Under Federal Rules of Criminal Procedure 58.b.2, Judge Nottingham was required to tell plaintiff what she was charged of and the minimum and maximum penalties and that she had a right to retain counsel. He never did tell plaintiff what she was charged with or what the maximum sentence could be. Also, he ratified the statement by defense counsel Christopher Beall that she was not entitled to a lawyer and was not entitled to an evidentiary hearing."

UNDISPUTED ADMITTED FACT "50.)When plaintiff requested that Judge Nottingham appoint a lawyer for her, he refused. When she requested a temporary release from jail to find a lawyer, he refused. She told Judge Nottingham that the federal public defender's office had refused her service. The defense counsel including Patricia Larson knew all this because it all went through ECF and was emailed to them."

UNDISPUTED ADMITTED FACT "Patricia Larson claimed (by inter-state carrier) to have a right to refuse civil service on the basis that plaintiff was enjoined from self-representation."

UNDISPUTED ADMITTED FACT 53."On 09/6/05 after plaintiff was jailed at Mr. Beall's oral request, he and Patricia Larson had a long distance phone conversation for .2 hours on "status of contempt hearing".

UNDISPUTED ADMITTED FACT 54.) On 9/2/05, plaintiff pled not guilty to the charge of, without having a lawyer, filing a lawsuit based on the same series of events.  Under Federal Rules of Criminal Procedure 58-4, the judge was required to advise her of her right to appeal her conviction."

"UNDISPUTED ADMITTED FACT 55.)Even though Judge Nottingham allowed the defense counsel to allege probable cause without being under oath, as officers of the court they are still under penalty of perjury."

UNDISPUTED ADMITTED FACT "56.)Under Federal Rules of Criminal Procedure Rule 11, Judge Nottingham was required to tell plaintiff of (b) the right to plead not guilty, (c) the right to a jury trial, (d) the right to be represented by counsel, (e) the right to confront and cross-examine adverse witnesses, to testify and present evidence, and to compel the attendance of witnesses, (g) the nature of each charge to which the defendant is pleading, (h) any maximum possible penalty and terms of release, (i) any mandatory minimum penalty....and (m) the court's obligations to apply the sentencing guidelines."

UNDISPUTED ADMITTED FACT "The 02-1950 litigation did not result in a final judgment as defined by Colorado State Law because there was no summary judgment and plaintiff had specified a jury trial when she filed her civil complaint and by motion in Jan 2003.  Colorado state law was controlling because 02-1950 was a case under diversity.  Because there was no final judgment, plaintiff has a statutory right to continue to press those claims, since she initiated them within the statute of limitations.  Therefore, there can be no legal finding of res judicata.  Also, the defendants have no recourse to the All Writs Act because there was no final judgment."

UNDISPUTED ADMITTED FACT "In 02-1950, the defense counsel conspired to conduct an illegal defense.  They emailed each other and made interstate and local phone calls and used the U.S. Mail.  The illegal defense included overt criminal acts such as unrecorded ex parte conferences with the judge(s), solicitation of unrecorded ex parte conferences with the judge, and defense violation of the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Rules of Evidence, and Colorado Procedures for Indirect Contempt (Rule 107)"

UNDISPUTED ADMITTED FACT "Under Fed. Rules of Criminal Procedure Rule 27, plaintiff was entitled to prove that she had not violated the order against pro se litigation based on the same series of events and that there was no valid injunction.  However, she was not allowed Rule 27 rights."

UNDISPUTED ADMITTED FACT "Judge Nottingham denied plaintiff her rights under Rule 29(a) after her statement under oath that she did not believe she had litigated based on the same series of events. "

UNDISPUTED ADMITTED FACT "There was no pre sentence investigation and report as required by Federal Rules of Criminal Procedure Rule 32."

UNDISPUTED ADMITTED FACT "Judge Nottingham did not advise plaintiff of her right to appeal the conviction as required by Federal Rules of Criminal Procedure Rule 32j1"

UNDISPUTED ADMITTED FACT "The judgment of conviction did not include the adjudication or the sentence as required by Fed. Rules of Crim. Procedure Rule 32k."

