UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAY SIEVERDING *et al.*,          :
                                  :
            Plaintiffs,           :   Civil Action No.:   05-2122 (RMU)
                                  :
      v.                          :   Document No.:      30
                                  :
AMERICAN BAR ASSOCIATION *et al.*,:
                                  :
            Defendants.           :

# MEMORANDUM ORDER

### DENYING THE PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiffs' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] The plaintiffs ask the court to vacate its July 20, 2006 order dismissing the complaint *sua sponte*. The plaintiffs argue that the court erroneously ruled that their claims were barred by res judicata. Because the plaintiffs' claims are, in fact, barred by res judicata and because the plaintiffs do not meet any of the Rule 60(b) factors, the court denies the plaintiffs' motion for relief from judgment.

---

[1] Because the plaintiffs do not cite a relevant legal standard in their motion for "reconsideration," the court must determine, as a preliminary manner, whether to analyze the motion under Federal Rule of Civil Procedure 59(e) or 60(b). A motion filed within ten days of the entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e), and a motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Rule 60(b). *McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 179 n.1 (D.D.C. 2005). The court entered its order dismissing the plaintiffs' case on July 17, 2006, and the plaintiffs moved for reconsideration on August 1, 2006. Excluding holidays and weekends per Federal Rule of Civil Procedure 6(a), the plaintiffs' motion for reconsideration was filed eleven days after the court entered its order. Although Rule 6(e) grants litigants an extra three days to account for service by mail, FED. R. CIV. P. 6(e), Rule 6(e)'s three-day extension of time does not apply to Rule 59(e) motions *Albright v. Virtue*, 273 F.3d 564, 570-71 (3d Cir. 2001) (concluding that the time for filing a motion for reconsideration under Rule 59(e) cannot be enlarged by Rule 6(e)). Because the plaintiffs filed their motion eleven days after the court's entry of judgment and because Rule 6(e)'s three-day extension of time is inapplicable in the present context, the court analyzes the motion under Rule 60(b).

## II.  BACKGROUND

### A.  Factual Background

This case grows out of a heated property dispute between neighbors in Steamboat, Colorado.  *Sieverding v. Am. Bar Ass'n et al.*, Civil Action No. 05-1283, slip op. at 2 (D.D.C. July 17, 2006).  In 1992, the Bennett family erected a fence around their property that claimed part of a road adjacent to the plaintiffs' home.  *Id.*  The plaintiffs objected to what they perceived as zoning violations and tensions between the families escalated, culminating in the issuance of a restraining order against Kay Sieverding.  *Id.*

The plaintiffs have brought suits challenging the restraining order in at least two state court actions and numerous federal court actions.  *Id.* at 3.  In their suit in the United States District Court for the District of Colorado before Magistrate Judge Schlatter, the plaintiffs brought suit against all the defendants party to this case.  *Id.*  After a painstakingly thorough review of the plaintiffs' "verbose, prolix, and impossible to understand" complaint,[2] Magistrate Judge Schlatter recommended that the court sanction the plaintiffs, dismiss the case with prejudice, and enjoin the plaintiffs from further litigating issues based on the transactions or series of transactions underlying the case, unless represented by counsel.  *Id.*  Judge Nottingham of the district court adopted Magistrate Schlatter's recommendations in full.  *Id.*  The Tenth Circuit Court of Appeals affirmed the district court's order.  *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at * 1 (10th Cir. Apr. 22, 2005) (unpublished opinion).

Ignoring Judge Nottingham's injunction and the Tenth Circuit's decision affirming the injunction, the plaintiffs have filed suits in numerous courts across the nation, in some cases

---

[2]  The Tenth Circuit characterized Magistrate Judge Schlatter's efforts as "Herculean." *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748, at * 1 (10th Cir. Apr. 22, 2005) (unpublished opinion).

filing multiple suits in the same court.³  Def. White & Case's Mot. to Dismiss at 3.  On September 2, 2005, Judge Nottingham held plaintiff Kay Sieverding in contempt of his order enjoining further litigation without assistance of counsel and remanded her to the custody of the U.S. Marshall.  *Id.* at 4.  During her incarceration for contempt of court, the plaintiffs filed the instant suit alleging that the defendants engaged in a conspiracy to jail plaintiff Kay Sieverding.

### B.  Procedural Background

On June 27, 2005, the plaintiffs brought an independent action in this court to set aside the Routt County Court and district court of Colorado judgments on the basis of fraud.  *Sieverding*, Civil Action No. 05-1283, slip op. at 1 n.1.  This court dismissed that complaint on July 17, 2006, concluding that the Tenth Circuit's ruling had a res judicata effect.  In their current complaint, the plaintiffs allege that the defendants conspired with Judge Nottingham in Colorado.  Compl. at 1.  Because this court's decision in Civil Action No. 05-1283 has a res judicata effect, the court *sua sponte* dismissed the plaintiffs' complaint on July 20, 2006.  The plaintiffs now move for reconsideration of the court's dismissal, arguing that the current complaint is not related to the complaint in Civil Action No. 05-1283.

---

³ For example, the plaintiffs filed three suits in this court: Civil Action No. 05-1283, Civil Action No. 05-1672, and the instant suit.

