IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>)<br>v. )<br>)<br>AMERICAN BAR ASSOCIATION, et al. )<br>)<br>*Defendants*. )<br>) | Case No. 1:05CV02122<br>(RMU) |

## THE ABA AND WHITE & CASE'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE INJUNCTION CONTAINED IN THIS COURT'S DECEMBER 21, 2006 ORDER

Defendants the American Bar Association ("ABA") and White & Case LLP ("White & Case") respectfully urge this Court to deny Plaintiffs' "Motion for Reconsideration of sua sponte injunction attached to other order" ("Motion").[1] Because Plaintiffs' pattern of litigation in this and their other cases before this Court has continued to be frivolous, repetitious and meritless, Plaintiff's actions are precisely those against which such an injunction should be entered.

### ARGUMENT

In the Court's December 21, 2006 Memorandum Order (docket entry no. 36), this Court denied Plaintiffs' motion for relief from judgment and enjoined them from filing "any further lawsuits in this court that relate to any of the series of events that occurred in Steamboat Springs,

---

[1] Plaintiffs served Defendants the instant Motion by electronic mail on January 9, 2007. Although Plaintiffs' Motion is captioned under all three of their cases before this Court (i.e., 05CV2122, 05CV1672, 05CV1283), Defendants address the Motion under 05CV2122, since 05CV2122 is the case in which the Order at issue was entered. To the extent necessary, Defendants incorporate by reference the arguments herein to Plaintiffs' other cases.

or that form the basis and backdrop for the three cases filed in this court, unless the plaintiffs are represented by counsel." (Memorandum Order dated December 21, 2006, at 8) In their present Motion, Plaintiffs assert that the Court's Order was improper, in that the Court "did not issue an order to show cause" (Motion at 2). Plaintiffs also assert that the defendants must file a motion requesting an injunction before one can be entered. *Id.* These assertions are meritless.

Federal courts are authorized under 28 U.S.C. § 1651(a) to sua sponte enjoin a party from filing further papers in support of frivolous claims.[2] *See, e.g., Hill v. Estelle*, 423 F. Supp. 690 (S.D. Tex. 1976) (court sua sponte enjoined prisoners from relitigating previous actions) and *Hanson v. Goodwin*, 432 F. Supp. 853 (W.D. Wash. 1977) (court issued a sua sponte injunction enjoining pro se plaintiffs from filing further lawsuits against federal judges, attorneys, and law enforcement officers). In *Hanson,* the court described its reasoning for the sua sponte injunction:

> The plaintiffs repeatedly raise issues which are barred by res judicata, ignoring the appeal process. Their original complaints were given full and complete consideration by the court. They have had their claims considered over and over. Their pattern of behavior displays a propensity approaching compulsion to file lawsuits against judges, federal officers, and others whose proper actions produce results disliked by the plaintiffs. They should be enjoined from future attempts to relitigate the same or similar issues.

*Hanson*, 432 F. Supp. at 858.

In *Raffe v. John Doe*, 619 F. Supp. 891, 898 (S.D.N.Y. 1985), the court responded to the defendant's request for a permanent injunction enjoining further litigation by stating, "It is well-settled that a federal court has the power to issue such relief; indeed, a court has an obligation to do so when necessary to protect the public and the efficient administration of justice from vexatious litigants." The *Raffe* court further noted that "the traditional standards for injunctive relief, i.e., irreparable injury and inadequate remedy at law, do not apply to the issuance of an

---

[2] 28 U.S.C. § 1651(a) states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

injunction against a vexatious litigant." *Raffe*, 619 F. Supp. at 898 (*quoting In re Martin-Trigona*, 737 F.2d 1254, 1262 (2nd Cir. 1984)). In such cases, the court may look to the history of vexatious litigation entailing an unnecessary burden on the courts and their supporting personnel. *Id.*

The recent series of motions filed by Plaintiffs in their three lawsuits before this Court, including multiple motions for reconsideration, indicate that Plaintiffs are unlikely to cease what this Court has termed "meritless vitilitigation." (Memorandum Order dated December 21, 2006, at 8 n.4.) The ABA and White & Case therefore assert that the Court's sua sponte injunction is essential for the prevention of needless further burden on the Court and expense to the Defendants, and should be continued in full force and effect.

## CONCLUSION

For the foregoing reasons, the ABA and White & Case request that "Plaintiffs' motion for reconsideration of sua sponte injunction attached to other order" be denied as to the ABA and White & Case.

Dated: Washington, D.C.
       January 19, 2007

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendants*
*American Bar Association and White & Case LLP*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on January 19, 2007 I electronically filed the foregoing The ABA and White & Case's Opposition to Plaintiffs' Motion for Reconsideration of the Injunction contained in this Court's December 21, 2006 Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendant O'Brien, Butler, McConihe & Schaefer, PLLC.

      I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
c/o David Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

                                                                    Zachary King