IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY SIEVERDING, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:05CV02122 |
| ) | (RMU) |
| v. ) | |
| ) | |
| AMERICAN BAR ASSOCIATION, et al. ) | |
| ) | |
| *Defendants*. ) | |

### THE ABA AND WHITE & CASE'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S DECEMBER 21, 2006 ORDER DISMISSING PLAINTIFFS' FIRST MOTION FOR RECONSIDERATION

Defendants the American Bar Association ("ABA") and White & Case LLP ("White & Case") oppose Plaintiffs' Motion for Reconsideration of this Court's December 21, 2006 Order ("Motion")[1] dismissing Plaintiff's first Motion for Reconsideration (docket entry no. 36), and respectfully request this Court to deny Plaintiffs' Motion. In their Motion, Plaintiffs simply repeat allegations from their first Motion for Reconsideration without presenting anything of a material or controlling nature that would change the outcome of the Court's December 21, 2006 Order ("12/21/06 Order"). In a well-reasoned decision, this Court denied the Plaintiffs' first Motion for Reconsideration "[b]ecause the plaintiffs' claims are, in fact, barred by res judicata and because the plaintiffs do not meet any of the Rule 60(b) factors . . . ." 12/21/06 Order at 1. Nothing in Plaintiffs' Motion supports reconsideration of this Court's prior decision.

---

[1] Plaintiffs served Defendants the instant Motion by electronic mail on January 9, 2007.

## ARGUMENT

In their Motion, Plaintiffs basically assert that the Court misapplied res judicata in this case, therefore warranting reconsideration of this Court's 12/21/06 Order. *See* Plaintiff's Motion at 10. Under *Canady v. Erbe Elektromedizin Gmbh*, 99 F. Supp. 2d 37 (D.D.C. 2000), Plaintiffs must meet the following requirements in order to obtain relief under Federal Rule of Civil Procedure 60(b): "(1) The evidence must have been in existence at the time of trial . . . (2) The evidence must be such that it was not and could not by the exercise of due diligence have been discovered in time to present it in the original proceeding; (3) It must not be merely cumulative or impeaching; (4) The evidence must be admissible and credible, and of such a material and controlling nature as will probably change the outcome." *Id.* at 44. In neither the present Motion nor prior motion does Plaintiffs' alleged evidence meet the requirements set forth in *Canady*.

Furthermore, motions for reconsideration "are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted); *compare, McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1415 (D.D.C. 1985) (noting that the court' reaction to the filing of a second motion for reconsideration was one of "disbelief"). Plaintiffs have already presented the arguments contained in their instant Motion in their First Motion for Reconsideration. The ABA and White & Case therefore respectfully request that this Court, in again weighing the value of Plaintiffs' arguments, conclude that Plaintiffs' second Motion for Reconsideration must be denied because nothing in that Motion should alter the Court's conclusion that Plaintiffs' complaint is barred by res judicata. As the Court notes, Plaintiffs "may not have a second bite at the juridical apple by filing a complaint based on the same events in this court." 12/21/06 Order at 7.

## CONCLUSION

For the foregoing reasons, the ABA and White & Case request that Plaintiffs' Motion for Reconsideration of 12/21/06 Order of Dismissal (doc 36) be denied as to the ABA and White & Case.

Dated: Washington, D.C.
January 19, 2007

Respectfully submitted,

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

By: _____
Carolyn B. Lamm (D.C. Bar No. 221325)
Frank Panopoulos (D.C. Bar No. 459365)
**WHITE & CASE** LLP
701 13th St., N.W.
Washington, D.C. 20005
(202) 626-3600

*Attorneys for Defendants*
*American Bar Association and White & Case LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007 I electronically filed the foregoing The ABA and White & Case's Opposition to Plaintiffs' Motion for Reconsideration of this Court's December 21, 2006 Order Dismissing Plaintiffs' First Motion for Reconsideration with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jerome C. Schaefer, Esq.
O'BRIAN, BUTLER, MCCONIHE & SCHAEFER, PLLC
888 17th Street, NW
Washington, D.C. 20006-3939
jschaefer@obmslaw.com

Attorney for Defendant O'Brien, Butler, McConihe & Schaefer, PLLC.

I hereby certify that I have served the foregoing to the following non CM/ECF participants by Federal Express:

Kay Sieverding
c/o David Sieverding
641 Basswood Avenue
Verona, Wisconsin 53593
Plaintiffs PRO SE

_____
Zachary King