UNDISPUTED ADMITTED FACT "Because the defendants' motions to find plaintiff in contempt of court did not charge an offense, Judge Nottingham was required to arrest judgment by Federal Rules of Criminal Procedure Rule 34."

UNDISPUTED ADMITTED FACT "Because the defendants were all represented by defense counsel who were licensed lawyers and officers of the court, the defense counsel were obligated to advise plaintiff, knowing that she was pro se, that she had a right to arrest judgment by Rule 34."

UNDISPUTED ADMITTED FACT "Christopher Beall threatened to have plaintiff's husband put in jail if he did legal research for her."

UNDISPUTED ADMITTED FACT "Fed. Rules of Criminal Procedure Rule 41c. allows the seizure of a person under 4 conditions, none of which ever applied to plaintiff."

UNDISPUTED ADMITTED FACT "Under Fed. Rules of Criminal Procedure Rule 41.3.c, Judge Nottingham was required to put the defense counsel under oath when they requested a warrant for plaintiff's arrest. However, he did not do so."

UNDISPUTED ADMITTED FACT "The defense counsel knew the basics of criminal procedure as evidenced by their passing the bar examination, which includes it."

UNDISPUTED ADMITTED FACT "Judge Nottingham also violated the procedures for criminal contempt. By Federal Rules of Criminal Procedure Rule 42, he was required to state the time and place of trial, allow the defendant a reasonable time to prepare a defense, and state the essential facts constituting the charged criminal contempt but he did not do so. He was required to request a government prosecutor but did not do so. Plaintiff was entitled to a jury trial but was specifically told she was not allowed a jury trial. He was required to offer her bail, since she had no criminal record nor any reason to flee. "

UNDISPUTED ADMITTED FACT "Federal Rules of Criminal Procedure Rule 44 says "a defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waived this right."

UNDISPUTED ADMITTED FACT "Not only did plaintiff never waive her right to counsel, she filed motions with Judge Nottingham, emailed by the court ECF to (Pat Larson and the agents of the defendants), explaining her attempts to get a lawyer and requesting one by appointed for her. "

UNDISPUTED ADMITTED FACT "To eliminate unnecessary detention, the court must supervise the detention within the district of any defendants awaiting trial and of any persons held as material witnesses.... An attorney for the government must report biweekly to the court, listing each material witness held in custody for more than 10 days pending indictment, arraignment or trial…the attorney for the government must state why each witness should not be released pending indictment, arraignment or trial".

UNDISPUTED ADMITTED FACT "Plaintiff was not indicted, arraigned or tried.  She never saw an attorney for the government and no biweekly reports by an attorney for the government were filed. (Pat Larson and the Colorado attorney agents of the defendants) knew this because everything related to the jailing of plaintiff was emailed to them through ECF."

UNDISPUTED ADMITTED FACT "Judge Nottingham. Pat Larson, and the Colorado attorney agents sought to exclude evidence by denying plaintiff proper oral hearings, proper hearings on her motions, formal replies to her civil court actions and even this reply, and a right to self-representation."

UNDISPUTED ADMITTED FACT "This violated Federal Rules of Evidence Rule 103. Plaintiff timely objected and also offered evidence but the (02-1950) court admitted (by relying on) evidence plaintiff had contradicted and excluded evidence she had offered."

UNDISPUTED ADMITTED FACT "Judge Nottingham refused to take judicial notice as required by Rule 201 (d) and the defense attorneys did not object as they were required to as officers of the court"

UNDISPUTED ADMITTED FACT "The procedure that was used by Judge Nottingham and the defense counsel operating in conspiracy also violated the rules of Colorado the forum state—C.R.S. Colorado Court Rules 107 Remedial and Punitive Standards for Contempt."

UNDISPUTED ADMITTED FACT "In this case, there were no allegations of direct contempt and the first contempt of court hearing scheduled by Judge Nottingham was the first time he and plaintiff had met, as the judge held no hearings on plaintiff's summary judgment motions nor defense motions to dismiss."