### III.  ANALYSIS

#### A.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b).  FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b).  Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence.  FED. R. CIV. P. 60(b).  Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party.  *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957).  Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel."  *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted).  Fourth, the court may grant relief where the judgment is "void."  FED. R. CIV. P. 60(b).  A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law.  *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999).  Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application."  FED. R. CIV. P. 60(b); *Twelve John Does v.*

*District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

    A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B. The Court Denies the Plaintiffs' Motion for Relief from Judgment

    On July 20, 2006, the court dismissed the plaintiffs' claims in the instant case, reasoning that the claims were barred by res judicata because they arose from the same set of events as alleged in Civil Action No. 05-1283. Mem. Op. at 2. The plaintiffs' three complaints in this court charge, pursuant to different legal theories, that officers of the Routt County Court and the District Court of Colorado conspired to deprive them of their civil rights in connection with their property dispute with the Bennetts. The plaintiffs argue that the court's judgment is based on a mistaken interpretation of the facts because "none of the related lawsuits had claims for jailing." Pl.'s Mot. for Recons. at 1.

    The complaint in the instant action alleges that the defendants conspired with Judge Nottingham to force the plaintiffs to "surrender their property rights." Compl. at 1. The

complaint also alleges that the defendants have engaged in "wrongful imprisonment" *Id.* at 23. The complaint in Civil Action No. 05-1283 alleges that the defendants conspired with the U.S. District Court in Colorado, that they have engaged in "malicious prosecution," and that they have attempted to have the plaintiffs jailed for contempt. Am. Compl. (Civ. Action. No. 05-2122) at 6, 36. In other words, after the plaintiffs filed Civil Action No. 05-1283, alleging that the defendants were attempting to have the plaintiffs jailed for contempt, Judge Nottingham held plaintiff Kay Sieverding in contempt and remanded her to custody. The plaintiffs then filed the instant action.

The court's decision to dismiss Civil Action No. 05-1283 has a res judicata effect on this action because res judicata "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983). In Civil Action No. 05-1283, this court dismissed the plaintiffs' challenge to the validity of Judge Nottingham's order enjoining the plaintiffs from filing further *pro se* lawsuits. This court's dismissal of Civil Action No. 05-1283 has a res judicata effect on the instant suit because this suit also challenges Judge Nottingham's ability to impose his March 19, 2004 order in the first place. Compl. at 4 (stating that "the right to sue is sacred"). Further, Judge Nottingham's decision to hold plaintiff Kay Sieverding in contempt of his order is nothing more than an exercise of his power to enforce compliance with the order challenged by the plaintiffs. *Spallone v. United States*, 493 U.S. 265, 276 (1990). Because the instant complaint, like the complaint in Civil Action 05-1283, is essentially a challenge to Judge Nottingham's March 19, 2004 order enjoining the plaintiffs from filing further *pro se* lawsuits, the court's dismissal of Civil Action No. 05-1283 precludes the present lawsuit.

Assuming *arguendo* that the court's decision in Civil Action 05-1283 does not have a preclusive effect on this case because it asserts new claims, the court would nevertheless dismiss the suit because plaintiff Kay Sieverding has already litigated her "claims for jailing" before Judge Nottingham. On October 5, 2005, plaintiff Kay Sieverding filed a motion in the Colorado action alleging obstruction of justice, conspiracy, intimidation, and threats with respect to the contempt proceedings. *See* Kay Sieverding's Mot. for Special Prosecutor, Civil Action 05-1950 (Docket No. 609). Judge Nottingham denied the motion on October 18, 2005. Thus, plaintiff Kay Sieverding chose to challenge Judge Nottingham's decision to hold her in contempt and lost. She may not have a second bite at the juridical apple by filing a complaint based on the same events in this court. *Rumber v. Dist. of Columbia*, 2005 WL 1903727, at *4 (D.D.C. July 19, 2005) (stating that once plaintiffs have taken "a first bite at the juridical apple," they "cannot take a second bite simply because they do not like the result of their first"). Because the plaintiffs' complaint in the instant case is barred by res judicata, the court declines to grant the plaintiffs relief from judgment.

      Accordingly, it is this 21st day of December, 2006,

**ORDERED** that the plaintiffs' motion for relief from judgment is **DENIED**; and it is

**FURTHER ORDERED** that the plaintiffs are enjoined from filing any further lawsuits in this court that relate to any of the series of events that occurred in Steamboat Springs, or that form the basis and backdrop for the three cases filed in this court, unless the plaintiffs are represented by counsel.[4]

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[4] Over the past years, the Sieverding family has sought resolution of its perceived grievances through the judiciary. And, the judiciary has addressed all of the claims raised by the plaintiffs and uniformly concluded that the claims are without legal merit. Remarkably, each legal defeat propagates successive lawsuits equally devoid of merit. These lawsuits are nothing more than an "incredibly long walk down a short legal pier." *Bradshaw v. Unity Marine Corp., Inc.*, 147 F. Supp. 2d 668, 672 (S.D. Tex. 2001).

For its part, this court's involvement in these frivolous cases is finished. Echoing the sentiments expressed by the federal courts in the Tenth Circuit, the court cautions the plaintiffs that this court is not without the same remedies so deftly employed by Judge Nottingham. To be explicit, before filing papers that violate this court's order, the plaintiffs should note that the court has the power to arrange one-way flight accommodations to the D.C. Jail, courtesy of the U.S. Marshal Service. Perhaps the specter of such unpleasantness will deter the plaintiff from engaging in any further meritless vitilitigation.