UNDISPUTED ADMITTED FACT "In indirect contempt proceedings under Colorado Rule 107c, a bail bond must be set but plaintiff was not allowed the opportunity to bail out at any price. If bail had been set, more people would have been involved and there would have been more process to protect plaintiff from unlawful imprisonment."

UNDISPUTED ADMITTED FACT "The safeguards required by Colorado Rule 107 d were also ignored. "The person shall be told of the right to have the action heard by another judge", but when plaintiff requested another judge before the hearing it was denied without explanation, as was her request for the planned procedure."

UNDISPUTED ADMITTED FACT "At the first appearance, the person shall be advised of the right to be represented by an attorney, and, if indigent and if a jail sentence is contemplated, the court will appoint counsel" Rule 107d.

UNDISPUTED ADMITTED FACT "Rule 107 d was violated—Christopher Beall acting as a private prosecutor, advised plaintiff in front of the Judge, who ratified it, that she did not have a right to an attorney and the judge refused to allow her to ask for one, and later denied specific requests for appointed counsel. The Federal Public Defenders also refused her service, on the grounds that she was not accused of a crime."

UNDISPUTED ADMITTED FACT 'The person shall also be advised of the right to plead either guilty or not guilty to the charges, the presumption of innocence, the right to require proof of the charge beyond a reasonable doubt, the right to present witnesses and evidence, the right to cross-examine all adverse witnesses, the right to have subpoenas issued to compel attendance of witnesses at trial, the right to remain silent, the right to testify at trial, and the right to appeal any adverse decision."

UNDISPUTED ADMITTED FACT "In this case, Christopher Beall, acting as private prosecutor and unsworn witness, stated that plaintiff was not entitled to an evidentiary hearing and the other defense counsel and Judge Nottingham ratified that misstatement of law. Patricia Larson was also made aware of that fraudulent process and ratified it."

UNDISPUTED ADMITTED FACT " The District Court was specifically required to conduct a full evidentiary hearing and consider plaintiff's evidence that not only was the order invalid but the new litigation was based on new events."

UNDISPUTED ADMITTED FACT "The court shall enter an order in writing or on the record describing the means by which the person may purge the contempt and the sanctions that will be in effect until the contempt is purged."

UNDISPUTED ADMITTED FACT "The means to purge the contempt were described in a very vague fashion not consistent with the requirements for issuing an injunction. This was not corrected, even when plaintiff repeatedly motioned for a description of how to get out of jail. The defense counsel was aware of this deficiency."

UNDISPUTED ADMITTED FACT "The power to punish for contempt should be used sparingly, with caution, deliberation, and due regard to constitutional rights; it should be exercised only when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice."

UNDISPUTED ADMITTED FACT "In this case, due care was not used and plaintiff's constitutional and statutory rights were not considered."

UNDISPUTED ADMITTED FACT "Compliance with the procedure governing contempt matters is essential before jurisdiction to punish for contempt attaches"

UNDISPUTED ADMITTED FACT "A constructive contempt must be brought to the court's attention by affidavit; this affidavit must state facts which, if established, would constitute a contempt, and if it does not do so the court is without jurisdiction to proceed…If the petition and affidavit state facts which if true show that a contempt was committed, the court acquires jurisdiction, otherwise not…Where affidavit fails to state facts showing contempt, court is without jurisdiction. When an affidavit is presented as a basis of a proceeding for contempt, the court must, in the first instance, examine the same, and, if the facts presented do not show that a contempt has been committed, the court will be without jurisdiction to proceed…The accused can be convicted of no contempt other than that charged in the citation, since the citation for contempt plays a very important role in enabling the person charged to understandingly shape his course and prepare his defense."

UNDISPUTED ADMITTED FACT "A situation, involving a possible indirect contempt, requires, as a minimum, notice of the charge, the right to be represented by counsel, a hearing, the right to call and confront witnesses, and specific findings by the court."

UNDISPUTED ADMITTED FACT "Due process is a sham when a judge is both prosecutor and judge in an indirect contempt case."

UNDISPUTED ADMITTED FACT "Before a court can make a finding of contempt which would justify a remedial order, it must make findings which are supported by evidence that there is a refusal to perform the act in question, that there is a present duty to perform such act …to justify punishment for civil contempt consisting of a refusal to perform a required act for the benefit of others, the trial court must upon hearing make a finding both of the facts constituting contempt and of the present duty …to perform…"

UNDISPUTED ADMITTED FACT "It is error for a judge who cites one for indirect contempt to also act as trial judge and prosecutor in a later hearing on the charge…It is proper to ask a fellow judge to take his place."

UNDISPUTED ADMITTED FACT " A court before imposing penal sanctions for contempt should proceed with caution and deliberation as the power should be exercised only when necessary to prevent obstruction or interference with the administration of justice."

UNDISPUTED ADMITTED FACT "A punitive fine or imprisonment may be imposed only if the citation so states. The document that was sent to plaintiff before the September hearing did not mention jail."

UNDISPUTED ADMITTED FACT "License to practice law assures public that the lawyer who holds the license will perform basic legal tasks honestly"

UNDISPUTED ADMITTED FACT "The public has a right to expect that one who engages in professional misconduct will be disciplined appropriately.... for discipline is required ...to protect the public."

UNDISPUTED ADMITTED FACT "When a lawyer knows that a client expects assistance not permitted by the rules of professional conduct or other law, the lawyer shall consult with the client regarding the relevant limitations on the lawyer's conduct."

UNDISPUTED ADMITTED FACT " In representing a client, a lawyer shall not engage in conduct that exhibits or is intended to appeal to or engender bias against a person on account of that person's ...socioeconomic status, whether that conduct is directed to ...parties, or any persons involved in the legal process."

UNDISPUTED ADMITTED FACT " Overriding concern in discipline proceedings is to protect the public through the enforcement of professional standards of conduct."

UNDISPUTED ADMITTED FACT " Suspension for one year and one day appropriate when attorney neglected to file response to motion for summary judgment."

UNDISPUTED ADMITTED FACT "A lawyer employed or retained by an organization represents the organization, which acts through its duly authorized constituents, and the lawyer owes allegiance to the organization itself."

UNDISPUTED ADMITTED FACT "If a lawyer for an organization knows that an officer, employee or other person associated with the organization ...intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization. ...If, despite the lawyer's efforts in accordance with paragraph (b), the highest authority that can act on behalf of the organization insists upon action, or a refusal to act, that is clearly a violation of law ...the lawyer may resign."

UNDISPUTED ADMITTED FACT "A lawyer ordinarily must decline or withdraw from representation if the client demands that the lawyer engage in conduct that is illegal or violates the Rules of Professional Conduct or other law...Withdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is criminal or

fraudulent, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it."

UNDISPUTED ADMITTED FACT " Each member of our society is entitled to have his or her conduct judged and regulated in accordance with the law; to seek any lawful objective through legally permissible means; and to present for adjudication any lawful claim, issue or defense."

UNDISPUTED ADMITTED FACT " The advocate has...a duty not to abuse legal procedure."

UNDISPUTED ADMITTED FACT "The action is frivolous if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person."

UNDISPUTED ADMITTED FACT " Attorney's effort to cause suppression of relevant evidence ...in a manner not authorized by statute o other law constitutes conduct prejudicial to administration of justice."

UNDISPUTED ADMITTED FACT "It is unprofessional conduct and dishonorable to deal other than candidly with the facts in drawing affidavits and other documents."

UNDISPUTED ADMITTED FACT " By filing false documents, an attorney perpetrates a fraud upon the court."

UNDISPUTED ADMITTED FACT "An attorney has a high duty as an officer of the court to never participate in any scheme to obstruct the administration of justice or the judicial process."

UNDISPUTED ADMITTED FACT " Fabricating documents to justify conduct breaches attorney's ethical obligations to his client and to the bar."

UNDISPUTED ADMITTED FACT "Recommendation of prosecution without legitimate interest warrants suspension."

UNDISPUTED ADMITTED FACT "Where an attorney took advantage of his position of respect ...by repeatedly urging criminal prosecution in matters where his only legitimate professional interest could be in related civil matters, such actions are prejudicial to the administration of justice."

UNDISPUTED ADMITTED FACT "Where a lawyer's conduct not only constitutes a violation of the code of professional responsibility, but also involves felonious conduct, clearly and convincingly proven ...the grievance committee is justified in requiring disbarment."

UNDISPUTED ADMITTED FACT "If a lawyer has offered material evidence and later learns that the evidence is false, the lawyer shall take reasonable remedial measures."

UNDISPUTED ADMITTED FACT "Patricia Larson offered evidence that there was a valid injunction when she knew there was not but took no remedial action."

UNDISPUTED ADMITTED FACT "A lawyer shall not...knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

UNDISPUTED ADMITTED FACT "A lawyer shall not: (a) unlawfully obstruct another party's access to evidence...in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused."

UNDISPUTED ADMITTED FACT "A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if: the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved."

UNDISPUTED ADMITTED FACT "A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects shall inform the appropriate professional authority."

UNDISPUTED ADMITTED FACT "A lawyer having knowledge that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority."

UNDISPUTED ADMITTED FACT "Our legal system is based on an adversary system that has three elements: (1) the right of parties to present evidence to a judge and a jury (2) the need for the judge and jury to be 'neutral and passive' (deciding only on the basis of the parties' evidence) and (3) the use of procedural rules and professional codes of conduct to govern the collection, presentation, and testing of such evidence. "

UNDISPUTED ADMITTED FACT " The very essence of civil liberty certainly consists in the right of every individual to claim the protections of the laws, whenever he receives an injury."

UNDISPUTED ADMITTED FACT "The largest latitude consistent with the words employed is uniformly given in construing such statutes and constitutional provisions as are meant to protect and defend and give remedies for their wrongs to all the people."

UNDISPUTED ADMITTED FACT " Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay."

UNDISPUTED ADMITTED FACT "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (a) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;(b) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (c) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;(d) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights,"

UNDISPUTED ADMITTED FACT 'The Constitution of the United States is a law for rulers and people, equally in war and in peace, and covers with the shield of its protection all classes of men, at all times, and under all circumstances"

UNDISPUTED ADMITTED FACT " In the determination of any criminal charge against him, or of his rights and obligations in a suit at law, everyone shall be entitled to a fair and public hearing by a competent, independent and impartial tribunal"

UNDISPUTED ADMITTED FACT " Everyone lawfully within the territory of a State shall, within that territory, have the right to liberty of movement and freedom to choose his residence…The above-mentioned rights shall not be subject to any restrictions except those which are provided by law, are necessary to protect national security, public order …public health or morals or the rights and freedoms of others, and are consistent with the other rights recognized in the present (U.N.) Covenant."

UNDISPUTED ADMITTED FACT "No one shall be deprived of his liberty except on such grounds and in accordance with such procedure as are established by law."

UNDISPUTED ADMITTED FACT " U.S.C., Title 18, Section 242 Deprivation of Rights Under Color of Law …makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S…Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as… Judges…. etc., persons who are bound by laws, statutes ordinances, or customs."

UNDISPUTED ADMITTED FACT "The defense (agents) in September 2005 requested Judge Nottingham jail plaintiff for performing a legal act."

UNDISPUTED ADMITTED FACT " The defense agents confessed to a felony when they submitted a verified bill for an unrecorded ex parte conference call with Magistrate Schlatter and billed to review orders they could only have received through ex parte conferences."

UNDISPUTED ADMITTED FACT "The conspiracy by the defense and the judges match the definition of "obstruction of justice" for which Congress has specifically granted a right to sue."

UNDISPUTED ADMITTED FACT " Unrecorded, ex parte telephone conferences between the defense counsel and the judge clearly fall into the category of "corruptly endeavoring to influence an officer of the court". So do letters requesting such conversations such as sent by Patricia Larson to Judge Nottingham."

UNDISPUTED ADMITTED FACT "Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for (1) the attendance of a… party at an official proceeding...shall be fined or imprisoned."

UNDISPUTED ADMITTED FACT " The defense (agents) threatened and damaged the plaintiff and her husband to retaliate against their attendance at official proceedings in courts other than that of Judge Nottingham."

UNDISPUTED ADMITTED FACT "The defendants have criminally deprived plaintiff of rights established by statute as well as common law and constitution. They intentionally damaged her reputation and finances and had her jailed without the required process or even a belief that she had committed a criminal act. The next step in criminal acts is murder or violence and they refuse to say that they are not planning that."

UNDISPUTED ADMITTED FACT " Plaintiff is entitled to the protection of the laws against criminal acts and professional misconduct by the defendants and their counsel."

UNDISPUTED ADMITTED FACT "The defense (agents) greatly violated The Rules of Professional Conduct."

UNDISPUTED ADMITTED FACT "The defense (agents) engaged in a criminal conspiracy designed to deprive plaintiff of rights and they violated U.S. criminal statutes."

The ABA has ratified use of The Law of Torts by Dan Dobbs in law schools it

accredits including law schools graduating attorneys employed by White and Case and

O'Butler, McConihie and Schaefer. Thus, Dobbs textbook the Law of Torts must be

accepted as a legal authority. Applicable to this situation in which the attorneys

conspired with the judge to have the plaintiff jailed to deter her presentation in court,

Dobbs textbook establishes

"Citizens and officers who procure the institution of a prosecution, civil suit, or
even misuse a process within the suit may be held liable if they have done so wrongfully.
Attorneys fall under the same rule. They are not liable vicariously for the acts of their
clients, but for their own decisions ...when the known facts show that there is no
probable cause to do so, and for their own abuse of process, they enjoy no more
immunity than others and are subject to liability." Dobbs, p1214."False imprisonment is
a direct interference with the person and thus a trespassory tort...not merely to redress
physical or pecuniary harms...redresses a dignatory or intangible interest, a species of
emotional distress or insult that one feels at a loss of freedom and subjugation to the will
of another. False imprisonment is thus as much part of the universe of emotional harm as
it is part of the universe of potential violence" (Dobbs, p75) "When the trespassory tort
(false restraint) causes no physical harm, the traditional tort rule is that the plaintiff can
nevertheless recover substantial as distinct from nominal damages...The invasion of the
plaintiff's rights is regarded as a harm in itself and subject to an award of damages...if
the plaintiff suffers emotional distress as a result of any of these torts, even without
physical harm, she is entitled to recover for that emotional distress as a separate element
of damages." (Dobbs, p79) The Law of Torts, by Dan Dobbs, West Law, 2001

For the reasons above, not only can the court not dismiss the case, but it must

award summary judgment to plaintiff. The undisputed amount calculates to $5 million,

Seven hundred and twenty thousand ($5,720,000). (See attached proposed order)

All of the arguments discussed in plaintiff's reply to Mr. Schaefers motion also apply.

All the presentations in this document are true under penalty of perjury under the laws of

the United States. Executed on 8/22/06.Kay Sieverding, 641 Basswood Ave., Verona, WI

53503 608 848 5721

Service by ECF

IN THE UNITED STATES COURT DISTRICT OF COLUMBIA

Sieverding v. ABA                              05-02122 (RMU)

Because the 05-02122 complaint described torts accomplished thru illegal conspiracy and the defendants did not respond to plaintiff's motion for summary judgment or supply evidence to dispute the claims, or the amount of plaintiffs' claims and the joint and several nature of it, judgment is hereby awarded to plaintiffs in the amount of $5.72 million.


DATE:_____              _____

                                          Ricardo M. Urbina,

                                          U.S. District Court Judge

Copies to the ABA, White and Case, and O'Brien, Butler McConihie and Schaefer.

28